**BEUS GILBERT** PLLC
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008-6504
TELEPHONE (480) 429-3000

Leo R. Beus (*Pro Hac Vice pending*)
lbeus@beusgilbert.com
L. Richard Williams (*Pro Hac Vice pending*)
rwilliams@beusgilbert.com
Lee M. Andelin (Utah Bar No. 10830)
landelin@beusgilbert.com
Abigail M. Terhune (*Pro Hac Vice pending*)
aterhune@beusgilbert.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ClearPlay Inc., | Case No.: |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| Dish Network LLC, Dish Network Corp., EchoStar Corp., and EchoStar Technologies L.L.C., | |
| Defendants, | |

Plaintiff ClearPlay, Inc. ("ClearPlay"), for its Complaint for Patent Infringement against Defendants Dish Network LLC, Dish Network Corp., EchoStar Corp., and EchoStar Technologies LLC (collectively, "Defendants"), alleges as follows:

## I. STATEMENT OF THE CASE

1. In 2012, Dish Network introduced its Autohop technology, which allows consumers to activate a filter that will skip commercials during playback of certain television programs. EchoStar manufactures set-top digital video recorder boxes called Hoppers, which are distributed to Dish Network subscribers. These Hoppers contain the Autohop feature.

2. Since Dish Network introduced the Autohop feature, the Hopper DVR with Autohop has been a central focus of Dish Network's marketing efforts and ads. For example, www.dish.com touts the ability to "instantly skip commercials" and, under the Hopper features, states:

> Watch Commercial-Free TV
>
> Hate commercials? DISH created commercial-free TV so you can save an hour each night*! Now you can instantly skip commercials in recorded primetime TV.
>
> *Feature must be enabled by customer and is subject to availability. Only available with playback of select shows.*

3. Dish Network's Hopper DVR with Autohop infringes on ClearPlay's patents. Accordingly, ClearPlay is entitled to an injunction and damages for infringement.

## II. PARTIES, JURISDICTION, AND VENUE

4. Plaintiff ClearPlay is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Utah.

5. Defendant Dish Network LLC ("Dish Network") is a limited liability company organized and existing under the laws of the State of Colorado with its principal place of business in Colorado.

2

6.   Defendant Dish Network Corp. ("Dish Corp.") is a corporation incorporated under the laws of Nevada with its principal place of business in Colorado. On information and belief, Dish Network is a wholly-owned subsidiary of Dish Corp.

7.   Defendant EchoStar Technologies LLC (collectively with EchoStar Corp., the "EchoStar Defendants") is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Colorado.

8.   Defendant EchoStar Corp. is a corporation incorporated under the laws of Nevada with its principal place of business in Colorado. On information and belief, EchoStar Technologies LLC is a wholly-owned subsidiary of EchoStar Corp.

9.   This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

10.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1338(a).

11.   Defendants are subject to personal jurisdiction in the District of Utah, consistent with the principles of due process and the Utah long-arm statute, because Defendants offer their products for sale in this District, have transacted business in this District, have committed and/or induced acts of patent infringement in this District, and/or induced acts of patent infringement in this District, and/or have placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

12.   Dish Network LLC is registered to do business in the State of Utah.

13. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b), 1391(c), 1391(d), and 1400(b).

## III. FACTUAL BACKGROUND

### A. ClearPlay's Technology.

14. ClearPlay offers products which allow users to filter out certain content that users deem undesirable.

15. ClearPlay is the owner of all right, title, and interest in U.S. Patent No. 6,898,799 (the "'799 Patent"), U.S. Patent No. 7,526,784 (the "'784 Patent"), U.S. Patent No. 7,543,318 (the "'318 Patent"), U.S. Patent No. 7,577,970 (the "'970 Patent"), and U.S. Patent No. 8,117,282 (the "'282 Patent") (collectively, the "ClearPlay Patents").

16. In September 2012, the '784 Patent and the '318 Patent were both challenged by CustomPlay LLC (a subsidiary of Nissim Corp.) in an *inter partes* reexamination proceeding. The U.S. Patent and Trademark Office ("PTO") examiner rejected both reexamination requests, finding that "there is no reasonable likelihood that the Requester will prevail with respect to at least one claim of the" patents.

17. In August 2013, CustomPlay LLC filed a petition for *inter partes* review of the '790 Patent. The Patent Trial and Appeal Board of the PTO rejected the *inter partes* review with respect to claims 1-15, 17-26, 29, 35-39, and 41-43 of the '790 Patent. Claims 16, 27, 28, 30-34, and 40 of the '970 Patent are still under review.

### B. Dish Had Actual Knowledge of ClearPlay's Patents.

18. In 2004, ClearPlay became involved in patent infringement litigation with Nissim Corp. To handle that litigation, ClearPlay retained Dorsey Whitney LLP, including then-partner John T. Kennedy.

19. According to his biography on the Dorsey Whitney website, Mr. Kennedy acted as "Lead patent counsel for defendant [ClearPlay] in litigation regarding DVD content filtering" in the *Nissim v. ClearPlay* litigation. Because he was defending ClearPlay against accusations that it was infringing Nissim's patents, Mr. Kennedy had to be thoroughly familiar with ClearPlay's technology.

20. Dorsey Whitney also represented ClearPlay in prosecuting the ClearPlay Patents starting in approximately late 2004 through 2010.

21. In 2005, then-ClearPlay CEO Bill Aho communicated with EchoStar's Chief Technology Officer, Nolan Daines. Mr. Aho told Mr. Daines about ClearPlay's technology and offered him a demonstration of the technology. ClearPlay also sent Mr. Daines a ClearPlay DVD Player.

22. In 2006, Mr. Kennedy left Dorsey Whitney and joined EchoStar Technologies LLC as the Vice President of Intellectual Property and Dish Network as the Vice President of Intellectual Property and Associate General Counsel. He remained at EchoStar and Dish Network through March 2011.

23. In November 2007, Dish Network filed a patent application titled "Methods and Apparatus for Generating Metadata Utilized to Filter Content From a Video Stream Using Text Data." On March 13, 2012, that application issued as U.S. Patent No. 8,136,140.

24. In February 2013, ClearPlay CEO Matt Jarman communicated with Rex Povenmire, the then-Vice President of Corporate Initiatives for Dish Network. At that time, he shared the ClearPlay Patents with Mr. Povenmire, along with some information about ClearPlay and research about the market demand for skipping objectionable content.

### C.  Defendants Are Infringing The ClearPlay Patents.

25. Defendants are infringing and/or inducing others to infringe the ClearPlay Patents by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products or processes that practice one or more inventions claimed in the ClearPlay Patents.

26. Defendants have profited through infringement of and/or through inducing others to infringe the ClearPlay Patents. As a result of Defendants' unlawful infringement of the ClearPlay Patents, ClearPlay has suffered and will continue to suffer damage. ClearPlay is entitled to recover from Defendants the damages suffered by ClearPlay as a result of Defendants' unlawful acts.

27. Defendants' infringement of one or more of the ClearPlay Patents is willful and deliberate, entitling ClearPlay to enhanced damages and reasonable attorney fees and costs.

28. Defendants intend to continue their unlawful infringing activity, and ClearPlay continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activity unless Defendants are enjoined by this Court.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 7,526,784

29. ClearPlay realleges and incorporates by reference the allegations set forth herein.

30. On April 28, 2009, United States Letters Patent No. 7,526,784 was issued to the Plaintiff for an invention titled "Delivery of navigation data for playback of audio and video content." The Plaintiff owned the patent throughout the period of the Defendants' infringing acts and still owns the patent. A copy of the '784 Patent is attached hereto as Exhibit A.

31. Defendants have been and are directly infringing the '784 Patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by claims in the '784 Patent, including, by way of example and not limitation, the Hopper DVR featuring the Autohop technology.

32. Therefore, the Plaintiff demands: (a) an injunction against the continuing infringement; (b) an accounting for damages; and (c) interest and costs.

33. Defendants have been and are willfully infringing the '784 Patent. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,543,318

34. ClearPlay realleges and incorporates by reference the allegations set forth herein.

35. On June 2, 2009, United States Letters Patent No. 7,543,318 was issued to the Plaintiff for an invention titled "Delivery of navigation data for playback of audio and video content." The Plaintiff owned the patent throughout the period of the Defendants' infringing acts and still owns the patent. A copy of the '318 Patent is attached hereto as Exhibit B.

36. Defendants have been and are directly infringing the '318 Patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by claims in the '318 Patent, including, by way of example and not limitation, the Hopper DVR featuring the Autohop technology.

37. Therefore, the Plaintiff demands: (a) an injunction against the continuing infringement; (b) an accounting for damages; and (c) interest and costs.

38. Defendants have been and are willfully infringing the '318 Patents. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 6,898,799

39. ClearPlay realleges and incorporates by reference the allegations set forth herein.

40. On May 24, 2005, United States Letters Patent No. 6,898,799 was issued to the Plaintiff for an invention titled "Multimedia content navigation and playback." The Plaintiff owned the patent throughout the period of the Defendants' infringing acts and still owns the patent. A copy of the '799 Patent is attached hereto as Exhibit C.

BGD-#175643-v4-Complaint_for_Patent_Infringement.DOCX

41. Defendants have been and are infringing the '799 Patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by claims of the '799 Patent, including, by way of example and not limitation, the Hopper DVR featuring Autohop technology.

42. Therefore, the Plaintiff demands: (a) an injunction against the continuing infringement; (b) an accounting for damages; and (c) interest and costs.

43. Defendants have been and are willfully infringing the '799 Patent. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,577,970

44. ClearPlay realleges and incorporates by reference the allegations set forth herein.

45. On August 18, 2009, United States Letters Patent No. 7,577,970 was issued to the Plaintiff for an invention titled "Delivery of navigation data for playback of audio and video content." The Plaintiff owned the patent throughout the period of the Defendants' infringing acts and still owns the patent. A copy of the '970 Patent is attached hereto as Exhibit D.

46. Defendants have been and are infringing the '970 Patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by claims of the '970 Patent,

including, by way of example and not limitation, the Hopper DVR featuring Autohop technology.

47. Therefore, the Plaintiff demands: (a) an injunction against the continuing infringement; (b) an accounting for damages; and (c) interest and costs.

48. Defendants have been and are willfully infringing the '970 Patent. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,117,282

49. ClearPlay realleges and incorporates by reference the allegations set forth herein.

50. On February 14, 2012, United States Letters Patent No. 8,117,282 was issued to the Plaintiff for an invention titled "Media player configured to receive playback filters from alternative storage mediums." The Plaintiff owned the patent throughout the period of the Defendants' infringing acts and still owns the patent. A copy of the '282 Patent is attached hereto as Exhibit E.

51. Defendants have been and are infringing the '282 Patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by claims of the '282 Patent, including, by way of example and not limitation, the Hopper DVR featuring Autohop technology.

52. Therefore, the Plaintiff demands: (a) a and final injunction against the continuing infringement; (b) an accounting for damages; and (c) interest and costs.

BGD-#175643-v4-Complaint_for_Patent_Infringement.DOCX

53. Defendants have been and are willfully infringing the '282 Patent. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## COUNT VI

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,526,784

54. ClearPlay realleges and incorporates by reference the allegations set forth herein.

55. Defendants knew about the ClearPlay patents, including the '784 Patent..

56. The Defendants are inducing infringement of the '784 Patent by licensing, selling, or distributing infringing devices and services to Dish Network subscribers.

57. The EchoStar Defendants are inducing infringement of the '784 Patent by manufacturing Hopper set-top boxes featuring the Autohop technology. On information and belief, the EchoStar Defendants either license or sell these set-top boxes to consumers or license and sell them to the Dish Network Defendants with the intention that they license or sell them to consumers.

58. The Dish Network Defendants market their satellite television services to subscribers, and offer subscription packets that include the Hopper with Autohop. Dish Network markets its services to potential subscribers by highlighting the Autohop technology, which gives subscribers the ability to skip commercials. By using the Autohop technology, Dish Network subscribers infringe one or more claims in the '784 Patent.

59. Defendants intended the end-users of the set-top boxes to infringe the '784 Patent by activating the Autohop feature, and they knew the subscribers' actions constituted infringement.

60. Defendants benefited directly from the infringement by attracting and retaining subscribers and through increased demand for the Hopper with Autohop set-top boxes.

61. Therefore, the Plaintiff demands: (a) an injunction against the continuing infringement by Defendants and by the Dish Network subscribers; (b) an accounting for damages; and (c) interest and costs.

62. Defendants have been and are willfully inducing infringement of the '784 Patent. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## COUNT VII

### INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,543,318

63. ClearPlay realleges and incorporates by reference the allegations set forth herein.

64. Defendants knew about the ClearPlay patents, including the '318 Patent.

65. The Defendants are inducing infringement of the '318 Patent by licensing, selling, or distributing infringing devices and services to Dish Network subscribers.

66. The EchoStar Defendants are inducing infringement of the '318 Patent by manufacturing Hopper set-top boxes featuring the Autohop technology. On information and belief, the EchoStar Defendants either license or sell these set-top boxes to consumers or license and sell them to the Dish Network Defendants with the intention that they license or sell them to consumers.

67. The Dish Network Defendants market their satellite television services to subscribers, and offer subscription packets that include the Hopper with Autohop. Dish Network markets its services to potential subscribers by highlighting the Autohop

technology, which gives subscribers the ability to skip commercials. By using the Autohop technology, Dish Network subscribers infringe one or more claims in the '318 Patent.

68. Defendants intended the end-users of the set-top boxes to infringe the '318 Patent by activating the Autohop feature, and they knew the subscribers' actions constituted infringement.

69. Defendants benefited directly from the infringement by attracting and retaining subscribers and through increased demand for the Hopper with Autohop set-top boxes.

70. Therefore, the Plaintiff demands: (a) an injunction against the continuing infringement by Defendants and by the Dish Network subscribers; (b) an accounting for damages; and (c) interest and costs.

71. Defendants have been and are willfully inducing infringement of the '318 Patent. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## COUNT VIII

### INDIRECT INFRINGEMENT OF U.S. PATENT NO. 6,898,799

72. ClearPlay realleges and incorporates by reference the allegations set forth herein.

73. Defendants knew about the ClearPlay patents, including the '799 Patent.

74. The Defendants are inducing infringement of the '799 Patent by licensing, selling, or distributing infringing devices and services to Dish Network subscribers.

75. The EchoStar Defendants are inducing infringement of the '799 Patent by manufacturing Hopper set-top boxes featuring the Autohop technology. On information and belief, the EchoStar Defendants either license or sell these set-top boxes to consumers or

license and sell them to the Dish Network Defendants with the intention that they license or sell them to consumers.

76. The Dish Network Defendants market their satellite television services to subscribers, and offer subscription packets that include the Hopper with Autohop. Dish Network markets its services to potential subscribers by highlighting the Autohop technology, which gives subscribers the ability to skip commercials. By using the Autohop technology, Dish Network subscribers infringe one or more claims in the '799 Patent.

77. Defendants intended the end-users of the set-top boxes to infringe the '799 Patent by activating the Autohop feature, and they knew the subscribers' actions constituted infringement.

78. Defendants benefited directly from the infringement by attracting and retaining subscribers and through increased demand for the Hopper with Autohop set-top boxes.

79. Therefore, the Plaintiff demands: (a) an injunction against the continuing infringement by Defendants and by the Dish Network subscribers; (b) an accounting for damages; and (c) interest and costs.

80. Defendants have been and/or are willfully inducing infringement of the '799 Patent. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## COUNT IX

### INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,577,970

81. ClearPlay realleges and incorporates by reference the allegations set forth herein.

82. Defendants knew about the ClearPlay patents, including the '970 Patent.

14

83. The Defendants are inducing infringement of the '970 Patent by licensing, selling, or distributing infringing devices and services to Dish Network subscribers.

84. The EchoStar Defendants are inducing infringement of the '970 Patent by manufacturing Hopper set-top boxes featuring the Autohop technology. On information and belief, the EchoStar Defendants either license or sell these set-top boxes to consumers or license and sell them to the Dish Network Defendants with the intention that they license or sell them to consumers.

85. The Dish Network Defendants market their satellite television services to subscribers, and offer subscription packets that include the Hopper with Autohop. Dish Network markets its services to potential subscribers by highlighting the Autohop technology, which gives subscribers the ability to skip commercials. By using the Autohop technology, Dish Network subscribers infringe one or more claims in the '970 Patent.

86. Defendants intended the end-users of the set-top boxes to infringe the '970 Patent by activating the Autohop feature, and they knew the subscribers' actions constituted infringement.

87. Defendants benefited directly from the infringement by attracting and retaining subscribers and through increased demand for the Hopper with Autohop set-top boxes.

88. Therefore, the Plaintiff demands: (a) an injunction against the continuing infringement by Defendants and by the Dish Network subscribers; (b) an accounting for damages; and (c) interest and costs.

89. Defendants have been and/or are willfully inducing infringement of the '970 Patent. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## COUNT X

## **INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,117,282**

90. ClearPlay realleges and incorporates by reference the allegations set forth herein.

91. Defendants knew about the ClearPlay patents, including the '282 Patent.

92. The Defendants are inducing infringement of the '282 Patent by licensing, selling, or distributing infringing devices and services to Dish Network subscribers.

93. The EchoStar Defendants are inducing infringement of the '282 Patent by manufacturing Hopper set-top boxes featuring the Autohop technology. On information and belief, the EchoStar Defendants either license or sell these set-top boxes to consumers or license and sell them to the Dish Network Defendants with the intention that they license or sell them to consumers.

94. The Dish Network Defendants market their satellite television services to subscribers, and offer subscription packets that include the Hopper with Autohop. Dish Network markets its services to potential subscribers by highlighting the Autohop technology, which gives subscribers the ability to skip commercials. By using the Autohop technology, Dish Network subscribers infringe one or more claims in the '282 Patent.

95. Defendants intended the end-users of the set-top boxes to infringe the '282 Patent by activating the Autohop feature, and they knew the subscribers' actions constituted infringement.

96. Defendants benefited directly from the infringement by attracting and retaining subscribers and through increased demand for the Hopper with Autohop set-top boxes.

97. Therefore, the Plaintiff demands: (a) an injunction against the continuing infringement by Defendants and by the Dish Network subscribers; (b) an accounting for damages; and (c) interest and costs.

98. Defendants have been and/or are willfully inducing infringement of the '282 Patent. Accordingly, Plaintiffs are entitled to attorney fees pursuant to 35 U.S.C. § 285.

## IV. **DEMAND FOR JURY TRIAL**

99. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ClearPlay requests a trial by jury of all issues properly triable by jury.

## V. **PRAYER FOR RELIEF**

WHEREFORE, ClearPlay prays for relief as follows:

A. For a judgment declaring that Defendants have infringed each of the ClearPlay Patents;

B. For a judgment awarding ClearPlay compensatory damages as a result of Defendants' infringement of the ClearPlay Patents, together with interest and costs, and in no event less than a reasonable royalty;

C. For a judgment declaring that Defendants' infringement of ClearPlay Patents has been willful and deliberate;

D. For a judgment awarding ClearPlay treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the ClearPlay Patents;

17

E.  For a judgment finding that this case is exceptional and awarding ClearPlay its expenses, costs, and attorneys fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

F.  For a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement; and

G.  For such other and further relief as the Court deems just and proper.

DATED this 13th day of March 2014.

**BEUS GILBERT PLLC**

By _____
Leo R. Beus
L. Richard Williams
Lee M. Andelin
Abigail M. Terhune
701 North 44th Street
Phoenix, AZ  85008-6504
Attorneys for Plaintiff

18