Brent O. Hatch (5715)
  bhatch@hjdlaw.com
Shaunda McNeill (14468)
  smcneill@hjdlaw.com
Hatch, James & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

I. Neel Chatterjee (*pro hac vice*)
  nchatterlee@orrick.com
Alyssa Caridis (*pro hac vice*)
  acaridis@orrick.com
Frances Cheever (*pro hac vice*)
  fcheever@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025

ALEX V. CHACHKES (*pro hac vice*)
  achachkes@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10011

Attorneys for Defendants

DISH NETWORK L.L.C, DISH NETWORK CORP.,
ECHOSTAR CORP., AND ECHOSTAR TECHNOLOGIES L.L.C.

**UNITED STATES DISTRICT COURT**
**District of Utah Central Division**

| | |
|---|---|
| CLEARPLAY, INC.,<br><br>                                    Plaintiff<br><br>vs.<br><br>DISH NETWORK LLC, DISH NETWORK CORP., ECHOSTAR CORP., and ECHOSTAR TECHNOLOGIES LLC.,<br><br>                                    Defendants. | **DEFENDANTS' MOTION FOR STAY PENDING INTER PARTES REVIEW**<br><br>Case No.:2:14-cv-00191<br><br>**Judge David Nuffer** |

Defendants DISH Network L.L.C., DISH Network Corp., EchoStar Corp., and EchoStar Technologies L.L.C. (all four, collectively, "Defendants") respectfully request that the Court stay this lawsuit pending resolution of the *inter partes* review (IPR) proceedings covering the patents-in-suit.

**INTRODUCTION**

Defendants seek a stay of this case pending a final decision on IPRs that cover four of the five patents in the case. Through the IPR process, the United States Patent and Trademark Office ("USPTO") seeks "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs" and "create a timely, cost-effective alternative to litigation." Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680, 48680 (Aug. 14, 2012). CustomPlay LLC, which is not a party to this litigation and has no affiliation with any parties to this litigation, has petitioned the USPTO to review all claims of U.S. Patent No. 7,526,784 ("'784 patent"), U.S. Patent No. 7,543,318 ("'318 patent"), U.S. Patent No. 7,577,970 ("'970 patent"), and U.S. Patent No. 8,117,282 ("'282 patent"). Thus far, review has been instituted for all claims of the '318 and '282 patents, for all but one claim of the '784 patent, and for a number of claims of the '970 patent. *See* Exhibit 1-4. A petition seeking review of the remaining claims of the '970 patent is pending. *See* Exhibit 5. Therefore, the IPR proceedings are likely to simplify or even eliminate many, if not most, issues before this Court. This case is still in the early stages. Discovery has just begun, and no trial date has been set. A stay will not unduly prejudice Plaintiff. Rather, a stay will narrow the issues and spare the parties and the Court the expenses that would otherwise be incurred litigating claims that may be amended or canceled during the IPR proceedings.

## OVERVIEW OF INSTITUTED IPRS OF PATENTS-IN-SUIT

For ease of reference, the following chart summarizes all of the patents asserted by ClearPlay in this case, and the IPRs that have been instituted by the Patent Office. ClearPlay has not yet served infringement contentions identifying the specific claims that it is asserting.

|  | Claims in Patent | Claims at issue in IPR | Date of IPR Institution |
| --- | --- | --- | --- |
| USPN 7,526,784 | 1-9 | 1- 2, 4-9 | July 23, 2014 |
| USPN 7,543,318 | 1-29 | All | July 31, 2014 |
| USPN 7,577,970 | 1-43 | 16, 27, 28, 30-34, and 40 | November 26, 2013 |
| USPN 8,117,282 | 1-25 | All | August 18, 2014 |
| USPN 6,988,799 | 1-28 | No petition filed | N/A |

Furthermore, although only some claims of the '970 Patent are currently involved in an IPR, the remaining claims are the subject of a pending petition for review. A decision on that petition is expected by November 21, 2014

## ARGUMENT

The Court has discretion to grant a motion to stay based on consideration of the following factors: "(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties." *Lifetime Products, Inc. v. Russell Brands*, LLC, 1:12-CV-26 DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013); *see also Destination Maternity Corp. v. Target Corp.*, CV 12-5680, 2014 WL 1202941, at *2 n.4 (E.D. Pa. Mar. 24, 2014) ("Although courts originally adopted this multi-factor test to analyze motions to stay pending *inter partes* reexamination, courts recognize that the same test applies to decisions whether to grant a motion to stay pending *inter partes* review."). "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination

2

proceedings." *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, 2:08CV879DAK, 2009 WL 2999036, at *2 (D. Utah Sept. 18, 2009). In this case, each of the three factors weighs in favor of a stay pending final resolution of the IPRs.

### A. A Stay Is Likely to Simplify or Eliminate the Issues Before the Court

Regardless of whether any claims survive IPR, the proceedings in front of the Patent Office have a high likelihood of simplifying or eliminating issues before this Court.

#### 1. A Stay Would Simplify Issues if Claims are Cancelled or Amended

The IPR proceedings have the potential to moot many of Plaintiff's claims. The Patent Trial and Appeal Board (PTAB) instituted review of these four patents because three administrative patent judges – with specialized technical and legal experience – found that the claims are <u>reasonably likely to be invalidated</u>. More than half of all claims of the patents-in-suit are currently subject to review, and one petition is still pending. Therefore, it is highly likely that many of the claims that would otherwise be asserted by ClearPlay in this case will be cancelled. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, CV 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) ("the stricter standard for instituting such review suggests a greater likelihood that the PTO will cancel at least some of the challenged claims"); *see also* Harness Dickey, <u>Report on Litigation Practice Before the United States Patent Office</u>, Vol. 7 (Sept. 16, 2014), http://ipr-pgr.com/wp-content/uploads/2014/09/IPR-PGR-Report-Vol.-7.pdf, at 2 (72.8% of claims subject to IPR canceled). Even if only some claims are invalidated, the scope of discovery may be significantly narrowed by the process. Plaintiff's claims will also be mooted if the progress or outcome of the IPRs were to encourage a settlement that did not require further involvement by the Court.

The issues for this Court will also be simplified if Plaintiff amends any claims during the IPR proceedings. Amendments may eliminate any basis that ClearPlay has to continue this suit. Amendment to the claims could also create intervening rights, which would simplify the case by

limiting any damages should the patents survive IPR.  In the absence of a stay, claim construction by this Court that took place pre-amendment could be rendered moot, and discovery would likely be extended for the new terms of the amended claims.

> **2.      Statements Made by the Examiner and Patent Owner Will Be Relevant in These Proceedings for Any Remaining Issues**

Even if some claims survive review by the PTAB in their current form, the IPR proceedings would significantly streamline the issues in this case.  Granting a stay will simplify this case by "prevent[ing] the court from wrestling with an evolving prosecution history and changing or additional claim terms during the claims construction process, or worse, after it is complete."  *Lifetime Products, Inc.*, 2013 WL 5408458, at *3.  Furthermore, the proceedings may provide the Court with "a richer prosecution history upon which to base necessary claim construction determinations or reconsideration."  *C.R. Bard, Inc. v. Med. Components, Inc.*, 2:12-CV-00032-RJS-EJF, 2012 WL 6574663, at *1 (D. Utah Dec. 17, 2012) (quoting *In re Cygnus Telecomm. Tech., LLC*, 385 F.Supp.2d 1022, 1024 (N.D. Cal. 2005)); *see also Icon Health & Fitness, Inc. v. Park City Entm't, Inc.*, Nos. 1:10–CV–195 DAK, 2:10–CV–1264 DAK, 2011 WL 5239733, at *2 (D.Utah Nov. 1, 2011) ("Courts have recognized that the reexamination process is beneficial in the simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.").

The potential for IPR proceedings to streamline the issues is especially great where, as here, all of the asserted patents are closely related.  All five patents are continuations of two original applications, and Matthew Jarman is listed as an inventor of each patent.  The '799 patent, for which CustomPlay is not yet seeking IPR, is supported by a specification that is nearly identical to the specification of the '970.  These patents share claim terms, and each of the IPR petitions that have been instituted thus far have relied on the same invalidating prior art.

In fact, the IPR proceedings have already produced relevant analysis.  The PTAB has

considered the meaning several claim terms, including "navigation objects" and "filtering action," in its decisions to institute review. The term "navigation objects" appears in the claims of three of the patents subject to review, as well as the '799 patent; "filtering action" appears in all five patents.[1] Because "all of the patents at issue here share similar claim terms and similar prior art," the PTAB's analysis may be particularly helpful to the Court in narrowing the issues. *C.R. Bard, Inc.*, 2012 WL 6574663, at *2. A stay until the proceedings are complete will provide the Court with a more complete record of the PTAB's analysis of claims terms and prior art. *See Intellectual Ventures II LLC v. SunTrust Banks, Inc.*, 1:13-CV-02454-WSD, 2014 WL 5019911, at *2 (N.D. Ga. Oct. 7, 2014) ("In construing the Patents, the Court also will be aided by the interpretation offered by the PTAB. . . staying this action will result in significant simplification of issues."). The same terms in related patents are likely to share the same meaning. *See, e.g.*, *Aventis Pharm. Inc. v. Amino Chemicals Ltd.*, 715 F.3d 1363, 1380 (Fed. Cir. 2013) ("'[W]e presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning.'") (quoting *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed.Cir.2003)). Therefore, the PTAB's scrutiny of these terms may aid this Court in its analysis of even those claims not subject to PTAB review.

The high likelihood that claims will be invalidated, combined with the useful analyses that will emerge from the PTAB, make it is almost certain that a stay will eliminate or simplify issues before the Court.

### B. This Case Is in Its Earliest Stages

Although this case was filed on March, 13, 2014, discovery has just begun, and the parties are still negotiating the terms of a protective order to govern discovery. Infringement and invalidity contentions have not yet been served. No discovery deadlines have been set, no dispositive motions have been filed, and there are no dates for briefing or claim construction. Nor

---

[1] The claim constructions provided by the PTAB strengthen some of Defendants' noninfringement position in this case.

has the Court set a trial date.  One patent was subject to review when this case was filed; since then, IPRs have been instituted for three more of the asserted patents.  Under these circumstances, the early stage of the litigation weighs heavily in favor of a stay.  *See, e.g.*, *Lifetime Products, Inc.*, 2013 WL 5408458, at *2 ("Although this case was on the cusp of claims construction, in light of the recent amendments to each of the Patents, and the potential for future amendments, construing claims is premature.  Engaging in claims construction now while the Patents' prosecution history continues to evolve would be a needless waste of the court's and the parties' resources."); *Buttercup Legacy LLC v. Michilin Prosperity Co.*, 2:11-CV-262 TS, 2012 WL 1493947, at *1 (D. Utah Apr. 27, 2012) (granting stay where discovery was not complete); *C.R. Bard, Inc.*, 2012 WL 6574663, at *2 ("This case is still in the very early stages of discovery. The Court has set no trial dates. The early stage of the litigation favors granting the stay."); *Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions*, LLC, C 12-00068 JSW, 2013 WL 752474, at *2 (N.D. Cal. Feb. 27, 2013) ("early stage of a litigation weighs in favor of granting a stay . . .  Claims construction briefing has not yet been filed, discovery has started but is not completed, and this case has not been set for trial yet.").  Cases have been stayed at much later stages than this.  *See Tierravision, Inc. v. Google, Inc.*, No. 11cv2170 DMS(BGS), 2012 WL 559993, at *2 (S.D.Cal. Feb. 21, 2012) (granting stay where Markman briefs were almost due and claim constructions and evidence had been exchanged); *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 788 (D. Colo. 2007) (citing several cases where stay was granted after discovery was completed).

    C.    **No Undue Prejudice Will Result from a Stay**

Plaintiff will not suffer undue prejudice as a result of a stay of this case.  The minimal delay of the IPR itself does not constitute undue prejudice.  The parties do not compete in the marketplace, so the only harm that could result from the alleged infringement could be compensated with monetary damages.  The only possible prejudice that could result from a stay of

this case would be the prejudice to Defendants if they had to litigate claims that were subsequently invalidated.

The "delay inherent in the reexamination process does not constitute, by itself, *undue* prejudice." *Buttercup Legacy*, 2012 WL 1493947, at *1 (citing *Pool Cover Specialists Nat., Inc.*, 2009 WL 2999036, at *2); *see also Intellectual Ventures II LLC v. SunTrust Banks, Inc.*, 2014 WL 5019911, at *3 ("any delay that may occur while the PTAB review is processed is outweighed by the benefits of awaiting PTAB review"); *Microsoft Corp. v. Tivo Inc.*, 10-CV-00240-LHK, 2011 WL 1748428, at *6 (N.D. Cal. May 6, 2011) ("Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation.").

Furthermore, IPRs provide for expedited review. IPRs are decided within twelve months after they are instituted by the PTAB[2], and decisions are appealed directly to the Federal Circuit. 35 U.S.C. § 316(a)(11) and 37 C.F.R. § 42.100; 35 U.S.C. §§ 319, 141. Therefore, the IPR process is much less likely to cause prejudicial delay than the old reexamination proceedings, which can take several years and are appealed to the PTAB before the Federal Circuit. The expediency of IPRs as compared with reexamination mitigates any prejudice caused by the delay. *Star Envirotech, Inc. v. Redline Detection, LLC*, SACV 12-01861 JGB, 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) ("the delay here is minimized, as the 'delay caused by the new IPR procedure is significantly less than the delay caused by the old procedure.' Thus, the Court finds that Plaintiff has not shown that it would be unduly prejudiced by delay.") (quoting *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, SACV 12-21-JST JPRx, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012)).

Plaintiff faces no prejudice with respect to remedies. Monetary damages will be equally

---

[2] A six-month extension is available under the same sections with a showing of good cause, but the USPTO has stated that any extension beyond one year is "anticipated to be rare." Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680, 48695-96 (Aug. 14, 2012).

available to Plaintiff after resolution of the IPRs as they are now. Plaintiff did not seek a preliminary injunction, the parties are not competitors, and Plaintiff is not seeking lost profits. As such, any additional sales made during the stay could be compensated by monetary damages if this action were to result in a finding of infringement; the delay does not prejudice Plaintiff. *See Intellectual Ventures II LLC v. Huntington Bancshares Inc.*, 2:13-CV-00785, 2014 WL 2589420, at *5 (S.D. Ohio June 10, 2014) ("the parties are not competitors such that a delay would place Plaintiff at a tactical disadvantage"); *Robert Bosch Healthcare Sys., Inc.*, 2013 WL 752474, at *3 ("claims of irreparable prejudice due the potential of lost market share" undermined by the fact that plaintiff "has not moved for a preliminary injunction and . . . licenses its patents to competitors"); *Se. Metals Mfg. Co. v. Millennium Metals, Inc.*, 3:11-CV-1058-J-20JBT, 2012 WL 983767, at *2 (M.D. Fla. Mar. 21, 2012) (granting stay where there was no showing of why monetary damages could not remedy additional sales made during stay).

A stay will also eliminate the prejudice that could result from inconsistent rulings and parallel proceedings. *Lifetime Products, Inc.*, 2013 WL 5408458, at *3 ("On the other hand, if the case is not stayed, [defendant] may suffer prejudice from participating in claims construction while the underlying prosecution history of each of the Patents is changing."). By granting at a stay at this early juncture, the Court will spare the parties, as well as the Court, the expense of litigating claims that may be invalidated or not asserted because they are narrowed during the IPR proceedings. In contrast, if the case is not stayed, the parties and Court will waste time and resources considering claim construction and validity issues in parallel with the PTAB. Therefore, a stay at this time will effectively conserve the resources of the parties and the Court and should be granted.

## CONCLUSION

A stay is likely to simplify the issues before the Court. The case is still in the earliest stages of litigation, and no undue prejudice will result. For these reasons, as discussed above,

8

Defendants respectfully request the Court stay this case in its entirety pending final resolution of the IPRs.

DATED this 24th day of October, 2014

By: /s/ Brent O. Hatch

HATCH, JAMES & DODGE, PC
Brent O. Hatch
Shaunda L. McNeil

ORRICK, HERRINGTON & SUTCLIFFE, LLP
I. Neel Chatterjee
Alex V. Chachkes
Alyssa M. Caridis
Frances S. Cheever

*Attorneys for Defendants*