IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ClearPlay, Inc.,<br><br>      Plaintiff,<br>v.<br><br>DISH Network LLC, DISH Network Corp., EchoStar Corp., and EchoStar Technologies L.L.C.,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br>• **Granting [173] Motion to Amend Final Infringement Contentions; and**<br>• **Denying [99] Motion for Summary Judgment and [147] Motion for Judgment on the Pleadings**<br><br>Case No. 2:14-cv-00191-DN-BCW<br><br>District Judge David Nuffer |

Plaintiff ClearPlay, Inc. ("ClearPlay") asserted patent infringement claims against Defendants DISH Network L.L.C. ("DISH") and EchoStar Technologies L.L.C. ("EchoStar") (collectively "Defendants").[1] Defendants filed a motion for summary judgment[2] and a motion for judgment on the pleadings.[3] ClearPlay subsequently filed a motion for leave to amend its Final Infringement Contentions ("Motion to Amend").[4] ClearPlay argues that the proposed amendments will resolve the motion for summary judgment and the motion for judgment on the

---

[1] Complaint for Patent Infringement ("Complaint"), docket no. 2, filed Mar. 13, 2014.

[2] Defendant's Motion for Summary Judgement of Non-Infringement ("Motion for Summary Judgement"), docket no. 100, filed July 26, 2017 (Sealed Motion, docket no. 99, filed July 26, 2017).

[3] Defendant's Motion for Judgement on the Pleadings or, in the Alternative, for Summary Judgement of Non-Infringement ("Motion for Judgement on the Pleadings"), docket no. 148, filed Sep. 26, 2017 (Sealed Motion, docket no. 147, filed Sep. 26, 2017).

[4] Plaintiff ClearPlay Inc.'s Motion to Amend Final Infringement Contentions and to Supplement Opposition to Defendants' Motions for Summary Judgement ("Motion to Amend"), docket no. 173, filed Dec. 21, 2017 (Sealed Motion, docket no. 175, filed Dec. 21, 2017).

pleadings.[5] For the reasons discussed below, ClearPlay's Motion to Amend is granted and Defendants' motions are denied without prejudice.

**Contents**

Background ........................................................................................................................ 2
Discussion ......................................................................................................................... 4
    ClearPlay's Motion to Amend .................................................................................. 4
        Good cause exists for ClearPlay to amend its Final Infringement Contentions and Defendants will not suffer unfair prejudice. .............................. 4
        ClearPlay's Motion to Amend was timely filed. ................................................... 6
    Defendants' Motion for Summary Judgment and Motion for Judgment on the Pleadings 6
Order….. ........................................................................................................................... 7

## BACKGROUND

ClearPlay is the owner of five patents, used in its products to allow users to filter third-party video content.[6] Defendants provide television services and related equipment, including the Hopper whole-home HD DVR ("Hopper DVR"), which allows subscribers to automatically skip over commercial breaks during playback of certain recorded content.[7] ClearPlay alleges that this feature of the Hopper DVR (known as the "AutoHop") infringes on its patents. The case was stayed while the Patent Office, at the request of a third party, conducted an *inter partes* review ("IPR") of four of the five patents at issue.[8] As part of the IPR, ClearPlay asserted that its claims were valid and distinguishable from the prior art because its patents include a "navigation object" with three distinct elements: (1) a starting point; (2) a stopping point; and (3) a "filtering action" to be taken between the starting and stopping points.[9] The Patent Office completed the IPR,

---

[5] Motion to Amend at 24.

[6] Complaint ¶¶ 14-15.

[7] Motion for Summary Judgment at 1.

[8] Defendants' Motion for Stay Pending Inter Partes Review, docket no. 64, filed Oct. 24, 2014; Order Granting Motion to Stay, docket no. 80, entered Feb. 11, 2015.

[9] Motion for Summary Judgment at 3-4; ClearPlay, Inc's Opposition to Defendants' Motion for Summary Judgment ("Opposition to Motion for Summary Judgment") at 3, docket no. 136, filed Sept. 14, 2017 (Sealed Motion, docket no. 133, filed Sept. 5, 2017).

2

finding ClearPlay's claims patentable and the stay was lifted on October 31, 2016.[10] On June 23, 2017, ClearPlay served its Final Infringement Contentions.[11]

In their motion for summary judgment, Defendants argue that "the products accused in ClearPlay's infringement contentions lack a claim limitation present in every asserted claim—the 'filtering action' in the 'navigation object.'"[12] Because ClearPlay has failed to identify anything that could be called a "navigation object" with a "filtering action" in the AutoHop feature, Defendants assert that they are entitled to summary judgment.[13] Defendants further argue that dismissal of ClearPlay's case is appropriate under Fed. R. Civ. P. 12(c) because ClearPlay has not identified a structure corresponding to the claim term "filtering action" in either its Complaint or Final Infringement Contentions.[14] ClearPlay opposes summary judgment and judgment on the pleadings, arguing that material disputed facts remain and pointing to certain computer codes ("The Tag" and "The Attribute") in documents that it asserts Defendants failed to produce in a timely manner.[15] Although neither "The Tag" nor "The Attribute" are specifically identified in ClearPlay's Complaint or Final Infringement Contentions,[16] ClearPlay asserts that it sufficiently identified the structures supporting its infringement theory.[17] In its Motion to

---

[10] Minute Entry for Proceedings Held Before Magistrate Judge Brooke Wells, docket no. 85, entered Oct. 31, 2016.

[11] Motion for Judgment on the Pleadings at 2.

[12] Motion for Summary Judgment at 1.

[13] Motion for Summary Judgment at 9-10.

[14] Motion for Judgment on the Pleadings at 2.

[15] Opposition to Motion for Summary Judgment at 4, 13-18 (discussing "The Tag") and 18-22 (discussing "The Attribute"); ClearPlay, Inc.'s Opposition to Defendants' Motion for Judgment on the Pleadings ("Opposition to Motion for Judgment on the Pleadings") at 15, 22, docket no. 164, filed Oct. 24, 2017 (Sealed Opposition, docket no. 162, filed Oct. 23, 2017).

[16] Motion for Judgment on the Pleadings at 3.

[17] Opposition to Motion for Judgment on the Pleadings at 1-3.

Amend, ClearPlay seeks to clarify its original infringement theory with newly discovered information and to conform its Final Infringement Contentions to the evidentiary record.[18]

## DISCUSSION

### ClearPlay's Motion to Amend

Pursuant to Local Patent Rule 3.4, a party may amend its Final Infringement Contentions "upon a showing of good cause and absence of unfair prejudice to opposing parties, made no later than fourteen (14) days of the discovery of the basis for the amendment."[19]

**Good cause exists for ClearPlay to amend its Final Infringement Contentions and Defendants will not suffer unfair prejudice.**

ClearPlay has established good cause to amend its Final Infringement Contentions. Good cause may arise in "the discovery of new facts, including new potentially infringing instrumentalities[.]"[20] On September 7, 2017—after ClearPlay was required to produce its Final Infringement Contentions—DISH produced a technical document that describes a manual mode for the AutoHop feature.[21] The manual mode gives the user of the Hopper DVR the ability to choose which commercials to skip, instead of skipping all of them.[22] DISH asserts that its subscribers are unable to use the manual mode because that part of the project was never completed.[23] On December 8, 2017, after reviewing DISH's code with the help of the technical document, ClearPlay's expert identified a structure in the manual mode that he believes infringes ClearPlay's asserted patents by using a navigation object with a start position, a stop position,

---

[18] Motion to Amend at 1-2.

[19] UT R USDCT LPR 3.4.

[20] *Corel Software, LLC v. Microsoft Corporation*, 2018 WL 5792323 *1, *2 (D. Utah 2018).

[21] Motion to Amend at 12.

[22] Motion to Amend at 19

[23] Opposition to ClearPlay's Motion to Amend Final Infringement Contentions and to Supplement Opposition to Defendants Motion for Summary Judgment and Judgment on the Pleadings ("Opposition to Motion to Amend") at 4-5, docket no. 199 (filed Jan. 17, 2018) (Sealed Opposition, docket no. 193, filed Jan. 16, 2018).

4

and a filtering action.[24] The expert's discovery of the manual mode structure in DISH's code has unearthed new evidence relevant to the case and is sufficient to meet the good cause requirement.

DISH argues that ClearPlay was not diligent in searching the code base between September 7th and December 8th.[25] However, any delay in discovering the new evidence is justified. The newly discovered structure, which is the basis for the amendment, was buried in DISH's code base.[26] That code base comprises millions of lines of code.[27] ClearPlay's experts were not allowed to run the code or use debugging tools as they normally would, which compounded the difficulty of review.[28] Instead, ClearPlay's experts were required to review the code by hand and at the escrow site where it is stored.[29] ClearPlay further asserts that its experts had personal and professional reasons for their delay in reviewing the code.[30] Under the circumstances, ClearPlay's experts were sufficiently diligent in reviewing the code.

Furthermore, Defendants will not suffer unfair prejudice. "It is usually true that any amendment of the Final [Infringement] Contentions would lead to additional work and expense on the part of the non-moving party. "[31] Thus, the inconvenience and expense by itself does not generally arise to the level of undue prejudice. However, an amendment to final infringement contentions may be prejudicial "if its timing prevents the defendant from pursuing a potentially promising line of defense."[32] That is not a problem here. While the parties have filed their claim

---

[24] Declaration of Dr. Nick Feamster ("Feamster Declaration") ¶ 19, docket no. 244-2, filed Feb. 8, 2018.

[25] Opposition to Motion to Amend at 12-13.

[26] Reply Memo at 2.

[27] *Id*.

[28] Declaration of Giulio Amodeo ("Amodeo Declaration") ¶ 6, docket no. 244-3, filed Feb. 8, 2018.

[29] *Id.*

[30] *Id.* at ¶ 7.

[31] *Corel Software* at *3.

[32] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1209 (10th Cir. 2006).

construction briefs, claim construction is not complete. Moreover, ClearPlay has not changed its basic theory of infringement—that the accused DISH devices contain all of the elements of its asserted patents. As a result, allowing the amendment would not subject DISH to undue prejudice.

**ClearPlay's Motion to Amend was timely filed.**

A motion to amend Final Infringement Contentions must be filed within fourteen (14) days of the discovery of the basis for the amendment.[33] On December 8, 2017, ClearPlay's expert informed it of the manual mode discovered in DISH's code base.[34] Thirteen days later, on December 21, 2017, ClearPlay filed its motion to amend its Final Infringement Contentions.[35] Because ClearPlay filed its motion within fourteen days of the "discovery of the basis for the amendment," ClearPlay meets the timeliness requirement. Therefore, ClearPlay is entitled to amend its Final Infringement Contentions as requested, with one exception. ClearPlay's proposed amendments include a change to the prior art dates of the asserted patents. ClearPlay has not provided any reason for this amendment and the newly discovered evidence did not relate to the prior art dates. Therefore, the prior art dates shall remain the same.

**Defendants' Motion for Summary Judgment and Motion for Judgment on the Pleadings**

In their Motion for Summary Judgement[36] and Motion for Judgement on the Pleadings,[37] Defendants argue that ClearPlay's Final Infringement Contentions do not point to a specific filtering action, as required by the asserted patent claims.[38] However, as part of its amended

---

[33] UT R USDCT LPR 3.4

[34] Feamster Declaration at ¶ 19.

[35] Motion to Amend, docket no. 173 (Sealed Motion, docket no. 175).

[36] Motion for Summary Judgement, docket no. 100 (Sealed Motion, docket no. 99).

[37] Motion for Judgement on the Pleadings, docket no. 148 (Sealed Motion, docket no. 147).

[38] Motion for Summary Judgment at 1; Motion for Judgment on the Pleadings at 2.

Final Infringement Contentions, ClearPlay will identify the specific filtering action in the accused devices.[39] Defendants' argument that infringement cannot be based upon implicit filtering may have merit.[40] However, the amended Final Infringement Contentions render Defendants' motions moot. As a result, it is appropriate to deny the Motion for Summary Judgement and the Motion for Judgement on the Pleadings without prejudice. Whether Defendants devices contain a start time, a stop time and a filtering action (as patented by ClearPlay) is disputed by the parties and appears to be a factual dispute best suited for trial. However, Defendants may renew their request for summary judgment based upon ClearPlay's amended Final Infringement Contentions.

**ORDER**

IT IS HEREBY ORDERED that the Motion to Amend[41] is GRANTED. Plaintiff is granted leave to amend its Final Infringement Contentions, with exception to the changes to the prior art date of the ClearPlay asserted patents. Plaintiff must serve its Amended Final Infringement Contentions on Defendants by no later than April 1, 2019.

IT IS FURTHER ORDERED that the Defendants' Motion for Summary Judgment[42] and Motion for Judgment on the Pleadings[43] are DENIED without prejudice.

IT IS FURTHER ORDERED that the parties shall submit a Joint Status Report by no later than April 15, 2019. The parties should state how they would like to proceed to expeditiously resolve this matter, including proposed dates for the following, if necessary:

(1) Completion of any additional discovery;

---

[39] Motion to Amend at 24.

[40] Motion for Summary Judgment at 10, 21-23.

[41] Docket no. 173 (Sealed Motion, docket no. 175).

[42] Docket no. 100 (Sealed Motion, docket no. 99).

[43] Docket no. 148 (Sealed Motion, docket no. 147).

(2) Filing of any dispositive motions based upon the Amended Final Infringement Contentions;

(3) Filing of amended or supplemental claim construction briefing; and

(4) Claim construction hearing.

Dated March 22, 2019.

BY THE COURT:

_____
David Nuffer
United States District Judge