Brent O. Hatch (5715)
 hatch@hatchpc.com
HATCH LAW GROUP, PC
22 East 100 South, Suite 400
Salt Lake City, Utah 84111
Tel: (801) 869-1919

Alex V. Chachkes (*pro hac vice*)
 achachkes@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

G. Hopkins Guy, III (*pro hac vice*)
 Hop.guy@bakerbotts.com
BAKER BOTTS
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007

*Attorneys for Defendants DISH Network L.L.C. and EchoStar Technologies L.L.C.*

_____

# UNITED STATES DISTRICT COURT

### District of Utah Central Division

| | |
|---|---|
| CLEARPLAY, INC., <br><br>                         Plaintiff <br><br> vs. <br><br> DISH NETWORK L.L.C., and ECHOSTAR TECHNOLOGIES L.L.C., <br><br>                         Defendants. | **MOTION TO STAY PENDING REEXAMINATION PROCEEDINGS IN U.S. PATENT AND TRADEMARK OFFICE** <br><br> Case No.:  2:14-cv-00191 <br><br> Judge David Nuffer <br><br> Magistrate Judge Cecilia M. Romero |

Defendants DISH Network L.L.C. and EchoStar Technologies L.L.C. (collectively, "DISH") respectfully request that the Court stay this lawsuit pending resolution of four *ex parte* reexamination proceedings that have been ordered by the U.S. Patent and Trademark Office (the "USPTO") to reexamine all asserted claims in the present lawsuit.

## INTRODUCTION

DISH provides television services and related equipment, including the "Hopper DVR," which implements DISH's AutoHop feature allowing subscribers to automatically skip over commercial breaks during playback of certain recorded content. ClearPlay filed this action alleging that DISH's AutoHop feature infringes four ClearPlay patents. *See* Docket 2. Not long after the Complaint was filed, a third party—not DISH—requested *inter partes* review of four of the patents at issue in this case before the USPTO's Patent Trial and Appeal Board (the "Board"), and this Court granted a stay pending resolution of that review. *See* Docket 80. The Board subsequently found some of ClearPlay's claims to be patentable, and this Court lifted the stay. *See* Docket 85. Since the stay, the parties have conducted fact discovery; however, in part due to the shutdowns related to the Covid-19 pandemic, expert depositions have not yet been conducted. The parties have designated a total of eight expert witnesses, and expert discovery is currently set for completion by February 18, 2021. *See* Docket 332. The deadline for filing dispositive motions is not until March 19, 2021, and trial is currently set for September 27, 2021. *Id.*

While the parties have been working to schedule expert discovery, the USPTO elected to reexamine every patent and every claim asserted in this case based on DISH's requests, concluding that additional prior art presented to the USPTO raises "a substantial new question of patentability." Exs. A-D. Given this material new development, DISH asks this Court to stay all proceedings until the USPTO completes its work.

1

Courts in this District and elsewhere have adopted a "'liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings.'" *Nautilus, Inc. v. Icon Health & Fitness, Inc.*, Case No. 1:17-cv-00154-DN, 2018 WL 4215095, at *2 (D. Utah Sept. 4, 2018) (quoting *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)). "Claims currently under reexamination should not be considered by this court. Other cases have illustrated the need for a district court to stay its consideration of claims under reexamination because of the prospect of inconsistent rulings." *Lifetime Products, Inc. v. Russell Brands, LLC*, 1:12-CV-00026-DN-EJF, 2016 WL 5482226, at *2 (D. Utah Sept. 29, 2016). In keeping with that policy, this Court should grant a stay until the USPTO determines which of Plaintiff ClearPlay's claims—if any—remain viable.

In this District, three factors guide the analysis, and each squarely favors a stay. The most important consideration is whether the reexamination proceedings are "likely" to "simplify the issues before the court." *Lifetime Products, Inc. v. Russell Brands, LLC*, 1:12-CV-26 DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013). They plainly are. The USPTO typically cancels or amends claims during reexamination, which would narrow—and perhaps eliminate—the infringement dispute in this case. As this Court has recognized, where the USPTO finds a "substantial new question of patentability"—as it already has here, for all of the patent claims as issue in this case—the "reexamination proceedings have a likelihood of simplifying the issues." *Nautilus*, 2018 WL 4215095, at *3.

The second factor, the "stage of the litigation," also favors a stay. *Lifetime Products*, 2013 WL 5408458, at *2. Several significant stages of the case—expert depositions, summary judgment and *Daubert* proceedings, pre-trial preparation, and trial—have not yet commenced. A stay would

ensure that the Court and the parties do not undertake unnecessary work that will be rendered moot by the USPTO's rulings.

Finally, "a balancing of prejudice to the parties" confirms that a stay is warranted. *Id.* DISH faces the risk of significant prejudice without a stay. ClearPlay, in contrast, would not be prejudiced by awaiting resolution of the reexaminations. Because it does not compete with DISH in the marketplace and seeks only a reasonable royalty on DISH's sales, any purported infringement during the stay could be fully redressed by monetary damages.

This Court should stay further proceedings until the USPTO concludes its reexaminations.

## ARGUMENT

### A. A stay will likely simplify the issues before the Court.

Most importantly, the USPTO will very likely narrow—and may eliminate entirely—the infringement disputes in this case. The USPTO has elected to reexamine each of the four patents-in-suit, and all asserted claims remaining in this case. As this Court is likely aware, the vast majority of reexamination proceedings before the USPTO—nearly *four out of five*—conclude with the cancellation or amendment of claims. *See* USPTO, *Ex Parte Reexamination Filing Data– September 30, 2019*, at 2, https://tinyurl.com/ReexamStatistics. And even the rare reexamination that leaves all claims unchanged will produce new prosecution history, which will further inform at least claim construction, infringement issues, and invalidity issues. That is why awaiting the outcome of such proceedings is so "beneficial in the 'simplification of litigation.'" *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, No. 2:08-cv-00879-DAK, 2009 WL 2999036, at *2 (D. Utah Sept. 18, 2009) (quoting *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1428 (Fed. Cir.1988)). As this Court explained in its decision to stay pending reexamination in *Nautilus*:

> The USPTO has granted [defendant's] requests for ex parte reexamination of each of [plaintiff's] asserted patents. "Congress intended reexaminations to provide an important 'quality check' on patents that would allow the [USPTO] to remove defective and erroneously granted patents." Therefore, "the reexamination process is beneficial in the simplification of litigation that might result from the cancellation, clarification, or limitation of claims[.]" "Any claims that are cancelled during the reexamination will not need to be litigated and those claims that survive reexamination may be amended." Thus, "[a] stay would ... prevent resources from being expended on invalid or amended claims." And "even if the reexamination d[oes] not lead to claim amendment or cancellation, it [will] still provide valuable analysis[,]" such as "the USPTO's examination of the prior art[.]"

*Nautilus*, 2018 WL 4215095, at *2 (citations omitted).

The same is true here. If cancellation or amendment occurs—the probable outcome here—claims "cancelled during the reexamination will not need to be litigated." *Id.* Nor would claims amended in a way that eliminates the purported grounds for infringement. *See id.* A stay serves to "prevent resources from being expended" on claims that will ultimately vanish from the case. *Id.* Further, even if plaintiffs elect to press amended claims, the amendments would require supplemental expert reports, expert testimony, briefing, and judicial interpretation as to the scope of the amendments, and perhaps intervening rights eliminating all past damages. A stay here will also "prevent the court from wrestling with … changing or additional claim terms during the claims construction process, or worse, after it is complete." *Lifetime Products*, 2013 WL 5408458, at *3.

In the unlikely event that ClearPlay's claims survive USPTO scrutiny unchanged, reexamination proceedings would still reshape this litigation in ways that justify a stay. The prosecution history of a patent is vital "intrinsic evidence" about the meaning of its claims. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005). And reexamination is a continuation of patent prosecution: "In a very real sense, the intent underlying reexamination is to 'start over' in

4

the PTO" and prosecute claims "as they would have been considered if they had been originally examined in light of all of the prior art of record in the reexamination proceeding." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). A stay will ensure that the Court and the parties have the benefit of that "richer prosecution history," which may well dictate "necessary claim construction determinations or reconsideration." *C.R. Bard, Inc. v. Med. Components, Inc.*, 2:12-CV-00032-RJS, 2012 WL 6574663, at *1 (D. Utah Dec. 17, 2012) (quotation marks omitted); *accord Icon Health & Fitness, Inc. v. Park City Entm't, Inc.*, No. 1:10–CV–195 DAK, 2011 WL 5239733, at *2 (D. Utah Nov. 1, 2011) (granting stay on that basis); *Intellectual Ventures II LLC v. SunTrust Banks, Inc.*, 1:13-CV-02454-WSD, 2014 WL 5019911, at *2 (N.D. Ga. Oct. 7, 2014) (same). By the same token, proceeding with expert discovery and summary judgment briefing "without the benefit of the additional intrinsic record developed during [re-examination proceedings] could complicate this case by making it necessary to reconsider certain claim construction issues." *Corel Software, LLC v. Microsoft Corp.*, No. 2:15-CV-528-JNP-PMW, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016).

Waiting for the USPTO's additional prosecution to run its course is particularly essential in this case. For one thing, "all of the patents at issue here share similar claim terms"—principally the "navigation object" that is at the core of ClearPlay's claimed invention—"and similar prior art." *C.R. Bard*, 2012 WL 6574663, at * 2. That means the USPTO's analysis may "narrow issues" across the board. *Id.* Additionally, just as in *Nautilus*, here the USPTO has ordered reexamination based on new prior art references that had neither been identified by the patent applicant for the USPTO's initial examination nor considered by the USPTO in its previous *inter*

5

*partes* reviews.[1] Ultimately, the USPTO's finding of a "substantial new question of patentability" and resulting reexaminations of all of ClearPlay's claims asserted in this case lead to a likelihood of simplifying the issues.

**B.    The stage of this litigation is such that "there are substantial proceedings yet to be completed."**

As for the second factor in the stay analysis, there are still significant proceedings yet to be completed before this case is to be tried in late 2021. *Lifetime Products*, 2013 WL 5408458, at *2. Expert discovery remains ongoing, with depositions yet to be completed. *See* Docket 330. Dispositive motions—including summary judgment and *Daubert* briefs—are not due for several months. The current trial date is nearly a year away—and may well be pushed still further, given the ongoing shutdowns and trial backlog created by Covid-19. In short, "there are substantial proceedings yet to be completed." *Corel Software, LLC v. Microsoft Corp.*, Case No. 2:15-cv-00528-JNP-PMW, 2019 WL 2106186, at *2 (D. Utah May 14, 2019).

Courts in this district and elsewhere have stayed litigation pending reexamination proceedings at similar (or later) stages. *Corel Software* is particularly instructive. There, as here, the USPTO instituted *inter partes* review of the patent-in-suit and later granted reexamination. *See*

---

[1] The USPTO is better equipped to handle some of these issues, which build on previous disputes during patent prosecution. Its analysis of the prior art—and ClearPlay's responses—will have a significant bearing on this case. In prior agency proceedings, ClearPlay responded to the USPTO's concerns about other prior-art references by interpreting its own claims narrowly. For example, although ClearPlay now asserts that a "navigation object" may consist of discrete pieces of information created separately, it assured the Patent Office during a previous *inter partes* review that "[i]t is unreasonable to interpret three discrete objects as a single element, a multimedia content navigation object." *CustomPlay LLC v. ClearPlay, Inc.*, IPR2013-00484, Paper 9 at 30 (PTAB Sept. 9, 2013). These and similar narrowing remarks restrict not just the scope of literally infringing devices (under the doctrine of prosecution disclaimer), but also the range of equivalents (under the doctrine of prosecution history estoppel). *See Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309, 1322 (Fed. Cir. 2013); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733-41 (2002).

*id.* at *1-2; *Corel Software*, 2016 WL 4444747. The district court granted a stay each time, even though (unlike here) summary judgment proceedings had commenced in the interim. In pausing the litigation pending reexamination, the court emphasized that there "remain several costly stages of this litigation that may be eliminated or reduced depending upon the result of the reexamination of the patents-in-suit," and concluded that "the phase of this litigation, while not in its earliest stages, does not warrant denial of the motion to stay." *Corel Software*, 2019 WL 2106186, at *2. The same is true here. Indeed, other courts have stayed litigation because of pending reexaminations at far later stages. *See Wonderland NurseryGoods Co. v. Thorley Indus.*, No. CIV.A. 12-196, 2014 WL 695549, at *4 (W.D. Pa. Feb. 24, 2014) (granting stay on "eve of trial"); *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 788 (D. Colo. 2007) (collecting cases showing that even "completion of discovery does not necessarily counsel against staying a patent infringement action").

The stage of this case is such that "[a] stay would ... prevent resources from being expended on invalid or amended claims," and would prevent the parties from having to complete and then recomplete expert discovery, dispositive motions, and pre-trial matters. *Nautilus*, 2018 WL 4215095, at *2.

       C.      <u>**A stay will cause no undue prejudice to ClearPlay.**</u>

Finally, "a balancing of prejudice to the parties" favors a stay. *Lifetime Products*, 2013 WL 5408458, at *2. On one side, DISH faces a clear risk of prejudice if the case is not stayed. *Id.* at *3. The Court and both parties will waste substantial resources conducting expert discovery, dispositive motion practice, and even trial preparation regarding claims that are later cancelled, amended, or subject to a "changing" "prosecution history." *Id.* Indeed, if any asserted claims

survive, the significance of a new prosecution history cannot be understated, as it might require supplements to expert reports and further depositions of the experts.

ClearPlay faces no countervailing risk of undue prejudice. For one thing, any purported infringement that occurs during the pendency of the stay will be fully redressable. ClearPlay does not compete with DISH in the marketplace, and consequently has declined to seek to impose a preliminary injunction or to recover lost profits. Instead, ClearPlay seeks only monetary relief in the form of a reasonable royalty on DISH's sales. "A stay will not inhibit [ClearPlay] from calculating or collecting its damages from [DISH] if it is ultimately successful on its infringement claims." *Nautilus*, 2018 WL 4215095, at *4. Courts have emphasized this type of redressability in granting stays pending reexamination. *See Intellectual Ventures II LLC v. Huntington Bancshares Inc.*, 2:13-CV-00785, 2014 WL 2589420, at *5 (S.D. Ohio June 10, 2014) ("the parties are not competitors such that a delay would place Plaintiff at a tactical disadvantage"); *Se. Metals Mfg. Co. v. Millennium Metals, Inc.*, 3:11-CV-1058-J-20JBT, 2012 WL 983767, at *2 (M.D. Fla. Mar. 21, 2012) (no "undue prejudice" where "additional sales made during the stay" could be "remedied by monetary damages"); *see also Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions*, LLC, C 12-00068 JSW, 2013 WL 752474, at *3 (N.D. Cal. Feb. 27, 2013) (granting stay even where plaintiff claimed "irreparable prejudice due the potential of lost market share," because plaintiff "has not moved for a preliminary injunction").

Beyond that, a stay would impose on ClearPlay only the "delay inherent in the reexamination process." *Buttercup Legacy LLC v. Michilin Prosperity Co.*, 2:11-CV-262 TS, 2012 WL 1493947, at *1 (D. Utah Apr. 27, 2012). But this Court has found that "the USPTO is required by statute to conduct the reexamination with 'special dispatch,'" and that "'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'" *Nautilus*, 2018 WL

8

4215095, at *3 (quoting 35 U.S.C. § 305 and *Pool Cover Specialists*, 2009 WL 2999036, at *2); *see also Intellectual Ventures II*, 2014 WL 5019911, at *3 ("[A]ny delay that may occur while the PTAB review is processed is outweighed by the benefits of awaiting PTAB review."). That is particularly so in this case, where ClearPlay delayed filing suit for several years after learning of DISH's accused product. *See Se. Metals*, 2012 WL 983767, at *2 (plaintiff's claim of prejudice "belied by the fact that it waited over five years after learning of Defendants' allegedly infringing conduct to take legal action").

## CONCLUSION

For the foregoing reasons, DISH respectfully requests that the Court stay this case in its entirety pending final resolution of the reexamination proceedings.

DATED this 22nd day of December, 2020

By:    */s/ Brent O. Hatch*_____
HATCH LAW GROUP, PC
Brent O. Hatch

ORRICK, HERRINGTON & SUTCLIFFE, LLP
Alex V. Chachkes

BAKER BOTTS LLP
G. Hopkins Guy, III

*Attorneys for Defendants*

9