IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARPLAY,<br><br>                    Plaintiff,<br>v.<br><br>DISH NETWORK LLC, et al.,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY**<br><br>Case No. 2:14-cv-00191-DN-CMR<br><br>District Judge David Nuffer<br><br>Magistrate Judge Cecilia M. Romero |

       This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 296). Before the court is Defendants Dish Network, LLC and EchoStar Technologies, LLC's (DISH) Motion to Stay (ECF 341) (the Motion) this action pending reexamination proceedings in the United States Patent and Trademark Office (USPTO). Plaintiff ClearPlay (ClearPlay) opposes this request as untimely (ECF 342). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(f). For the reasons set forth below, the court will GRANT the Motion.

                             **I.    BACKGROUND**

       This court previously imposed a stay in this case on February 11, 2015, pending *inter partes* review by the USPTO requested by a third party (ECF 80). The stay was lifted on October 31, 2016 (ECF 85). DISH served its final non-infringement contentions on the July 28, 2017 deadline (ECF 89). The case thereafter proceeded through claim construction until 2019 (ECF 309). In October 2020, DISH filed a series of petitions for *ex parte* reexamination with the

USPTO (ECF 342 at 2). Four reexaminations have been ordered by the USPTO of "all asserted claims" in this infringement action (ECF 341 at 1).

On December 22, 2020, DISH filed the instant Motion seeking a stay of this action pending resolution of these reexaminations, ClearPlay filed an opposition (ECF 342), and DISH filed a reply (ECF 344) and a notice of supplemental authority (ECF 346). At the time the Motion was filed, trial was set for September 2021, and the expert discovery and dispositive motion deadlines had not yet expired (ECF 332). Upon request of the parties, the court extended the expert discovery deadline (ECF 348), and later vacated all deadlines in the scheduling order pending resolution of the Motion (ECF 351).

## II. DISCUSSION

"The Federal Circuit has recognized that a district court may properly stay proceedings in a patent case pending the [USPTO]'s reexamination of a patent by that Office." *Larson Archery Co. v. Mathews, Inc.*, No. 1:11-CV-126 TS, 2013 WL 139472, at *1 (D. Utah Jan. 10, 2013) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). In general, courts consider the following factors in determining whether to stay litigation proceedings pending USPTO reexamination: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Buttercup Legacy LLC v. Michilin Prosperity Co., Ltd.*, No. 2:11-cv-262-TS, 2012 WL 1493947, at *1 (D. Utah Apr. 27, 2012) (quoting *Pool Cover Specialists Nat., Inc. v. Cover–Pools Inc.*, 2009 WL 2999036, at *1 (D. Utah Sept. 18, 2009)).

### A. Simplification of Issues

DISH argues that this factor weighs in favor of a stay because the cancellation or amendment of claims during reexamination would "narrow—and perhaps eliminate—the infringement dispute in this case," especially where, as here, the USPTO has found a "substantial new question of patentability" (ECF 341 at 2). In response, ClearPlay relies on statistical information to support its argument that reexamination is not likely to impact the outcome of this suit because only a small percentage of reexaminations result in cancellation of all claims, and its patents have already survived numerous, exhaustive challenges (ECF 342 at 9–10).

The court is not persuaded by ClearPlay's arguments. "[C]ourts have recognized that the reexamination process is beneficial in the 'simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.'" *Icon Health & Fitness, Inc. v. Park City Entm't, Inc.*, No. 1:10-cv-195-DAK, 2011 WL 5239733, at *2 (D. Utah Nov 1, 2011) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988)). Given that the USPTO has decided to reexamine all of the asserted claims, the court concludes that the reexamination proceedings are likely to simplify the issues in this case, by either resulting in the cancellation or amendment of some of these claims or at least providing valuable analysis about any remaining claims. Moreover, "[c]ourts have recognized that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings.'" *Id.* (quoting *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)). In light of this liberal policy, the court concludes that this factor weighs in favor of a stay.

### B. Status of the Action

DISH argues that the second factor also weighs in favor of staying this case because several significant stages remain (ECF 341 at 2). ClearPlay notes that the parties have spent substantial resources litigating this case for seven years, and there have already been lengthy delays due to COVID-related extensions of case deadlines (ECF 342 at 6–7).

While the court is mindful of the age of this case and the recent delays resulting from COVID, the court concludes that the status of this case nonetheless warrants a stay. Since the lift of the previous stay, the parties have moved this case forward, but there are substantial proceedings yet to be completed, including expert discovery, dispositive motions, and trial. Accordingly, the court concludes that this factor weighs in favor of a stay. *See, e.g.*, *EMSAT Advanced v. T-Mobile USA, Inc.*, No. 4:08-cv-00817, 2011 WL 843205, at *2 (N.D. Ohio Mar. 8, 2011) ("[T]here remain several costly stages of this litigation that may be eliminated or reduced depending upon the result of the reexamination of the patents-in-suit. Accordingly, the phase of this litigation, while not in its earliest stages, does not warrant denial of the motion to stay.").

### C. Undue Prejudice or Tactical Advantage

DISH argues that the final factor weighs in its favor because there is no risk of significant prejudice to ClearPlay where it does not compete with DISH in the marketplace and seeks only a reasonable royalty (ECF 341 at 3). ClearPlay claims it will be prejudiced by a stay because of fading memories and the impending expiration of its remaining patents, arguing that DISH's delayed filing was "designed to prevent ClearPlay from amending its patents" (ECF 342 at 8).

The court is not persuaded that ClearPlay will be unduly prejudiced by the imposition of a stay. "[T]he delay inherent to the reexamination process does not constitute, by itself,

undue prejudice." *CCP Sys. AG v. Samsung Elecs. Corp., Ltd.*, No. 09-CV-4354 DMC-JAD, 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010) (quoting *Photoflex Products, Inc. v. Circa 3 LLC*, No. C04-03715JSW, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 1996)). Further, the court notes that ClearPlay has not sought preliminary injunctive relief in this case. "Many courts have found . . . that attempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief." *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013) (citing *Ever Win Intern. Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 511 (D. Del. 2012)). Thus, ClearPlay's "prior lack of urgency in this matter belies [any] insistence that the litigation move forward with all dispatch now." *See id*. at *7 (quoting *Pacific Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1067 (W.D. Wash. 2011)). While ClearPlay may suffer some prejudice through the imposition of a stay, the court does not consider that prejudice to be undue.

The court is also not persuaded that DISH would gain any tactical advantage by the imposition of a stay pending resolution of reexamination proceedings. While ClearPlay argues that DISH could have challenged ClearPlay's claims sooner based on at least one of the prior art references known to DISH since 2017 (ECF 342 at 4), DISH argues that it could not have requested reexamination of *all* asserted claims until it discovered the two new references that prompted the reexamination requests in June and July 2020 (ECF 343 at 6). Given those facts, the court is not persuaded that DISH is seeking to gain a tactical advantage through seeking a stay of this case pending resolution of the reexamination proceedings. The court therefore concludes that this factor also weighs in favor of a stay.

D.  **Timeliness**

Local Patent Rule 3.5 provides that "[a]bsent exceptional circumstances, no party may file a motion to stay the lawsuit pending reexamination . . . in the [USPTO] after the due date for service of the Final Non-infringement Contentions[.]"  ClearPlay argues that even if the above factors favor a stay, the court should deny the Motion as untimely because it was filed over three years after the deadline for final non-infringement contentions, and DISH cannot show exceptional circumstances to justify the delay (ECF 342 at 3–4).  DISH responds that the circumstances in this case are exceptional because (1) the USPTO ordered reexamination of all asserted claims, and (2) the USPTO will likely resolve "inconsistent validity and infringement arguments" made by ClearPlay (ECF 343 at 1).[1]

The court agrees that DISH's three-year delay in requesting reexamination proceedings is significant.  However, as explained above, DISH filed its requests for reexamination of all of ClearPlay's asserted claims soon after its discovery of two of the references forming the basis of these requests and could not have filed these plenary requests until making this discovery.  More importantly, the court agrees that the USPTO's decision to reexamine *all* the claims in this case renders the circumstances here exceptional because of the greater likelihood of reexamination proceedings nearing this case towards its complete resolution.  Considering these facts, the court concludes that DISH has demonstrated exceptional circumstances justifying its delay in seeking reexamination proceedings.

---

[1] The court does not find that alleged inconsistencies in ClearPlay's arguments have any bearing on the timeliness issue because this circumstance would not rise to the level of exceptional.  However, the court notes that DISH's arguments in this regard further bolster the need for a stay pending reexamination proceedings to simplify the issues in this case.

## III. CONCLUSION AND ORDER

After consideration of the relevant factors, the court concludes that a stay of this action is appropriate pending the resolution of reexamination proceedings. Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Stay (ECF 341) is GRANTED;

2. This action is STAYED pending resolution of reexamination proceedings; and

3. The parties must notify the court within five (5) days of completion of reexamination proceedings at the USTPO, and if needed, request a lift of the stay.

IT IS SO ORDERED.

DATED this 18 June 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah