THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CLEARPLAY, INC.,<br><br>                    Plaintiff,<br>v.<br><br>DISH NETWORK, LLC, and<br>ECHOSTAR TECHNOLOGIES, LLC,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION REGARDING SUPPLEMENTAL CLAIM CONSTRUCTION**<br><br>Case No. 2:14-cv-00191-DN<br><br>District Judge David Nuffer |

A claim construction hearing was held on August 13, 2019 ("*Markman* hearing") regarding terms in four patents: U.S. Patent Nos. 7,577,970 ("'970 Patent"); 7,526,784; 7,543,318; and 6,898,799 (collectively, the "Asserted Patents").[1] The parties' stipulated construction of the term "navigation object" was adopted at the *Markman* hearing.[2] And after presenting argument, the parties agreed to construction of the term "filtering action."[3] The parties also agreed to construction of the term "configuration identifier" following the *Markman* hearing after being directed to respond to a proposed construction.[4] The parties could not agree to construction of the term "defin[e/ed/es/ing]," so the term was construed by the court.[5]

Defendants DISH Network, LLC and EchoStar Technologies, LLC (collectively, "DISH") have now filed a motion seeking supplemental claim construction regarding the terms

---

[1] Memorandum Decision and Order Regarding Claim Construction ("Claim Construction Order") at 1, docket no. 309, filed August 26, 2019.

[2] *Id.* at 5.

[3] *Id.* at 9–10.

[4] *Id.* at 12–13.

[5] *Id.* at 17–18.

(1) "navigation object," (2) "defining . . . a specified filtering action," and (3) "configuration identifier" ("DISH's Motion").[6] DISH argues that Plaintiff ClearPlay, Inc. ("ClearPlay") has taken inconsistent positions regarding these terms[7] requiring their supplemental construction pursuant to *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.* ("*O2 Micro*").[8]

Because DISH fails to establish an actual dispute regarding the proper construction of claim terms, DISH's Motion[9] is DENIED.

## DISCUSSION

DISH seeks supplemental claim construction pursuant to *O2 Micro*.[10] In *O2 Micro*, the Federal Circuit Court of Appeals held that "[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."[11] Claim construction is a matter of law.[12] But there is no requirement to construe a claim term when there is no actual dispute about its meaning.[13]

Following *O2 Micro*, the Federal Circuit Court of Appeals clarified that a party becoming "dissatisfied with its own proposed construction and s[eeking] a new one does not give rise to an *O2 Micro* violation."[14] And there is also not an actual dispute "[w]here a district court has resolved the questions about claim scope that were raised by the parties[.]"[15]

---

[6] Motion Re: Supplemental Claim Construction Pursuant to *O2 Micro* ("DISH's Motion") at 1, docket no. 355, filed July 14, 2021.

[7] *Id.*

[8] 521 F.3d 1351 (Fed. Cir. 2008).

[9] Docket no. 355, filed July 14, 2021.

[10] *Id.*

[11] *O2 Micro*, 521 F.3d at 1362.

[12] *Id.* at 1360.

[13] *Id.* at 1362.

[14] *Nuance Commc'n, Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368, 1373 (Fed. Cir. 2016).

[15] *GPNE Corp. v. Apple, Inc.*, 830 F.3d 1365, 1372 (Fed. Cir. 2016).

**DISH fails to establish an actual dispute
regarding the term "navigation object"**

At the heart of DISH's Motion is an asserted dispute over the term "navigation object." DISH argues that "ClearPlay has asserted conflicting broad and narrow interpretations of 'navigation object[.]'"[16] DISH seeks supplemental claim construction of the terms "navigation object," "defining . . . a specified filtering action," and "configuration identifier" to capture the narrow interpretation of "navigation object."[17] However, no actual dispute exists regarding these terms. Supplemental claim construction is therefore not required.

The parties agreed to construction of "navigation object" prior to the *Markman* hearing.[18] Indeed, it was DISH that requested ClearPlay stipulate to a "plain and ordinary meaning (as defined by the terms of the claims themselves)" construction for "navigation object."[19] This stipulated construction was confirmed and adopted at the *Markman* hearing:

> THE COURT: I want to go back to navigation object. You both agreed that it was the plain and ordinary meaning.
>
> MR. CHACHKES [(DISH'S COUNSEL)]: Yes, Your Honor.
>
> THE COURT: Okay. It's navigation object, then. There's nothing to give the jury in addition? No gloss, no help, nothing?
>
> MR. CHACHKES [(DISH'S COUNSEL)]: Navigation is always internally defined in every claim. So it says navigation object, which is start, stop.
>
> THE COURT: All right.[20]

---

[16] DISH's Motion at 13.

[17] *Id*. at 13–19.

[18] Claim Construction Order at 5.

[19] ClearPlay, Inc.'s Response to DISH Network LLC's Motion for Supplemental Claim Construction at 1–2, docket no. 363, filed August 6, 2021.

[20] Claims Construction Hearing Transcript at 66:20-67:8, docket no. 314, filed March 9, 2020; Claim Construction Order at 5.

DISH now proposes that "navigation object" be construed as: "In addition to the definitions set forth in the claims, each navigation object must contain its own 'start position,' 'stop position,' and distinct 'filtering action' within a single file or data structure."[21] DISH argues that this construction is necessary because ClearPlay's use of varying interpretations of the term.[22] But regardless of DISH's argument, the stipulated and adopted construction of "navigation object" is entirely consistent with the Asserted Patents' claims.

Each time "navigation object" is used in the Asserted Patents, the term is defined by the claims. For example, Claim 1 of the '970 Patent states:

> loading a plurality of *navigation objects* into the memory of the consumer computer system, *each of which defines a portion of the multimedia content that is to be filtered by defining a start position and a duration from the start position and a filtering action to be performed on the portion of the multimedia content defined by the start and the duration from the start position for that portion.*[23]

The scope of "navigation object" is plainly within the claim language. There is no dispute over the term's scope because it is defined by the claims. DISH's newly proposed construction of "navigation object" goes beyond this scope. And DISH is attempting to manufacture a dispute where it has become dissatisfied with the construction that it originally proposed and to which ClearPlay stipulated. Merely becoming dissatisfied with the construction of a claim term is not a basis for supplemental claim construction.[24]

Additionally, DISH's newly proposed construction of "navigation object" runs afoul of the District of Utah's Local Rules of Patent Practice. Local Rule 4.1(b) provides that "[n]o more than 10 terms or phrases may be presented to the court for construction prior leave of court upon

---

[21] DISH's Motion at 16.

[22] *Id.* at 13–16.

[23] U.S. Patent No. 7,577,970 (emphasis added).

[24] *Nuance Communications, Inc.*, 813 F.3d at 1373; *GPNE Corp.*, 830 F.3d at 1372.

a showing of good cause."[25] The parties have already submitted 10 terms for construction.[26] "Navigation object" would be an eleventh term for construction without prior leave or a showing of good cause. And DISH's attempt to avoid the Local Rule by combining the terms "defin[e/ed/es/ing]" and "filtering action" into a single phrase does not rectify the problem. As discussed,[27] DISH fails to establish good cause or a sufficient justification for combining these terms or for their supplemental construction.

Therefore, because no actual dispute exists regarding "navigation object," and because the addition of "navigation object" as a term for construction would violate Local Rule 4.1(b), supplemental claim construction of the term is not required or appropriate.

### DISH fails to establish an actual dispute regarding the term "configuration identifier"

Following the *Markman* hearing, the parties were directed to respond to a proposed construction of "configuration identifier."[28] The parties subsequently agreed to the following construction of the term: "An identifier of the consumer system (including hardware and software) that is used to determine if the navigation objects apply to the particular consumer system."[29] This stipulated construction was adopted.[30] The construction gives ordinary and customary meaning to the term as understood by a person of ordinary skill in the art at the time of the invention.[31]

---

[25] LPR 4.1(b).

[26] Claim Construction Order at 6.

[27] *Infra*, Discussion at 6–8.

[28] Claim Construction Order at 13.

[29] *Id.*

[30] *Id.*

[31] *Id.*

DISH now proposes that "configuration identifier" be construed as: "An identifier of the hardware and software configuration of a consumer system to which the navigation object applies, which is located within its navigation object and must contain at least a version number corresponding to that portion's specific encoding scheme."[32] This newly proposed construction—where a configuration identifier "is located within its navigation object"—flows from and relies on DISH's proposed supplemental construction of "navigation object."[33] But no actual dispute exists regarding the scope of "navigation object," and the term's supplemental construction is neither necessary or appropriate.[34] DISH has merely become dissatisfied with the stipulated and adopted constructions of "navigation object" and "configuration identifier." Therefore, there is no actual dispute or basis for supplemental construction of "configuration identifier"[35] and its supplemental construction is not required or appropriate.

### DISH fails to establish an actual dispute regarding the term "defining . . . a specified filtering action"

The disputed term "defin[e/ed/es/ing]" was construed at the *Markman* hearing after consideration of the parties' arguments.[36] The parties also agreed to a construction of "filtering action" at the *Markman* hearing.[37] DISH now proposes supplemental construction of the phrase "defining . . . a specified filtering action" as: "Describing or specifying a distinct filtering operation."[38] DISH fails to demonstrate a sufficient basis for this supplemental construction.

---

[32] DISH's Motion at 18.

[33] *Id*. at 13–18.

[34] *Supra*, Discussion at 3–5.

[35] *Nuance Communications, Inc.*, 813 F.3d at 1373; *GPNE Corp.*, 830 F.3d at 1372.

[36] Claim Construction Order at 9.

[37] *Id*. at 17.

[38] DISH's Motion at 19.

As an initial matter, DISH offers no justification or need for combining the terms "defin[e/ed/es/ing]" and "filtering action" into a single phrase for construction. There is also no apparent justification for this, other than to permit construction of "navigation object" by circumventing Local Patent Rule 4.1(b)'s limitation on the number of terms or phrases that may be presented for construction. "[D]istrict courts are not (and should not be) required to construe *every* limitation present in a patent's asserted claims."[39] Because DISH fails to demonstrate good cause or a sufficient justification for combining the terms into a single phrase for construction, supplemental construction of the phrase is not required or appropriate.

Regardless, no actual dispute exists regarding the terms within the phrase "defining . . . a specified filtering action" to require the phrase's supplemental construction. At the *Markman* hearing, "defin[e/ed/es/ing]" was a disputed term that required construction.[40] DISH's proposed construction of the term included "specify."[41] ClearPlay's proposed construction of "defin[e/ed/es/ing]" included "assign, describe, or specify."[42] Both parties ultimately agreed that describe" lacked specificity and was overbroad.[43] Clearplay then argued that the term include both "assign" and "specify," while DISH argued the term include "assign" or "specify" but not both.[44] The term was construed as: "Assign or specify [a start position, stop position, or filtering

---

[39] *O2 Micro*, 521 F.3d at 1362.

[40] Claim Construction Order at 17–18.

[41] *Id*. at 17.

[42] *Id*.

[43] *Id.* at 18.

[44] *Id*. Without explanation for its change in course, DISH's newly proposed construction reintroduces "describing" into the definition of "defining," and removes "assign" while retaining "specifying." DISH's Motion at 19. DISH's prior concession that "describe" lacked specificity and was overbroad precludes a supplemental construction that includes "describing" where DISH has merely become dissatisfied with a term's construction. *Nuance Communications, Inc.*, 813 F.3d at 1373; *GPNE Corp.*, 830 F.3d at 1372.

action]."[45] Because the term was construed at the *Markman* hearing, its scope has been determined.[46] No actual dispute regarding the term remains.[47]

There is also no actual dispute regarding the scope of the term "filtering action." The term was initially disputed by the parties.[48] But after presenting argument and receiving feedback at the *Markman* hearing, the parties agreed to construe the term as: "An action that edits or rejects some multimedia content while allowing other multimedia content to be unchanged."[49] The stipulated construction was adopted because it gives ordinary and customary meaning to the term as understood by a person of ordinary skill in the art at the time of the invention.[50] DISH's dissatisfaction with the stipulated and adopted construction is not a sufficient basis for supplemental construction.[51] And regardless, DISH's newly proposed construction does not add to an understanding of the term's scope. Rather, it creates confusion in term's meaning because it only substitutes "operation" for "action" without describing that action or operation.[52]

Because DISH fails to demonstrate good cause or a sufficient justification for combining the terms "defin[e/ed/es/ing]" or "filtering action" into a single phrase for construction, and because no actual dispute exists regarding the terms, supplemental construction of the terms is not required or appropriate.

---

[45] Claim Construction Order at 18.

[46] *GPNE Corp. v. Apple Inc.*, 830 F.3d at 1372.

[47] *Id*.

[48] Claim Construction Order at 9.

[49] *Id*.

[50] *Id.* at 9–10, 18.

[51] *Nuance Communications, Inc.*, 813 F.3d at 1373; *GPNE Corp.*, 830 F.3d at 1372.

[52] DISH's Motion at 19.

**ORDER**

IT IS HEREBY ORDERED that DISH's Motion[53] is DENIED.

IT IS FURTHER ORDERED that by no later than March 18, 2022, the parties must meet, confer, and jointly submit a proposed amended scheduling order for moving this case to disposition.

Signed March 1, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[53] Docket no. 355, filed July 14, 2021.