Brent O. Hatch (5715)  
hatch@hatchpc.com  
HATCH LAW GROUP, PC  
22 East 100 South  
Salt Lake City, Utah 84111  
Telephone: (801) 869-1919

G. Hopkins Guy III (*pro hac vice*)  
hop.guy@bakerbotts.com  
BAKER BOTTS LLP  
1001 Page Mill Road Bldg. 1 Suite 200  
Palo Alto, CA 94304  
Telephone: (650) 739-7510

*Attorneys for Defendants*  
*[Additional Counsel Listed in Signature Block]*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CLEARPLAY, INC. <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK L.L.C., and ECHOSTAR TECHNOLOGIES L.L.C., <br><br> Defendants. | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> **REDACTED VERSION** <br><br> Case No.: 2:14-cv-00191-DN-BCW <br><br> District Judge David Nuffer |

# TABLE OF CONTENTS

Pages

I.    INTRODUCTION AND RELIEF REQUESTED.................................................... 1

II.   STATEMENT OF UNDISPUTED MATERIAL FACTS ......................................... 3

    A.    ClearPlay's Concessions During Prosecution and IPR Narrowed ClearPlay's Asserted
Claims to Require Limitations that DISH Simply Does Not Use.............................................. 3

        1.    DISH's Accused AutoHop Feature ................................................ 3

        2.    ClearPlay's Asserted Claims and Claim Elements Relevant to Non-Infringement ..... 6

        3.    ClearPlay's Infringement Theories for Navigation Object............................ 8

        4.    ClearPlay's Infringement Theory for Configuration Identifier ..................... 9

        5.    ClearPlay's Infringement Theory for Disabling Navigation Objects........................ 10

        6.    ClearPlay's Infringement Theory for Joey Devices ................................... 10

    B.    ClearPlay Cannot Demonstrate Knowledge of Infringement by DISH........................ 11

        1.    ClearPlay's Communications with ███████████.......................................... 11

        2.    ClearPlay's Communications with ███████████ ......................................... 11

        3.    ClearPlay's Communications with ███████████ ...................................... 13

        4.    Evidence That Is Lacking ........................................................ 14

III.  LEGAL STANDARDS........................................................................... 14

IV.   SUMMARY JUDGMENT OF NON-INFRINGEMENT IS WARRANTED AS TO ALL
ASSERTED CLAIMS ............................................................................... 15

    A.    Ground 1 (All Asserted Claims):  DISH's Accused Products Do Not Use "Navigation
Objects."............................................................................................... 15

        1.    ClearPlay's Shifting Theories Do Not Literally Meet the Filtering Action Required by
All Asserted Claims. ............................................................................ 18

        2.    ClearPlay Cannot Rely on DOE for the Navigation Objects Limitation.................... 22

    B.    Ground 2 ('318 Patent, Claim 23; '799 Patent, Claim 12; '970 Patent, Claim 16): The
Alleged Configuration Identifier Does Not Identify Both Hardware and Software................ 25

    C.    Ground 3 ('970 Patent, Claims 17, 24, 28, 31, 32, 33, 37; '784 Patent, Claim 3):  The
Disabling Claims are Not Infringed Because DISH Does Not Disable Navigation Objects.... 26

    D.    Ground 4 ('784 Patent, Claim 3):  DISH's Server Never "Receiv[es] a Request For One
Or More Navigation Objects" From a DISH Set-Top Box And Thus Cannot Infringe Claim 3
of the '784 Patent. ................................................................................... 28

    E.    Ground 5 (All Asserted Claims):  Joeys Are Incapable of Infringement. ..................... 31

V.    SUMMARY JUDGMENT IS WARRANTED AS TO WILLFUL INFRINGEMENT ...... 32

    A.    ClearPlay's Pre-Suit Dealings with DISH Fail to Demonstrate DISH's Knowledge of
Infringement of the Asserted Patents. ............................................................... 33

1. ██████████████████████████████████████████████
███████████████████████████. ................... 33

2. ██████████████████████████████████████████████
███████. ................................................................... 36

B.    ClearPlay Has No Evidence Beyond Continued Use of the Alleged Infringing AutoHop
Feature for Post-Suit Willfulness. ................................................................. 39

VI.  CONCLUSION ...................................................................................... 40

## TABLE OF AUTHORITIES

**Pages**

CASES

*Boston Sci. Corp. v. Nevro Corp.*,
   560 F. Supp. 3d 837 (D. Del. 2021)......................................................................15

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).............................................................................................14

*Conopco, Inc. v. May Dep't Stores Co.*,
   46 F.3d 1556 (Fed. Cir. 1994)..............................................................................22

*Cypert v. Indep. Sch. Dist. No. I-050 of Osage Cnty.*,
   661 F.3d 477 (10th Cir. 2011) .............................................................................37

*FatPipe Networks India Ltd. v. XRoads Networks Inc.*,
   No. 2:09-CV-186-DN, 2015 WL 12778762 (D. Utah Sept. 22, 2015)...................29

*Funai Elec. Co. v. Daewoo Elecs. Corp.*,
   616 F.3d 1357 (Fed. Cir. 2010).......................................................................33, 34

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016)..................................................................................15, 32, 39

*In re Rumsey Land Co., LLC*,
   944 F.3d 1259 (10th Cir. 2019) ...........................................................................14

*Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*,
   589 F.3d 1179 (Fed. Cir. 2009).............................................................................30

*Intellectual Ventures I LLC v. Symantec Corp.*,
   234 F. Supp. 3d 601 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018)..........32, 35, 40

*J&M Indus., Inc. V. Raven Indus., Inc.*,
   457 F. Supp. 3d 1022 (D. Kan. May 2020).............................................................39

*Nissim Corp. v. ClearPlay, Inc.*,
   No. 04-cv-21140 (S.D. Fl.) ................................................................13, 14, 37, 38

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
   396 F. Supp. 3d 851 (N.D. Cal. 2019) ...................................................................36

*Sprint Commc'ns Co. L.P. v. Cequel Commc'ns, LLC*,
   Civ. No. 18-1752-RGA, 2022 WL 421336 (D. Del. Jan. 13, 2022) .......................36

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
    930 F.3d 1295 (Fed. Cir. 2019)..................................................................................15

*SRI Int'l v. Cisco Sys., Inc.*,
    14 F.4th 1323 (Fed. Cir. 2021) .........................................................................15, 32

*Vehicle IP, LLC v. AT&T Mobility LLC*,
    227 F. Supp. 3d 319 (D. Del. 2016)...........................................................................39

*W. Coast Trends, Inc. v. Ogio Int'l, Inc.*,
    Civ. No. 2:11-CV-01190-TC, 2015 WL 3819878 (D. Utah May 1, 2015) ............................39

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
    520 U.S. 17 (1997)...............................................................................................23, 26

*WCM Indus., Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) ............................................................................15

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021)...........................................................................39

## I.     INTRODUCTION AND RELIEF REQUESTED

Plaintiff ClearPlay alleges that the commercial skipping feature of Defendants DISH Network L.L.C. and EchoStar Technologies L.L.C. (collectively, "DISH"), called "AutoHop," infringes ClearPlay's Asserted Patents.  AutoHop is implemented on DISH's Hopper set-top boxes ("STBs") and, in homes with more than one television, also displayed through a supporting device called the Joey.  Summary judgment of non-infringement for all asserted claims is appropriate as indicated in the following table:

| Asserted Patent | Asserted Claim(s) | Non-Infringement Grounds |
|---|---|---|
| U.S. Patent No. 7,543,318 (the "'318 Patent") | Claim 23 | Ground 1 – No navigation object<br>Ground 2 – No configuration identifier |
| U.S. Patent No. 6,898,799 (the "'799 Patent") | Claim 12 | Ground 1 – No navigation object<br>Ground 2 – No configuration identifier |
| U.S. Patent No. 7,526,784 (the "'784 Patent") | Claim 3 | Ground 1 – No navigation object<br>Ground 3 – No disabling of navigation objects<br>Ground 4 – No requests for navigation objects |
| U.S. Patent No. 7,577,970 (the "'970 Patent") | Claims 16, 17, 24, 28, 31-33, and 37 | Ground 1 – No navigation object<br>Ground 2 – No configuration identifier (claim 16)<br>Ground 3 – No disabling of navigation objects (claims 17, 24, 28, 31-33, 37) |
| All Asserted Patents | All Asserted Claims | Ground 5 – Joeys do not infringe |

Specifically, DISH systems with the AutoHop feature lack the required "navigation object" element of every Asserted Claim.  The Court maintained the agreed-upon construction of "navigation object" as having a "plain and ordinary meaning (as defined by the terms of the claims themselves)."  Dkt. 367 at 3.  Under its plain meaning as defined by the terms of the claims, navigation objects contain, at a minimum, a start position, a stop position, and ***a filtering action*** for filtering the multimedia content between the start and stop positions.  ClearPlay repeatedly emphasized to the Patent Office that its navigation objects must ***expressly*** identify a filtering action (e.g., skipping, reframing, or muting) for the program segment defined by the start and stop positions and that all three elements must be within the same object.  In contrast, AutoHop omits commercials by sequentially playing only those segments of a recording that correspond to the

desired show without playing the commercials—no filtering action is employed.  Essentially, the ClearPlay and DISH approaches are opposites.  ClearPlay specifies ***undesirable*** content between a start and stop position and then specifies a filtering action to skip, reframe, or mute that defined content, while DISH defines only ***desirable*** content and its sole action is to play the desirable content, resulting in the skipping of commercials.  Because DISH only plays desirable content, it never needs to "specify" any action to take for the undesirable commercials.

Faced with this fundamental difference, ClearPlay asserts at least eight different infringement theories to obfuscate its failure of proof.  All eight theories fail because DISH's systems do not have the required "filtering action" for the defined portion of the content to be filtered.  In addition, three of those theories fail because ClearPlay points to collections of elements scattered throughout the DISH software such that they are not contained within a single "object."

Separately and independently, summary judgment of non-infringement should also be granted because AutoHop lacks two additional limitations required by the Asserted Claims.  The narrow claims require either: (1) the navigation object additionally contains a configuration identifier that identifies both hardware ***and*** software;[1] or (2) disabling of the navigation object itself.[2]  Together, these two arguments further support non-infringement of all Asserted Claims.

The last two grounds for summary judgment of non-infringement relate to specific aspects of the case.  First, the AutoHop feature also does not meet the "receiving a request [at the server] for one or more navigation objects" limitation for claim 3 of the '784 Patent, which is the only asserted claim of that patent.  DISH transmits the alleged navigation objects to its STBs over a one-way satellite communication link.  That link does not have a return path for the DISH STBs

---

[1]  Claim 12 of the '799 Patent; claim 23 of the '318 Patent; and claim 16 of the '970 Patent.

[2]  Claim 3 of the '784 Patent; and claims 17, 24, 28, 31-33, and 37 of the '970 Patent.

to send a request back to the DISH servers.  Second, the accused Joey devices merely allow the Hopper to support additional televisions within the same home.  The supporting Joey devices lack any of the processing capability found in the STBs, perform none of the limitations of the Asserted Claims and simply cannot infringe ***any*** Asserted Claim.

Finally, no genuine dispute remains as to the material facts for ClearPlay's allegations of willful infringement—prior to this lawsuit, ClearPlay never notified DISH of infringement.  The Asserted Patents themselves do not address any form of commercial skipping at all, let alone DISH's AutoHop implementation for broadcast television.  ClearPlay's patents, products, and marketing materials consistently address filtering of specific content within multimedia content, such as violence, nudity, or vulgar language, which the Asserted Patents categorize as "objectionable material."  AutoHop cannot filter violence, sexuality, or vulgar language.  That functionality within DISH's systems is provided by parental controls, which are not accused here. ClearPlay attempts to ***imply*** willful infringement based solely on DISH's alleged knowledge of the patents.  This is neither factually nor legally enough.  The admitted failure of the Asserted Patents to even mention commercials, advertisements, or broadcast television, and the admission that ClearPlay did not advise DISH of any potential infringement, negates this implication.

Summary judgment should thus be granted as to infringement and willful infringement.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

      A.    <u>ClearPlay's Concessions During Prosecution and IPR Narrowed ClearPlay's Asserted Claims to Require Limitations that DISH Simply Does Not Use</u>

        1.    *DISH's Accused AutoHop Feature*

1.    ClearPlay accuses the operation of AutoHop on DISH's STBs, specifically the Hopper 1, Hopper 2, Hopper 3, and a remote client box, the Joey, that only works with the Hooper line of STBs to support additional televisions, of infringing the Asserted Patents.  Dkt. 2.  ███████

████████████████████████████████████████████████

███████████████████. Ex. 7, Minnick Dec., ¶59 (Appx0174-175).  AutoHop does not filter offensive content. No other feature is accused, including DISH's own parental control software.  *See* Dkt. 2.

2.      AutoHop generally works as follows:

a.   An operator watches a live primetime program and marks the times for the program content.

**b.**  ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████. Ex. 7, Minnick Dec., ¶¶67, 82 (Appx0176, Appx0180).

c.   ████████████████████████████████████████████.

Dkt. 99 at 8, 12-13; Ex. 8, Feamster Rep., ¶¶67, 82, 307-308 (Appx0295, Appx0299, Appx0345); Ex. 7, Minnick Dec., ¶83 (Appx0181). ████████████████████████████

███████████████████████████. Ex. 9, Goldberg Rep., ¶151 (Appx0491); Ex. 10, Goldberg Dep., 207:3-6 (Appx0522); Ex. 7, Minnick Dec., ¶83 (Appx0181).

d.   ████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████. Ex. 11, Feamster Supp., ¶¶5, 7 (Appx0531); Dkt. 134, ¶96; Ex. 9, Goldberg Rep., ¶¶47, 59 (Appx0449, Appx0452).

e.   ███████████████████████████████. Ex. 8, Feamster Rep., ¶¶307-308 (Appx0345); Ex. 7, Minnick Dec., ¶83 (Appx0181).

f. ████████████████████████████████████████████████████████

████████████████████████████████████. Ex. 12, Minnick Dep., 205:4-17 (Appx0799);

Ex. 8, Feamster Rep., ¶105 (Appx0307); Ex. 9, Goldberg Rep., ¶115 (Appx0477-478).

g. ████████████████████████████████████████████████████████

████████████████████████████. *See, e.g.*, Ex. 9, Goldberg Rep., ¶¶115, 123, 127

(Appx0477-478, Appx0480-482); Ex. 8, Feamster Rep., ¶¶105, 134, 169, 188, 224, 313

(Appx0307, Appx0314, Appx0321, Appx0324, Appx0331, Appx0346).

h. ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████. Ex. 9, Goldberg Rep.,

¶77 (Appx0458); Ex. 10, Goldberg Dep., 26:15-22 (Appx0514); Ex. 7, Minnick Dec., ¶¶59, 64

(Appx0174-176).

3. ████████████████████████████████████████████████████████

████████████████████████████████. Ex. 8, Feamster Rep., ¶¶67-68 (Appx0295-

296); Ex. 9, Goldberg Rep., ¶59 (Appx0452).

4. ████████████████████████████████████████████████████████

████████████████████████████████████. Ex. 9, Goldberg Rep., ¶¶47, 59, 155

(Appx0449, Appx0452, Appx0492-493); Ex. 8, Feamster Rep., ¶¶66-67, 102 (Appx0294-295,

Appx0306-307); *see generally* Ex. 11, Feamster Supp. (Appx0528).

5. ████████████████████████████████████████████████████████

██████████████████████████████████████████. Ex. 13, Goldberg Supp., ¶7

(Appx0809-810).

6.    ███████████████████████████████████████████████

████████ Ex. 7, Minnick Dec., ¶13 (Appx0160-161). ████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████.

Ex. 7, Minnick Dec., ¶13 (Appx0160-161); Ex. 9, Goldberg Rep., ¶¶41-42, 99 (Appx0441-445, Appx0470-471); Ex. 8, Feamster Rep., ¶69, 102 (Appx0296, Appx0306-307); Ex. 14, Feamster Dep., 253:13-17 (Appx0853).

        2.    *ClearPlay's Asserted Claims and Claim Elements Relevant to Non-Infringement*

7.    ClearPlay asserts 11 claims from four patents that share nearly identical specifications, drawings, and descriptions.[3]  Ex. 16, Inf. Cont., 2 (Appx0886); Ex. 1, '970 Patent (Appx0001); Ex. 2, '784 Patent (Appx0031); Ex. 3, '318 Patent (Appx0061); Ex. 4, '799 Patent (Appx0092).

8.    Each of the 11 Asserted Claims requires a "navigation object"—a single object used to filter objectionable material from movies during playback by removing content such as "violence, sexuality, or language."   *See, e.g.*, Ex. 1, '970 Patent, 1:22-44 (Appx0017), 21:29-35 (Appx00027).  The Asserted Patents discuss filtering "objectionable material," *see, e.g.*, Ex. 1, '970 Patent, 1:31-44 (Appx0017), 5:1-52 (Appx0019), but never mention, discuss, or use the terms "broadcast," "commercial," or "advertisement."   *See* Ex. 1, '970 Patent (Appx0001); Ex. 2, '784 Patent (Appx0031); Ex. 3, '318 Patent (Appx0061); Ex. 4, '799 Patent (Appx0092).

██████████████████████████████████████████████████████████

████████████████████. *See* Ex. 17, Aho Dep., 72:19-73:8 (Appx1031-1032).

---

[3]  ClearPlay previously asserted a fifth patent, but dropped it because every claim in that patent was invalidated in *inter partes* review.  *See generally* Ex. 15, '282 Patent FWD (Appx0859).

9.      The "navigation object" in every Asserted Claim must contain a "start position," a "stop position," and a "specific filtering action" applicable to the multimedia content between that starting and stopping point.  *See, e.g.,* Ex. 1, '970 Patent, Claim 16 (Appx0027).  All Asserted Claims require "a plurality of navigation objects," except claim 23 of the '318 Patent, which requires one.  An exemplary navigation object 320a, containing start position 321a, stop position 323a, and filtering action 325a, and configuration identifier 329a, is highlighted below:



Ex. 1, '970 Patent, Excerpt of Figure 3A (Appx0008).  In the above figure, the "navigation object" 320a contains a single line of start 321a (HH:MM:SS:FF), stop 323a (HH:MM:SS:FF), and action 325a (skip or mute).

10.     The filtering actions discussed in the Asserted Patents include skip, reframe, and mute. *See, e.g.*, *id.*, 5:1-52 (Appx0019).

11.     During third-party IPR proceedings filed in 2013 and 2014, the Patent Trial and Appeal Board ("PTAB") invalidated, in view of the prior art, all claims that merely claimed navigation objects. Ex. 2, '784 Patent, 28-29 (Appx0059-60); Ex. 3, '318 Patent, 29-30 (Appx0090-91); Ex. 18, '318 FWD (Appx1036); Ex. 19, '784 FWD (Appx1070).  These decisions were affirmed on appeal.  Ex. 20, CustomPlay Appeal (Appx1102).  Only claims including one of the following additional limitations survived the IPR proceedings: (1) the navigation object further includes a "configuration identifier"; and (2) disabling the navigation object.  Ex. 2, '784 Patent, Claim 3 (Appx0056); Ex. 3, '318 Patent, Claim 23 (Appx0087).

7

12. Three of the Asserted Claims require that the navigation object further includes a "configuration identifier" (Claim 12 the '799 Patent, claim 23 the '318 Patent, and claim 16 of the '970 Patent) (collectively, the "Configuration Identifier Claims"). Ex. 1, '970 Patent, Claim 16 (Appx0027); Ex. 3, '318 Patent, Claim 23 (Appx0087); Ex. 4, '799 Patent, Claim 12 (Appx0117).

13. Eight of the Asserted Claims require disabling the navigation object (Claims 17, 24, 28, 31-33, and 37 of the '970 Patent and claim 3 of the '784 Patent) (collectively, the "Disabling Claims"). Ex. 1, '970 Patent, Claims 17, 24, 28, 31-33, 37 (Appx0027-28); Ex. 2, '784 Patent, Claim 3 (Appx0056).

14. Claim 3 of the '784 Patent requires a "server system linked to a consumer system through a communication link," where the server receives "a *request* for one or more navigation objects from the consumer system." Ex. 2, '784 Patent, Claim 3 (Appx0056) (emphasis added).

      3. *ClearPlay's Infringement Theories for Navigation Object*

15. The chart below summarizes ClearPlay's numerous infringement theories:





██████ *See* Ex. 11, Feamster Supp., ¶¶3-19 (Appx0530-535); Ex. 21, Feamster Third Supp., ¶3 (Appx1107-1109); Ex. 14, Feamster Dep., 184:9-18 (Appx0845).

16. ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████. Ex. 8, Feamster Rep., ¶68 (Appx0295-296).

17. ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████. Ex. 8, Feamster Rep., ¶68 (Appx0295-296); Ex. 11, Feamster Supp., ¶13 (Appx0533-534). ██

████████████████████████████████████████████████████████████

███████████████████████████████████████████████. *See* Dkt. 244 ¶¶6-8 (citing Ex. 22, Announcement Spec. (Appx1116)). ████████████████████

████████████████████████████████████████. *See* Table on p.17 *infra*.

   4.   *ClearPlay's Infringement Theory for Configuration Identifier*

18. ██  ██  ████████  ██████  ████████  ██████  ██████  ██

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████. Ex. 8, Feamster Rep., ¶¶122-126 (Appx0311-312); Ex. 9, Goldberg Rep., ¶45 (Appx0448). ████████████████████

███████████████████ Ex. 9, Goldberg Rep., ¶¶116, 141, 148, 163 (Appx0478, Appx0487, Appx0490, Appx0495); *see also* Ex. 8, Feamster Rep., ¶¶122-126 (Appx0311-312).

     5.    *ClearPlay's Infringement Theory for Disabling Navigation Objects*

19.    ████████████████████████████████████████████████████

███████████████████████████. *See, e.g.*, Ex. 8, Feamster Rep., ¶¶144-147 (Appx0316). Disabling a navigation object requires "an indication **within the navigation objects** that [the navigation object] should not be part of the filtering process." *See, e.g.*, Ex. 23, '784 EPR PO Statement at 7, 10, 19 (Appx1178, Appx1181, Appx1190); Ex. 24, '970 EPR Houh Dec., ¶¶33-37 (Appx1207-1208) (emphasis in original). ████████████████████████

████████████████████████████████████████████████████

██████████████████████████████. Ex. 10, Goldberg Dep., 198:14-24, 201:12-15 (Appx0520).

20.    User preferences that enable AutoHop are not part of, and are stored outside of, any navigation object. *See* Ex. 25, Houh Dep., 184:2-17 (Appx1222).

     6.    *ClearPlay's Infringement Theory for Joey Devices*

21.    ████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████. Ex. 9, Goldberg Rep., ¶¶41-42, 99 (Appx0441-445, Appx0470-471); Ex. 8, Feamster Rep., ¶69 (Appx0296); Ex. 14, Feamster Dep., 253:13-17 (Appx0853). ████████

████████████████████████████████████████████████████

██████████. Ex. 9, Goldberg Rep., ¶39 (Appx0439). ████████████████████

████████████████████████████████████████████. *Id.*, ¶99 (Appx0470-471). █████████████████████████████████████████████████

████████. *Id.*

B. <u>ClearPlay Cannot Demonstrate Knowledge of Infringement by DISH</u>

22. ██████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████ Ex. 16, Inf. Cont., 139

(Appx1023); Ex. 50, ClearPlay's Supp. ROG Responses, 16, 24 (Appx2039, Appx2047).

1. *ClearPlay's Communications with* ████████

23. ██████████████████████████████████████████████. Ex. 12,

Minnick Dep., 237:3-9 (Appx0802); Ex. 26, ████████, 23:11-16 (Appx1231); *see also* Ex.

27, Jarman Dep., 191:13-19 (Appx1240).  There is no evidence that ██████ was involved in

developing or patenting AutoHop, or was aware of how AutoHop worked within the Hopper STB.

24. ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████.  Ex. 27, Jarman Dep., 189:23-190:17

(Appx1240); *see also* Ex. 28, 10/24/2005 Aho Email (Appx1245). ████████████████████

██████.  Ex. 28, 10/24/2005 Aho Email (Appx1245).

25. ██████████████████████████████████████████████

██████.  Ex. 27, Jarman Dep., 192:21-24, 193:7-10, 193:19-24 (Appx1240-1241).

2. *ClearPlay's Communications with* ████████

26. ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████.  Ex. 26, ████████████, 7:25-8:4; 9:8-10:2 (Appx1227-1228).

27. ██████████████████████████████████████████████

██████████████████████████.  *Id.*, 32:20-25, 17:19-21; 33:15-25 (Appx1230, Appx1233-1234).

28. ██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ Ex. 29, 2/26/2013 Jarman Email

(Appx1248); Ex. 12, Minnick Dep., 131:11-22 (Appx0796).   Jarman's email did not mention

AutoHop.  Ex. 29, 2/26/2013 Jarman Email (Appx1248).

29. ██████████████████████████████████████████████████████████

████████████. *Id.*; Ex. 27, Jarman Dep., 197:4-8 (Appx1242).

30. █████████████████████████████████████████████████████. Ex.

26, ██████████████, 13:1-25 (Appx1229); Ex. 29, 2/26/2013 Jarman Email (Appx1248).

31. ██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████. *See* Ex. 30, ██████████████████████ (Appx1250).

32. ██████████████████████████████████████████████████████████

████████████████████████████████████ Ex. 26, ██████████████, 19:9-20 (Appx1230).

33. ██████████████████████████████████████████████████████████

████████████ Ex. 31, 3/7/2014 Khemka Email (Appx1253).

34. ██████████████████████████████████████████████████████████

███████████████████████████████████████████████████. *Id.*

35. ██████████████████████████████████████████████████████████

████████████████████████████. *Compare* Ex. 32, 2/27/2013 Jarman Email (Appx1255)

*with* Ex. 33, 2/26/2013 Jarman Email (Appx1259).

36.     There is no evidence that ███████ discussed ClearPlay's patents, either with ClearPlay

or other DISH employees.

     3.     *ClearPlay's Communications with* ███████

37.     ████████████████████████████████████████████████

█████████████████████████████████████████████. Ex. 34, Kennedy Dep.,

13:21-14:8, 19:24-20:1 (Appx1264-1265).

38.     ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████ *Id.*, 70:6-10, 79:3-17 (Appx1276, Appx1278). ████████

████████████████. *Id.*, 66:1-6; 72:14-15 (Appx1275-1276). ████████

█████████████████████████████████. *Id.*, 66:16-18 (Appx1275).

████████████████████████████████████████████████████

██████, *id.*, at 72:14-21 (Appx1276), ████████████████████████,

*id.*, 72:4-9 (Appx1276). ████████████████████████████████

██████. *Id.*, 19:24-20:1 (Appx1265); Ex. 12, Minnick Dep., 131:11-22 (Appx0796).

39.     ████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████. Ex. 35, '013

Claim Chart (Appx1281).

40.     ████████████████████████████████████████████████

████████████████████████████████████████. Ex. 34, Kennedy Dep.,

51:10-25 (Appx1271).

41. 

███████████████████. *See id.*, 38:20-39:2 (Appx1268).

42. ████████████████████████

███████████████████████████. *Id.*, 58:22-59:18 (Appx1273). ██████

█████████████████████████████████ Ex. 52,

5/17/2005 Jarman Email (Appx2056).

43. █████████████████████████████

████████████████████. *See* Ex. 27, Jarman Dep., 197:13-18

(Appx1242).

4.    *Evidence That Is Lacking*

44.    There is no pre-suit evidence that anyone at DISH determined that ClearPlay's technology

could be used to skip commercials in television broadcasts.

45.    There is no evidence that any of the engineers who created AutoHop were aware of any

ClearPlay Asserted Patent.

46.    There is no evidence that, prior to this lawsuit, anyone at DISH analyzed or determined

whether any DISH technology, including AutoHop, infringed a ClearPlay Asserted Patent.

47.    There is no evidence that, prior to this lawsuit, ClearPlay gave DISH notice of infringement

or advised DISH that it believed AutoHop infringed ClearPlay's Asserted Patents.

## III.    LEGAL STANDARDS

The movant has the initial burden of proving the absence of a genuinely disputed material

fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  Once

the movant demonstrates the absence of a genuine dispute, the burden shifts to the non-movant to

show there is a genuine factual issue. *Id*. at 323–24.  The nonmoving party must offer more than

"general and conclusory allegations" to establish "a genuine issue for trial." *In re Rumsey Land*

*Co., LLC*, 944 F.3d 1259, 1279-80 (10th Cir. 2019) (quotation marks and citations omitted).

A finding that infringement was willful—and eligible for enhanced damages—is "'generally reserved for egregious cases,'" or conduct demonstrating "deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1308 (Fed. Cir. 2019) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016)); *SRI Int'l v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021).  Willful infringement is reviewed using a "totality of the circumstances" standard in which ClearPlay must show that "'the risk of infringement was either known or so obvious that it should have been known'" to DISH.  *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 969 (Fed. Cir. 2018) (quoting *Halo*, 579 U.S. at 93).  Knowing infringement is thus central to willful infringement. *Boston Sci. Corp. v. Nevro Corp.*, 560 F. Supp. 3d 837, 842-43 (D. Del. 2021) ("[W]illful infringement is—at a minimum—knowing infringement.").

## IV.  SUMMARY JUDGMENT OF NON-INFRINGEMENT IS WARRANTED AS TO ALL ASSERTED CLAIMS

DISH is entitled to summary judgment of non-infringement, both literal and under the doctrine of equivalents ("DOE"), for all Asserted Claims.

### A.  Ground 1 (All Asserted Claims):  DISH's Accused Products Do Not Use "Navigation Objects."

Based on its plain and ordinary meaning (as defined by the terms of the claims themselves), the navigation object limitation requires a single object with a start position, a stop position, and a filtering action applicable to the content between those start and stop positions.  Dkt. 309, 5.



. Ex. 13, Goldberg Supp., ¶7 (Appx0809-810). ▌

. *See* §II ¶20.



█████████████████████████████████████████████████████████████ Ex. 13, Goldberg

Supp., ¶¶10-16 (Appx0811-814); Ex. 10, Goldberg Dep., 66:9-20 (Appx0517); Dkt. 309, 9.

██████████████████████████████████████████████████. Ex.

13, Goldberg Supp., ¶¶10-16 (Appx0811-814); Ex. 10, Goldberg Dep., 66:9-20 (Appx0517).

██████████████████████████████████. Ex. 36, Goldberg Third Supp., ¶9 (Appx1302).

---

[4] In response to DISH's motion for supplemental claim construction, Dkt. 357, ClearPlay asserted that a navigation object is not limited to a single file or data structure. Dkt. 363. Yet, following resolution of that motion, ██████████████████████████████████████████████ Ex. 21, Feamster Third Supp., ¶2 (Appx1107) ███████████████████████████████ ███████████████; Ex. 14, Feamster Dep., 184:9-18 (Appx0845) █████████████; *see also* Ex. 36, Goldberg Third Supp. (Appx1296).

███████████████████████████████████████████████████

███████████████████████████████████████████. *See, e.g.*, §II ¶9; Ex.

8, Feamster Rep., ¶102 (Appx0306-307) ████████████████████████████

████.

    Furthermore, ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████





.[5]  Ex. 13, Goldberg Supp., ¶16

(Appx0814).

1.  *ClearPlay's Shifting Theories Do Not Literally Meet the Filtering Action Required by All Asserted Claims.*

*Theories 1 and 2:*

.[6]  Ex. 11, Feamster Supp., ¶13 (Appx0533-534);

Ex. 8, Feamster Rep., ¶68 (Appx0295-296).

.  Ex. 14, Feamster Dep., 243:2-19

(Appx0851).

.  Dkt. 158 ¶29.

---

[5]  In contrast, the Asserted Patents require each navigation object to have a filtering action applicable to the content specified by the start and stop positions of the navigation object, because the Asserted Patents disclose multiple filtering actions, including skip, reframe, and mute. *See, e.g.*, Ex. 1, '970 Patent, 1:31-44 (Appx0017), 5:1-52 (Appx0019).

[6]  ████████████████████████████████  Ex. 11, Feamster Supp., ¶13 (Appx0533-534).



Ex. 9, Goldberg Rep., ¶¶111, 112 (Appx0476-477); *see also, e.g.*, Ex. 8, Feamster Rep., ¶¶72-73, 297 (Appx0297, Appx0343).  Theories 1 and 2, thus, fail to identify a filtering action in the alleged navigation objects.[7]

    *Theory 3:*

. *See* SOF ¶9.

. *See* Dkt. 244 ¶8; Ex. 13, Goldberg Supp., ¶13 (Appx0812-813).

Ex. 13, Goldberg Supp., ¶13 (Appx0812-813).  Because the filtering action is not within the alleged navigation object and does not specify an action, this theory fails.

_____

7   All Asserted Claims, except claim 23 of the '318 Patent, require "a plurality of navigation objects," where each navigation object contains "a specific filtering action."



*Theory 4:* ███████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████.[8]   Ex. 9, Goldberg Rep., ¶¶87, 105 (Appx0463-464, Appx0473); Ex. 8, Feamster Rep., ¶¶64, 72 (Appx0294, Appx0297); Ex. 13, Goldberg Supp., ¶¶12, 16 (Appx0812, Appx0814); Ex. 22, Announcement Spec. at 42 (Appx1158).  ████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████.   Ex. 8, Feamster Rep. ¶¶64, 67 (Appx0294-295); Ex. 9, Goldberg Rep., ¶¶87, 105 (Appx0463-464, Appx0473).  ███████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████   Ex. 9, Goldberg Rep., ¶¶87 (Appx0463-464).  ██████████████████████████████████████.  *Id.*

*Theory 5:* ███████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████.   Ex. 8, Feamster Rep. ¶¶64, 67 (Appx0294-295).  ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████   Ex. 36, Goldberg Third Supp., ¶¶8, 9 (Appx1301-1302); Ex. 9, Goldberg Rep., ¶87 (Appx0463-464); Dkt. 309, 9.

---

8 This ███████ functions similarly to the extension used for files on any computer, e.g., .doc for Word documents or .xls for Excel documents.

*Theory 6:* ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████. *See, e.g.,*

Ex. 8, Feamster Rep., ¶160 (Appx0319); Ex. 9, Goldberg Rep., ¶¶47, 59 (Appx0449, Appx0452).

Instead, ██████████████████████████████████████

████████████████████████████████████ Ex. 11, Feamster

Supp., ¶17 (Appx0534). ███████████████████████████

██████████████████████████████████. *See*

Ex. 11, Feamster Supp., ¶¶5, 6, 11, 12, 17 (Appx0531, Appx0533-534); Ex. 8, Feamster Rep.,

¶160 (Appx0319).

*Theory 7:* ████████████████████████████████████

████████████████████████████████████████████████████

████████████ Ex. 13, Goldberg Supp., ¶14 (Appx0813). ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████. *Id.*

*Theory 8:* ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████. Ex. 36, Goldberg Third Supp., ¶10 (Appx1302-1303). ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████   *Id.*

(citing Ex. 13, Goldberg Supp., ¶9 (Appx0810-811) and Ex. 37, Scrubs Architecture, Fig. 1

(Appx1313) (emphasis added)); *see also* Ex. 8, Feamster Rep., ¶68 (Appx0295-296).  ████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████   Ex. 36, Goldberg Third Supp., ¶10 (Appx1302-

1303) (emphasis in original).

Accordingly, DISH's AutoHop cannot literally satisfy the claimed "navigation objects"

under any of ClearPlay's proffered theories.

2.    *ClearPlay Cannot Rely on DOE for the Navigation Objects Limitation*

██████████████████████████   ██████████████████████████████████████

████████████████████████████.   ClearPlay's DOE arguments for the Scattered Elements—

relying on a mere "association" of the start and stop position with a filtering action scattered

anywhere across the system—fail as improperly vitiating the "navigation object" language in each

claim.   Indeed, these theories impermissibly read out the term "object" by allowing the elements

of a navigation object to be found anywhere, thereby erasing "meaningful structural and functional

limitations of the claim on which the public is entitled to rely in avoiding infringement.'"

*Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994) (quotation marks and

citations omitted).   ClearPlay does not even offer DOE arguments for Infringement Theories 4-8.

---

[9] Dkt. 134 at 7-8, 37-38; Ex. 11, Feamster Supp., ¶¶8, 15, 20 (Appx0532, Appx0534-535).

ClearPlay's expert, Dr. Feamster, asserts that, "[f]rom the view point of a person of ordinary skill in the art, *there is an insubstantial difference between storing all the information in one data structure versus multiple associated data structures*." Dkt. 134 ¶61 (emphasis added). ClearPlay's DOE arguments, therefore, rely on combining alleged start and stop positions from the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with non-filtering functions contained outside the navigation object. This is contrary to the plain and ordinary meaning of "navigation *object*" and rewrites the claims to require only a start position, a stop position, and *associated* filtering action—regardless of where those may be found.

This argument is impermissible as a matter of law. The vitiation doctrine ensures that "the application of the doctrine [of equivalents] . . . is not allowed such broad play as to effectively eliminate that element." *See, e.g.*, *Warner-Jenkinson Co. v. Hilton Davis Chem. Co*., 520 U.S. 17, 29 (1997). ClearPlay cannot expand the claim through equivalents by removing a limitation from the "navigation object."

Allowing ClearPlay to expand the claimed "navigation object" to mere association runs contrary to ClearPlay's representations to the USPTO to gain allowance of these claims. The Court previously recognized this logical inconsistency in ClearPlay's litigation of the same Asserted Patents against VidAngel during a temporary restraining order hearing:

> THE COURT:  "But it seems to me that you're almost *saying two different things*, . . . [*for invalidity,] no [prior art] had all these elements together*; . . . and then [*for infringement] you say, but they don't really have to be in a single object. It can be associated*."
>
> "*Now [for invalidity] you want it to be a <u>bundling</u> information. . . . But when we were talking about infringement, you were saying it could be <u>distributed</u>*.").

Ex. 38, VidAngel TRO, 68:10-17, 201:1-8 (Appx1385, Appx1518).  The Court recognized ClearPlay's emphasis on this distinction to the USPTO. Ex. 39, 11/05/2014 Oral Hrg., 29:22-30:2

23

(Appx1605-1606) ("navigation object, if you just look at the **structure** of it, you're going to see those **three elements <u>in</u> the navigation object**.") (emphasis added); *see also id.* at 57:17–21 (Appx1633) ("You've got to have those three elements, . . . a start position, a stop position and a filtering action defined between the start and the stop"), Ex. 40, '970 POR at 3 (Appx1670) ("**<u>each</u> navigation object must include** separate start and stop positions **along with the filtering action**.") (emphasis added). Based on ClearPlay's arguments, the PTAB agreed that the prior art did not disclose a navigation object because:

> **The specific filtering action [of the prior art] is not defined <u>as part of a</u> navigation object** that also includes the start and stop positions, or duration, of content that is to be filtered, as called for in the claims of the '970 Patent.

Ex. 41, '970 ID at 17-18 (Appx1700-1701); *see also* Ex. 19, '784 FWD, 12-13 (Appx1082-1083) (distinguishing prior art disclosing filtering actions "not included with the [start and stop] positions in a single 'navigation object'"); Ex. 19, '784 FWD, 22 (Appx1092) ("*[I]t is clear*, based on the reference disclosures, that ***Abecassis discloses filtering actions taken with respect to the segments defined by start and stop positions (but not included with the positions in a <u>single</u> 'navigation object')*.*" (emphasis added).[10] ClearPlay cannot now rely on the DOE to recapture that scope.

Accordingly, summary judgment of non-infringement is warranted based on ClearPlay's failure to show infringement of the Asserted Claims based on the claimed "navigation object."

---

[10] ClearPlay made similar arguments regarding the contents of the claimed navigation object in its invalidity expert's report and in *ex parte* reexaminations of the Asserted Patents. Ex. 42, Houh Rep., ¶¶102-103, 123-124 (Appx1758-1760, Appx1766); Ex. 43, '318 EPR PO Stmt., 15 (Appx1897); Ex. 44, '970 EPR PO Stmt., 21-22 (Appx1925-1926); Ex. 45, '784 EPR PO Stmt., 10 (Appx1943); Ex. 46, '799 EPR PO Stmt., 10 (Appx1967).

B.    <u>Ground 2 ('318 Patent, Claim 23; '799 Patent, Claim 12; '970 Patent, Claim 16): The Alleged Configuration Identifier Does Not Identify Both Hardware and Software.</u>

The Configuration Identifier Claims each recite a navigation object containing a "configuration identifier."   SOF ¶12.   During claim construction, ClearPlay proposed a construction that a configuration identifier could identify "hardware" only, but the Court expressly rejected ClearPlay's proposal.   Dkt. 309 at 12-13 ("The use of 'hardware and/or software' in Plaintiff's proposed construction is broader than and inconsistent with the Asserted Patents' specification language, and the PTAB's construction of the term, which refer to the consumer system's 'hardware and software.'") (citing Ex. 48, '970 FWD at 8 (Appx1996) and Ex. 18, '318 FWD at 30 (Appx1066)).   As construed, "configuration identifier" means, in relevant part, "an identifier of the consumer system (including hardware **and** software)," a construction that rejected ClearPlay's original position that the claims cover "hardware **and/or** software."   Dkt. 309, 12-13 (emphasis added).   ███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████[11]   Ex. 8, Feamster Rep., ¶¶122-126 (Appx0311-313).   ████████████████████████████████████████████████████████

███████████████████████████████████████████████████.   *See* Ex. 8, Feamster Rep., ¶122 (Appx0311)   ██████████████████████████████████████████████████████

█████████████████;[12]  Ex. 10, Goldberg Dep., 213:16-214:4 (Appx0523-524)   ████████████

████████████████████████████████████████████████████████████████████

---

11 ███████████████████████████████████████████████████.   ClearPlay has not identified an alleged configuration identifier within either of the other alleged navigation objects—██████████████████████████████████████.

12 ████████████████████████████████████████████████████████████████████████

██████████████████.   *See, e.g.*, Ex. 47, Templeman Dep., 38:16-39:1 (Appx1982).



██████████████████████████████████. ████████████████████████

████████████████████████████████████████████████████████

██████████████ Ex. 10, Goldberg Dep., 216:14-217:6 (Appx0524). ████████████████

████████████████████████████████████████████████████████

██████████████████████████████ *See* Ex. 8, Feamster Rep., ¶122 (Appx0311); Ex. 10,

Goldberg  Dep.,  213:16-214:4  (Appx0523-524) ████████████████

████████████████████████████████████████████████████████

██████████████████████████. Thus, summary judgment of no literal infringement is

appropriate.

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ Ex. 8, Feamster Rep., ¶¶123, 125 (Appx0311-312); *see, e.g.*,

*Warner-Jenkinson*, 520 U.S. at 29.  In so doing, ClearPlay has ignored the Court's construction of

"configuration  identifier."   Summary  judgment  of  non-infringement  is  warranted  for  the

Configuration Identifier Claims.

    C.    <u>Ground 3 ('970 Patent, Claims 17, 24, 28, 31, 32, 33, 37; '784 Patent, Claim 3):
The Disabling Claims are Not Infringed Because DISH Does Not Disable
Navigation Objects.</u>

The Disabling Claims require "disabling of one or more of the navigation objects such that

the specific filtering action specified by the disabled navigation object is ignored."  SOF ¶13.  In

other words, they require performing some action on the particular navigation object such that it

becomes a disabled navigation object in which the specific filtering action is ignored.  ClearPlay's

two infringement theories omit any allegation about any action performed on a navigation object

to render it "disabled."

The specifications of the Asserted Patents explain this claimed disabling functionality, which requires some action taken on at least one identified navigation object, and the resulting "disabled navigation object."  *See* Ex. 1, '970 Patent, 18:56-63 (Appx0025); Figure 6 (Appx0015), steps 630 ("Receive response identifying navigation objects to disable") & 640 ("Disable identified navigation objects").  As a result of the disabling step, the Asserted Patents provide that disabled navigation objects are "marked as disabled" "by including an indication within the navigation objects," and then the system has what is necessary to "ignore navigation objects that have been marked as disabled" and are not "used in filtering."  *Id.* at 18:64-19:4 (Appx0025-26).  "[*D*]*isabling* . . . the . . . navigation object" requires some action taken on the navigation object that changes it, such that it is then identifiable as a "disabled navigation object."  *Id.*  This is also consistent with statements that ClearPlay, and its invalidity expert, Dr. Houh, made during the *ex parte* reexamination proceedings, i.e., that disabling a navigation object requires "an indication within the navigation objects that they should not be part of the filtering process."  Ex. 44, '970 EPR PO Stmt., 10 (Appx1914); Ex. 45, '784 EPR PO Stmt., 7 (Appx1940); Ex. 49, '784 EPR Houh Dec., ¶¶33-37 (Appx2015-2016); Ex. 24, '970 EPR Houh Dec., ¶¶33-37 (Appx1207-1208).

ClearPlay has not offered evidence that the alleged navigation objects in DISH's system are ever disabled, or that any "disabled navigation object" results.  ClearPlay relies on two distinct theories.  ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████. Ex. 8, Feamster Rep. ¶144 (Appx0316).  ████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████  *Id.*

However, neither of these theories addresses any action taken to disable anything resembling a navigation object; and neither identifies a navigation object that becomes a "disabled navigation object" after the disabling is performed. ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████. *Compare* Ex. 8, Feamster Rep. ¶144 (Appx0316) *with* Ex. 1, '970 Patent, 18:64-19:4 (Appx0025-26); *see also* Ex. 10, Goldberg Dep., 205:2-10 (Appx0521). ████████████████████████████████████

████████████████████████████████████. Ex. 10, Goldberg Dep. 205:2-10 (Appx0521). ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████. *See, e.g.*, *Id.*, 204:19-205:1 (Appx0521) ████████████████████████████████████

████████. The ████████████████████████████████ is not the same as the claimed disabling of a particular navigation object to produce a "disabled navigation object" and then ignoring the specific filtering action inside that navigation object.

Ultimately, ClearPlay fails to offer any evidence of any specific ***disabling*** step being performed on any particular navigation object that produces a "disabled navigation object." There is no factual dispute about how AutoHop operates in these respects. Thus, summary judgment of non-infringement of the Disabling Claims is warranted.

D.  Ground 4 ('784 Patent, Claim 3):  DISH's Server Never "Receiv[es] a Request For One Or More Navigation Objects" From a DISH Set-Top Box And Thus Cannot Infringe Claim 3 of the '784 Patent.

Claim 3 of the '784 Patent requires a "server system linked to a consumer system through a communication link," where the server receives "a ***request*** for one or more navigation objects

28

*from the consumer system*.” Ex. 2, ’784 Patent, Claim 3 (App0056) (emphasis added). ███

███████████████████████████████████████████████████

███████████████████████████. *See* Ex. 8, Feamster Rep., ¶¶307-08 (Appx0345). ████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████. Ex. 7, Minnick Dec., ¶83 (Appx0181); *see* Ex. 10, Goldberg Dep., 207:3-6 (Appx0522)

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████. Ex. 11, Feamster Supp., ¶¶5, 7 (Appx0531).

According to the express claim language, mere communication is not enough; the consumer system must affirmatively ask the server system for at least one navigation object. Summary judgment is appropriate here because it is undisputed that the accused DISH consumer systems (DISH STBs) ***do not request*** “one or more navigation objects” (alleged to be satisfied by ████████████) from any server. *See FatPipe Networks India Ltd. v. XRoads Networks Inc.*, No. 2:09-CV-186-DN, 2015 WL 12778762, at *19 (D. Utah Sept. 22, 2015) (“[Plaintiff] did not come forward with evidence to raise a genuine issue of material fact” to avoid summary judgment).

███████████████████████████████████████████████████

███████████████████████████████████████████. Ex. 8, Feamster Rep., ¶¶307, 308 (Appx0345). ███████████████████████████████████████

██████████████████████████. *Id.* (emphasis added). ██████████████

███████████████████████████████████████████████████

████. Dr. Feamster makes no attempt to provide ***any*** evidence that DISH's accused server

system actually performs the actions described in the exemplary description of the relied-upon

patent. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████ *Id.*; *see also* Ex. 9, Goldberg Rep., ¶151 (Appx0491).

In other words, Dr. Feamster concedes that the accused █████████████████████

████ ***without the required "request"*** of claim 3 of the '784 Patent.

████████████████████████████████████████████

████████████████████████████████████████. Ex.

8, Feamster Rep., ¶65 (Appx0294). ██████████████████

████████████████████████.[13] Ex. 47, Templeman Dep., 115:8-12 (Appx1985); *see*

*also* Ex. 7, Minnick Dec., ¶83 (Appx0181) █████████████████████

████████████████████████. Such faulty assertions are

insufficient to survive summary judgment. *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 589

F.3d 1179, 1184 (Fed. Cir. 2009) ("an unsupported conclusion of infringement . . . is not sufficient

to raise a genuine issue of material fact.") (citations omitted).  Because DISH's server system never

receives a request for the alleged navigation object, summary judgment is warranted on claim 3 of

the '784 Patent.

---

[13] ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Ex. 8, Feamster Rep., ¶65 (Appx0294).

E.       Ground 5 (All Asserted Claims):  Joeys Are Incapable of Infringement.



Ex. 8, Feamster Rep., ¶¶59, 69 (Appx0293, Appx0296).  Yet

he never demonstrates on a claim element-by-element basis how a Joey meets the Asserted Claims.

Nor can he. ████████████████████████████████████████████████

██████████████████. Ex. 14, Feamster Dep., 253:9-255:16 (Appx0853-854).  A

Joey would need both in order to practice the limitations of the Asserted Claims.[14]  There is no

genuine dispute as to the operation of the Joeys, and non-infringement as to Joeys can thus be

resolved at summary judgment.

The Joey cannot be used alone without a Hopper STB. ████████████████

████████████████. *See* Ex. 9, Goldberg Rep., ¶¶41-43 (Appx0441-446); Ex. 8, Feamster Rep.,

¶¶59, 69 (Appx0293, Appx0296); Ex. 14, Feamster Dep., 255:10-13 (Appx0854). ████████

Ex. 9, Goldberg Rep., ¶¶43, 99 (Appx0445-446, Appx0470-471) (quoting Ex. 7, Minnick Dec.,

---

[14]  The Asserted Claims require interacting with navigation objects.  Claim 12 of the '799 Patent and claim 16 of the '970 Patent require "comparing…" and "determining…" steps involving navigation objects; claim 3 of the '784 Patent requires "load[ing]…," "disabl[ing]…," and "activating the filtering action" of a navigation object; claim 23 of the '318 Patent requires a "match[ing]" step involving a navigation object; claim 17 of the '970 Patent requires "comparing…" and "disabling…" steps involving a navigation object; and claim 27 of the '970 Patent also requires "accessing…" and "disabling…" steps involving a navigation object. Ex. 1, '970 Patent, Claims 16, 17, 24, 28, 31-33, 37 (Appx0027-28); Ex. 2, '784 Patent, Claim 3 (Appx0056); Ex. 3, '318 Patent, Claim 23 (Appx0087); Ex. 4, '799 Patent, Claim 12 (Appx0117).

¶13 (Appx0160-161). ████████████████████████████████████████

████. *See* Ex. 8, Feamster Report at ¶¶ 66-68, (Appx0294-296)).



. Ex. 14, Feamster Dep., 253:9-255:16 (Appx0853-854). █

Ex. 9, Goldberg Rep., ¶99 (Appx0470-471); Ex. 14, Feamster Dep., 253:9-20 (Appx0853). ██████████████████████

██████████████████████ (Ex. 14, Feamster Dep., 253:24-254:1 (Appx0853-854)) ████████████████ (*id.*, 254:8-15 (Appx0854)); ████████████

██████████████████████████████. *See also id.*, 253:9-255:16 (Appx0853-854) ████████████████

████████████████. Thus, this Court should grant summary judgment as to Joey devices.

## V.   SUMMARY JUDGMENT IS WARRANTED AS TO WILLFUL INFRINGEMENT

No reasonable jury could find DISH's alleged infringement to be willful. ClearPlay must show that DISH engaged in "deliberate or intentional infringement," or at a minimum knowing infringement. *SRI Int'l*, 14 F.4th at 1330; *Halo*, 579 U.S. at 99. Although willfulness is sometimes a question of fact reserved for the jury, courts routinely grant summary judgment of no willfulness where the evidence is lacking. *See, e.g.*, *Intellectual Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 611-12 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018) (granting summary judgment of no willfulness where the plaintiff showed "pre-suit knowledge" of the patent, but "no evidence of behavior beyond typical infringement").

████████████████████████████████████████████████

███████████████████████████████████████████████████████
██████████████████████████████████████. Ex. 16, Inf. Cont., 139 (Appx1023); Ex. 50, ClearPlay's Supp. ROG Responses, 16, 24 (Appx2039, Appx2047). ClearPlay's communications did not put DISH on notice of infringement or even mention AutoHop. ████████████████████████████████████████████████████ ██████████████████████████. SOF ¶23, 27, 38. Assuming all reasonable inferences in its favor, ClearPlay's evidence at best shows that some DISH employees: ██████████ ███████████████████████████████████████████████████████ ████████████████. But there is no evidence that anyone involved in designing or developing the accused AutoHop feature knew about or had reason to believe that AutoHop infringed the Asserted Patents. Allowing ClearPlay to rely on these ████████████████████████ as a basis to paint DISH as a deliberate infringer to the jury would be highly inappropriate on these facts.

     A.    <u>ClearPlay's Pre-Suit Dealings with DISH Fail to Demonstrate DISH's Knowledge of Infringement of the Asserted Patents.</u>

     1.    ███████████████████████████████████████ ███████████████████████████████████████

███████████████████████████████████████████████████ ██████████████████████████████████. Ex. 16, Inf. Cont., 139 (Appx1023); *Funai Elec. Co. v. Daewoo Elecs. Corp*., 616 F.3d 1357, 1373 (Fed. Cir. 2010) ("To serve as actual notice, . . . [t]he letter must communicate ***a charge of infringement of specific patents by a specific product*** or group of products.") (internal citations omitted). ████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████



██████████████████████████████████████████████████████████.

Ex. 27, Jarman Dep., 189:23-190:17 (Appx1240); Ex. 28, 10/24/2005 Aho Email (Appx1245); Ex.

29, 2/26/2013 Jarman Email (Appx1248).  ██████████████████████████████████████

████████████████████████████████████████████████████████████

██████████.  *Id.*  ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████.  *See id.*  █████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████.  *See Funai*, 616 F.3d at 1373.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████.  Ex. 27, Jarman Dep., 189:23-190:17 (Appx1240).  ████████

██████████████████████████████████████████████████.  *Id.*, 192:21-24, 193:7-

24 (Appx1240-1241).  ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████.  Ex. 50,

ClearPlay's Supp. ROG Responses, 16 (Appx2039).   The '799 Patent does not mention

commercials or commercial skipping.  *See generally* Ex. 4, '799 Patent (Appx0092).  There is no

evidence that ████████████████████████.  Thus, ██████ could not possibly have formed any

belief about AutoHop's relationship to the claims asserted here.  *See WCM*, 721 F. App'x at 969.

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████. Ex. 29, 2/26/2013 Jarman Email, 2 (Appx1249).  But bare knowledge of a patent is legally insufficient.  Dkt. 2 ¶¶ 18-24; *Intellectual Ventures*, 234 F. Supp. 3d at 611-12.  ClearPlay has failed to make the additional, core willfulness showing—that ███████ formed the belief, or ignored an "obvious" risk, that AutoHop infringed any asserted claim.  *WCM*, 721 F. App'x at 969.

███████████████████████████████████████████████

███████. Ex. 27, Jarman Dep., 197:4-8 (Appx1242).  ████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████. Ex. 29, 2/26/2013 Jarman Email (Appx1248).  ████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████.

Ex. 31, 3/7/2014 Khemka Email (Appx1253).  ████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████. *See id.*  ████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████. In fact, around the same time as ████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████ Ex. 51, 1/14/2013 Maris Email (Appx2052).  It is not surprising, given this background, that DISH could not form a belief that ClearPlay's patents covered commercial skipping systems like AutoHop.  Indeed, ClearPlay has produced no evidence that it had reached such a conclusion itself.  *See Power Integrations, Inc. v. ON Semiconductor Corp.*, 396 F. Supp. 3d 851, 891 (N.D. Cal. 2019) (granting summary judgment of no willfulness where plaintiff failed to, among other things, "submit any admissible evidence demonstrating that it notified [defendant] . . . prior to filing suit [] of [defendant's] alleged infringement").

████████████████████████████████████████

████████████████████████████████.  *Compare* Ex. 32, 2/27/2013 Jarman Email (Appx1255) *with* Ex. 33, 2/26/2013 Jarman Email (Appx1259).  Courts have dismissed at summary judgment similar willfulness allegations that failed to identify the infringing products.  *See Sprint Commc'ns Co. L.P. v. Cequel Commc'ns, LLC*, Civ. No. 18-1752-RGA, 2022 WL 421336, at *1 (D. Del. Jan. 13, 2022) (dismissing at summary judgment willfulness evidence consisting of: "(1) a January 2010 letter from Sprint to Cablevision, (2) evidence that Defendants knew of Sprint's prior VoIP litigation, and (3) deposition testimony from a Sprint executive, Mr. Kalinoski, describing conversations with Cablevision executives regarding Sprint's patents.").



2.   ██████████████████████████████████████████████████████████████████████████████████████████.

██████████████████████████████████████████████████

████████████████████.  Ex. 16, Inf. Cont., 139 (Appx1023).  █████████████████

████████████████████████████████████████████████████

████████████████████████████.  Ex. 34, Kennedy Dep., 13:21-14:8, 19:24-20:1 (Appx1264-1265).  While at DISH, ████████████████████████████████████

███████████████████████████████████████████████████. *See*

SOF ¶9. ████████████████████████████████████████. *Id.* at

11:22-12:2 (Appx1263). ██████████████████████████████████████

███████████████████████████████████████████████████████.

*Id.* at 8:19-23 (Appx1262); *Nissim Corp. v. ClearPlay, Inc.*, No. 04-cv-21140 (S.D. Fla.). ████

████████████████████████████████████████████████████████

███████████████████. Ex. 35, '013 Claim Chart (Appx1281). █████████████

████████████████████████████████████████████████████████

█████████████████. Ex. 34, Kennedy Dep., 38:20-39:2 (Appx1268).  Of the Asserted Patents,

only the '799 Patent issued █████████████████████████████████, and that patent (like

the rest of the Asserted Patents) never mentioned commercial skipping.  *See* Ex. 4, '799 Patent

(Appx0092).

████████████████████████████████████████████████

████████████████████████████. Ex. 34, Kennedy Dep., 51:10-25 (Appx1271).

While ClearPlay may point to █████████████████████████████████████████

████████████████████████████████████████████████████████

█████. Ex. 53, Nissim MIL (Appx2063); Ex. 55, Nissim MIL Order (Appx2178-2181), Ex. 57,

Nissim MIL Response, (Appx2212). ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████. Ex. 34, Kennedy Dep., 58:22-59:18

(Appx1273).  Any argument to the contrary is improper speculation.  *Cypert v. Indep. Sch. Dist.*

*No. I-050 of Osage Cnty.*, 661 F.3d 477, 481 (10th Cir. 2011).

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████. Ex. 56, '140 Patent (Appx2182-

2211); Ex. 34, Kennedy Dep., 66:1-6, 66:16-18, 70:6-10, 79:3-17, 72:14-15 (Appx1275-1276,

Appx1278). ████████████████████████████████████████████████████████

████ provides no basis to infer knowledge that AutoHop's implementation of commercial

skipping infringed the Asserted Patents.  Rather, that DISH sought to patent AutoHop actually

demonstrates the opposite.  As ClearPlay argued when it faced a willfulness allegation, that

"ClearPlay sought to patent its own technology" demonstrates that "it could not have purposefully

(or willfully) tried to infringe Plaintiff's patents."  Ex. 57, Nissim MIL Response at 2 (Appx2214).

At bottom, ClearPlay asks this Court to infer from routine business dealings—████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████—that DISH believed its AutoHop

feature infringed 11 specific claims of the four Asserted Patents.  ClearPlay makes these

allegations despite the fact that, during the same timeframe, it never █████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████. Even assuming ████████████████

████████ might suspect that ClearPlay patents could relate to commercial skipping, given the

abundance of commercial skipping systems well-known in the art, there would be no reason for

them to suspect that DISH's implementation would be done in the specific way that ClearPlay now

claims to have patented.  Thus, no evidence infers that any DISH employee analyzed the Asserted

Patents and concluded that DISH's AutoHop feature infringes.  That is fatal to ClearPlay's

willfulness allegations.  No reasonable jury could find intentional or deliberate infringement on these facts.  *See Vehicle IP, LLC v. AT&T Mobility LLC*, 227 F. Supp. 3d 319, 330 (D. Del. 2016) (granting summary judgment of no willfulness despite defendants' awareness of the asserted patent because pre-suit knowledge of a patent, by itself, is insufficient).

B.      ClearPlay Has No Evidence Beyond Continued Use of the Alleged Infringing
        AutoHop Feature for Post-Suit Willfulness.

ClearPlay's case for post-suit willfulness fares no better.  A claim for willfulness cannot be sustained "where the defendant's alleged knowledge of the asserted patents is based solely on the content of th[e] [operative] complaint." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 252 (D. Del. 2021).  ClearPlay has not pointed to additional evidence of willfulness post-filing of ClearPlay's complaint.  *See* Ex. 50, ClearPlay's Supp. ROG Responses, 16 (Appx2039).  The record demonstrates only that DISH has continued to offer AutoHop to consumers while vigorously asserting non-infringement and invalidity defenses, and ClearPlay sought no preliminary injunctive relief.  *W. Coast Trends, Inc. v. Ogio Int'l, Inc.*, Civ. No. 2:11-CV-01190-TC, 2015 WL 3819878, at *1 (D. Utah May 1, 2015) (decided pre-*Halo*) (dismissing at summary judgment "post-litigation willful infringement" because the patentee failed "to seek preliminary injunctive relief" without "explain[ing] the circumstances that excuse its failure.").[15] Even after *Halo*, other districts in the Tenth Circuit have granted summary judgment motions for willfulness when the plaintiff relies on continuing infringement post-suit as its basis for willfulness as ClearPlay does here.  *See, e.g.*, *J&M Indus., Inc. V. Raven Indus., Inc.*, 457 F. Supp. 3d 1022, 1071 (D. Kan. May 2020) (granting summary judgment of willfulness based on continued "sales

---

[15]  ClearPlay presumably did not seek preliminary injunctive relief as it had already lost such request against VidAngel based on a lack of a "navigation object" containing a start position, a stop position, and a filtering action.  Ex. 58, VidAngel TRO Denial (Appx2220).

of [Defendants'] products" and noting that "litigat[ing] an allegation made by Plaintiff is hardly evidence of subjective bad faith"); *Intellectual Ventures*, 234 F. Supp. 3d at 612 (finding that "[n]o reasonable jury could find willful infringement based on" evidence that the defendant "has continued to update, produce, and sell" the accused product after the suit was filed).

Perhaps most importantly, the only relevant post-filing evidence concerns evidence of invalidity of the Asserted Patents—including the Federal Circuit's confirmation of invalidity of a previously asserted patent and invalidity of nearly every single claim in two of the four Asserted Patents. §II, ¶14. The only claims to survive included one of two narrow features—(1) using a configuration identifier within the navigation object, and (2) disabling of the navigation object—and there is no evidence that anyone at DISH was aware of these claims.

## VI.    CONCLUSION

For at least the foregoing reasons, DISH is entitled to summary judgment on the issues of willfulness and non-infringement of all Asserted Claims.

DATED this 21st day of July, 2022

By:     _/s/ Brent O. Hatch_____
        HATCH LAW GROUP, PC
        Brent O. Hatch

        BAKER BOTTS L.L.P.
        G. Hopkins Guy, III
        Robert L. Maier
        Kurt M. Pankratz
        Ali Dhanani
        Jamie R. Lynn

        *Attorneys for Defendants*