THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CLEARPLAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK, LLC, and ECHOSTAR TECHNOLOGIES, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER RE: SUPPLEMENTAL *DAUBERT* MOTIONS** <br><br> Case No. 2:14-cv-00191-DN-CMR <br><br> District Judge David Nuffer <br> Magistrate Judge Cecilia M. Romero |

Magistrate Judge Cecilia M. Romero permitted supplemental expert discovery on a narrow set of issues and the filing of supplemental *Daubert* motions directed at such discovery.[1] And Plaintiff ClearPlay, Inc. ("ClearPlay") and Defendants Dish Network, LLC and EchoStar Technologies, LLC's (collectively "Dish") filed supplemental *Daubert* motions seeking exclusion of expert opinions and testimony.[2]

ClearPlay's Motion seeks to exclude portions of the opinions and testimony within Dr. Benjamin Goldberg's third supplemental report that respond to Dr. Nicholas Feamster's opinions regarding the parties' technology.[3] ClearPlay's Motion raises arguments that go solely to the weight of Dr. Goldberg's opinions and testimony, not admissibility.[4] Dr. Goldberg's opinions

---

[1] Order Regarding Expert Disclosures, docket no. 554, filed Nov. 29, 2022.

[2] Defendants' Motion to Exclude the Expert Opinion of Dr. Nicholas Feamster ("Dish's Motion"), docket no. 575, filed Dec. 16, 2022; Motion to Exclude the Third Supplemental Report of Benjamin Goldberg ("ClearPlay's Motion"), docket no. 578, filed Dec. 16, 2022.

[3] ClearPlay's Motion at 2-8.

[4] *Id*.

and testimony are sufficiently supported and are helpful to the understanding of disputed issues. Therefore, ClearPlay's Motion[5] is DENIED.

Dish's Motion seeks to exclude the opinions and testimony within Dr. Feamster's fourth supplemental report regarding the Joke Browser prior art system and Dish's ensnarement defense.[6] Dr. Feamster has insufficient knowledge of the Joke Browser system and Dish's ensnarement defense to offer expert opinions and testimony regarding these subjects. His legal conclusion regarding Dish's ensnarement defense is also impermissible expert testimony. Therefore, Dish's Motion[7] is GRANTED.

**Contents**
STANDARD OF REVIEW ................................................................................................ 2
DISCUSSION .................................................................................................................... 5
    ClearPlay's Motion: Dr. Goldberg's opinions and testimony are admissible ................... 5
    Dish's Motion: Dr. Feamster is precluded from offering opinions and testimony regarding the Joker Browser system and Dish's ensnarement defense ................................. 7
ORDER ............................................................................................................................ 10

## STANDARD OF REVIEW

District courts serve as the gatekeepers of expert evidence and must decide which experts may testify before the jury and the permissible scope of that testimony.[8] In making these determinations, the district court is given "broad latitude."[9] But the district court must be mindful that the Federal Rules of Evidence generally favor the admissibility of expert testimony.[10] Excluding expert testimony is the exception rather than the rule.[11] "Vigorous cross-examination,

---

[5] Docket no. 578, filed Dec. 16, 2022.

[6] Dish's Motion at 4-6.

[7] Docket no. 575, filed Dec. 16, 2022.

[8] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[9] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999).

[10] *Daubert*, 509 U.S. at 588.

[11] FED. R. EVID. 702 Advisory Notes.

the presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."[12] "[T]he [district] court's role as gatekeeper is not intended to serve as a replacement for the adversary system."[13]

FED. R. EVID. 702 governs the admissibility of expert testimony. The Rule requires, among other things, that "the evidence or testimony [of an expert] '[help] the trier of fact to understand the evidence or to determine a fact in issue.'"[14] "This condition goes primarily to relevance."[15] Relevant evidence has any tendency to make a fact of consequence in determining a case more or less probable than it would be without the evidence.[16] Thus, "an expert's testimony must provide insight and understanding about the facts and issues of the case."[17]

But the helpfulness of an expert's testimony is not without constraint. A two-step analysis is implemented to determine whether an expert's opinions are admissible under Rule 702.[18] First is a determination whether the expert is qualified by "knowledge, skill, experience, training, or education" to render the opinion.[19] And second is a determination whether the expert's opinions are "reliable."[20] Opinions for which an expert is not qualified to offer, or which are not reliable, must be excluded.

---

[12] *Daubert*, 509 U.S. at 596.

[13] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citing *Daubert*, 509 U.S. at 596).

[14] *Daubert*, 509 U.S. at 591 (quoting FED. R. EVID. 702).

[15] *Id*.

[16] FED. R. EVID. 401.

[17] *Whatcott v. City of Provo*, No. 2:01-cv-00490-DB, 2003 WL 26101357, *2 (D. Utah June 2, 2003).

[18] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[19] *Id*. (quoting FED. R. EVID. 702).

[20] *Id*.

The district court "must also consider. . . whether the expert['s opinions] encroach[] upon the trial court's authority to instruct the jury on the applicable law, for it is axiomatic that the judge is the sole arbiter of the law and its applicability."[21] The Tenth Circuit Court of Appeals has recognized that:

> A witness cannot be allowed to give an opinion on a question of law. . . . In order to justify having courts resolve disputes between litigant, it must be posited as an a priori assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge. . . . To allow anyone other than the judge to state the law would violate the basic concept. Reducing the proposition to a more practical level, it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.[22]

Some confusion may arise under "FED. R. EVID. 704, which allows witnesses to give their opinions on ultimate issues."[23] "While testimony on ultimate facts is authorized under Rule 704, . . . testimony on ultimate questions of law is not favored."[24] "The basis for this distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case."[25]

But not all testimony regarding legal issues is inadmissible. "[A] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible."[26] "[A] witness may [also] properly be called upon to aid the jury in understanding the facts in

---

[21] *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988).

[22] *Id*. (quoting Stoebuck, *Opinions on Ultimate Facts: Status, Trends, and a Note of Caution*, 41 Den. L. Cent. J. 226, 237 (1964)).

[23] *Id*.

[24] *Id*. at 808.

[25] *Id*.

[26] *Id*. at 809.

evidence even though reference to those facts is couched in legal terms."[27] Thus, "an expert's testimony is proper under [FED. R. EVID. 702] if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function."[28] But "when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed."[29] "In no instance can a witness be permitted to define the law of the case."[30] Nor may a witness be "allowed to instruct the jury on how it should decide the case."[31] "[A]n expert is not to opine on the weight of the facts or take a principal role in sifting, weighing and reciting them for the jury."[32] Such impermissible testimony is not helpful under FED. R. EVID. 702.

This Memorandum Decision and Order considers admissibility which still leaves cross-examination and rebuttal testimony. Admissibility does not equate to conclusiveness.

## DISCUSSION

**ClearPlay's Motion: Dr. Goldberg's opinions and testimony are admissible**

ClearPlay's Motion seeks to exclude portions of the opinions and testimony within Dr. Goldberg's third supplemental report that respond to Dr. Feamster's opinions regarding the parties' technology.[33] ClearPlay argues that Dr. Goldberg misrepresents Dr. Feamster's opinions, and that Dr. Goldberg's opinions and testimony are inconsistent with the parties' technology and

---

[27] *Id.*

[28] *Id.* at 809-810.

[29] *Id.* at 810.

[30] *Id.*

[31] *Id.* at 808.

[32] *Rowe v. DPI Specialty Foods, Inc.*, No. 2:13-cv-00708-DN-EJF, 2015 WL 4949097, *5 (D. Utah Aug. 19, 2015).

[33] ClearPlay's Motion at 2-8.

unhelpful to the trier of fact.[34] ClearPlay's arguments go solely to the weight of Dr. Goldberg's opinions and testimony, not admissibility.

ClearPlay's Motion states it is brought pursuant to FED. R. EVID. 702 and *Daubert*.[35] But ClearPlay makes no effort to undertake an analysis of Dr. Goldberg's opinions and testimony under the applicable legal standards of FED. R. EVID. 702, *Daubert*, or any other legal authority. Indeed, ClearPlay cites no legal authority in its briefing. And ClearPlay does not challenge Dr. Goldberg's qualifications or the reliability of his methodologies.

Instead, ClearPlay identifies conflicting opinions and testimony between its experts (Dr. Feamster and Dr. Henry Houh) and Dr. Goldberg regarding the parties' technology.[36] ClearPlay also hearkens back to rejected arguments from its prior *Daubert* motion relating to Dr. Goldberg.[37] These repeated arguments are rejected again for the same reasons stated in the previous order.[38]

There is not a sufficient basis to exclude the challenged opinions and testimony within Dr. Goldberg's third supplemental report. The opinions and testimony are proper rebuttal to Dr. Feamster's opinions; are sufficiently supported by facts and evidence; and, where applicable, are consistent with this court's claim construction.[39] The opinions and testimony are helpful to

---

[34] *Id*.

[35] *Id*. at 1.

[36] *Id*. at 2-8; Reply in Support of ClearPlay's Motion to Exclude the Third Supplemental Report of Benjamin Goldberg ("Reply") at 2-4, docket no. 599, filed Jan. 3, 2023.

[37] ClearPlay's Motion at 6-8; Plaintiff's Motion to Exclude the Testimony of Benjamin Goldberg ("ClearPlay's *Daubert* Motion No. 4"), docket no. 427, filed Aug. 1, 2022; Memorandum Decision and Order Re: ClearPlay's *Daubert* Motions at 16-17, docket no. 605, filed Jan. 6, 2023.

[38] Memorandum Decision and Order Re: ClearPlay's *Daubert* Motions at 16-17.

[39] Third Supplement to the Expert Report of Dr. Benjamin Goldberg ¶¶ 2-17 at 1-10, docket no. 580-1, filed Dec. 16, 2022.

understanding disputed issues regarding the parties' technology, and are admissible. Therefore, ClearPlay's Motion[40] is DENIED.

### Dish's Motion: Dr. Feamster is precluded from offering opinions and testimony regarding the Joker Browser system and Dish's ensnarement defense

Dish's Motion seeks to exclude the opinions and testimony within Dr. Feamster's fourth supplemental report regarding the Joke Browser prior art system and Dish's ensnarement defense.[41] Dish argues that Dr. Feamster is unqualified and lacks sufficient knowledge of the Joke Browser system to offer expert opinions and testimony regarding the system.[42] Dish also argues that Dr. Feamster is unqualified and lacks sufficient knowledge to opine on Dish's ensnarement defense.[43]

Dr. Feamster's fourth supplemental report originally consisted of 14 paragraphs. Judge Romero previously struck paragraphs 2 through 13 of the report for going beyond the scope of the permitted supplemental expert discovery.[44] Dish's Motion addresses paragraph 14 of the report, which reads:

> As I understand the Joke Browser, it does not involve a skip filtering action and simply retrieves video segments for playback based on start and end times. I have never contended that ClearPlay's patents read on a system like that of the Joke Browser, so nothing in my theory described above "ensnares" the Joke Browser as prior art.[45]

---

[40] Docket no. 578, filed Dec. 16, 2022.

[41] Dish's Motion at 4-6.

[42] *Id*. at 4-5.

[43] *Id*. at 5-6.

[44] Minute Entry for Proceedings Held Before Magistrate Judge Cecilia M. Romero, docket no. 604, filed Dec. 30, 2022; Transcript of Motion to Exclude Hearing dated Dec. 30, 2022 at 29:3-11, docket no. 609, filed under Jan. 12, 2023.

[45] Fourth Supplemental Expert Report of Nick Feamster, Ph.D. ¶ 14 at 3, docket no. 577-1, filed under seal Dec. 16, 2022.

Dr. Feamster does not disclose any materials he reviewed in preparing his fourth supplemental report and he provides no basis for his understanding of the Joker Browser system or Dish's ensnarement defense in his report. At his deposition, Dr. Feamster admitted that he had not read, reviewed, or studied the Joke Browser system's references.[46] The sole basis for Dr. Feamster's understanding of the system came from Dr. Houh's characterization of the system and how it has been described to him by Dr. Houh and ClearPlay's counsel.[47] Dr. Feamster testified that he reviewed "some of what [Dr.] Houh has . . . said[,]" but that he had not "read everything [Dr. Houh has] said or written in detail[.]"[48] And he characterized his familiarity with the Joke Browser system as "a cursory understanding of what . . . [Dr.] Houh has said[.]"[49] Dr. Feamster also admitted to having only a lay understanding of ensnarement: "I'm not an expert in legal theory. The relationship of [the doctrine of equivalents] to . . . ensnarement is just not my bailiwick. That's not . . . something that I'm an expert on."[50]

Although Dr. Feamster qualifications as a technical expert in the parties' technology is not challenged, he must possess the sufficient knowledge of the subject matter underlying his opinions to be helpful to the trier of fact.[51] His expert opinions and testimony must also be based on sufficient facts or data.[52] Dr. Feamster does not possess the requisite knowledge of the Joke Browser system or Dish's ensnarement defense to render expert opinions and testimony regarding these subjects. The opinions and testimony in paragraph 14 of his fourth supplemental

---

[46] Transcript of Deposition of Nicholas Feamster dated Dec. 14, 2022 at 300:15-21, 305:25-306:2, docket no. 577-2, filed under seal Dec. 16, 2022.

[47] *Id*. at 300:10-14.

[48] *Id*. at 299:20-22.

[49] *Id*. at 299:24-25; *see also id.* at 305:22-306:12.

[50] *Id*. at 307:12-15.

[51] FED. R. EVID. 702(a).

[52] *Id*. at 702(b).

report are also not based on sufficient investigation, facts, or data. Therefore, Dr. Feamster's opinions and testimony regarding the Joke Browser system and Dish's ensnarement defense would not be helpful to the trier of fact, and are unreliable and inadmissible under FED. R. EVID. 702.

Additionally, regardless of his qualifications and knowledge relating to Dish's ensnarement defense, Dr. Feamster may not opine that ClearPlay's asserted patents do not ensnare the Joke Browser system. Such opinions are not helpful under FED. R. EVID. 702 because they improperly encroach on the judge's role as the sole arbiter of the law and its applicability and circumvent the jury's decision-making function.[53]

Therefore, Dish's Motion[54] is GRANTED. Dr. Feamster is precluded from offering opinions and testimony regarding the Joke Browser prior art system and Dish's ensnarement defense. However, to be clear, Dr. Feamster is not precluded from testifying regarding his own unchallenged opinions of ClearPlay's technology. For example, it would not be a violation of this Memorandum Decision and Order for Dr. Feamster to testify that he has never contended that ClearPlay's patents read on a system that does not involve a skip filtering action and simply retrieves video segments for playback based on start and end times.

---

[53] *Specht*, 853 F.2d at 807-810.

[54] Docket no. 575, filed Dec. 16, 2022.

**ORDER**

IT IS HEREBY ORDERED that ClearPlay's Motion[55] is DENIED, and Dish's Motion[56] is GRANTED. Paragraph 14 of Dr. Feamster's fourth supplemental report is stricken. And Dr. Feamster is precluded from offering expert opinions and testimony regarding the Joke Browser prior art system and Dish's ensnarement defense.

Signed January 13, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[55] Docket no. 578, filed Dec. 16, 2022.
[56] Docket no. 575, filed Dec. 16, 2022