THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CLEARPLAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK, LLC, and ECHOSTAR TECHNOLOGIES, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING CLEARPLAY'S MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 2:14-cv-00191-DN-CMR <br><br> District Judge David Nuffer <br> Magistrate Judge Cecilia M. Romero |

Plaintiff ClearPlay, Inc. ("ClearPlay") seeks summary judgment regarding the validity of its asserted patents[1] and Defendants Dish Network, LLC and EchoStar Technologies, LLC's (collectively, "Dish") infringement of the asserted patents.[2]

Because genuine issues of material fact exist regarding the validity of ClearPlay's asserted patents and Dish's infringement of the asserted patents, ClearPlay's Motion[3] is DENIED.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A factual dispute is genuine when

---

[1] ClearPlay's asserted patents are U.S. Patent No. 6,898,799 ("'799 Patent"); US. Patent No. 7,526,784 ("'784 Patent"); U.S. Patent No. 7,543,318 ("'318 Patent"); and U.S. Patent No. 7,577,970 ("'970 Patent").

[2] Plaintiff's Motion for Summary Judgment ("ClearPlay's Motion"), docket no. 408, filed July 21, 2022. Dish filed a cross-motion seeking summary judgment of noninfringement. Defendants' Motion for Summary Judgment ("Dish's Motion for Summary Judgment"), docket no. 409, filed July 21, 2022. Dish's Motion for Summary Judgment will be addressed in a separate memorandum decision and order.

[3] Docket no. 408, filed July 21, 2022.

[4] FED. R. CIV. P. 56(a).

"there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way"[5] or "if a reasonable jury could return a verdict for the nonmoving party."[6] A fact is material if "it is essential to the proper disposition of [a] claim."[7] And in ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[8]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[9] If the moving party carries this initial burden, the nonmoving party "may not rest upon mere allegations or denials of [the] pleading[s], but must set forth *specific facts* showing that there is a *genuine issue* for trial as to those dispositive matters for which it carries the burden of proof."[10] "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a properly supported motion for summary judgment."[11]

## DISCUSSION

### Genuine issues of material fact preclude summary judgment regarding the validity of ClearPlay's asserted patents

ClearPlay seeks summary judgment regarding the validity of claim 12 of the '799 Patent; claims 16, 17, 24, 28, 31-33, and 37 of the '970 Patent; claim 23 of the '318 Patent; and claim 3 of the '784 Patent.[12] ClearPlay argues that Dish will be unable to prove the asserted patents are

---

[5] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[6] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[7] *Adler*, 144 F.3d at 670.

[8] *Id.*

[9] *Id.* at 670-71.

[10] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations and citations omitted; emphasis in original).

[11] *Id.* (internal quotations omitted).

[12] ClearPlay's Motion at 8, 10-11, 53-68.

anticipated by prior art or rendered obvious by prior art.[13] To support its arguments, ClearPlay asserts facts regarding its asserted patents and the U.S. Patent and Trademark Office's ("USPTO") proceedings;[14] Dish's final invalidity contentions;[15] and reports and deposition testimony of Dish's expert witness (Dr. Clifford Reader).[16] ClearPlay also asserts facts regarding its expert witness's (Dr. Henry Houh) validity opinions.[17] Many of these facts are disputed.[18] And the remaining undisputed facts are either not material[19] or are insufficient to entitle ClearPlay to judgment as a matter of law.[20] The process of assessing the facts in dispute and undisputed facts was complicated by Dish's unconventional response to ClearPlay's asserted facts.[21]

The fundamental defect with many of ClearPlay's asserted facts is that their undisputed nature and materiality rely on the success of a motion to exclude Dr. Reader's invalidity opinions,[22] which was denied.[23] These facts pertain to the timeliness and sufficiency of Dish and

---

[13] *Id*. at 53-68.

[14] *Id*. ¶¶ 4-5 at 15, ¶¶ 14-19 at 17.

[15] *Id*. ¶¶ 6-13 at 15-17.

[16] *Id*. ¶¶ 20-27 at 17-18, ¶¶ 29-39 at 19-20.

[17] *Id*. ¶ 28 at 18, ¶¶ 40-41 at 21.

[18] *Id*. ¶ 7 at 16, ¶¶ 9-12 at 16-17, ¶ 27 at 18, ¶¶ 29-33 at 19, ¶ 35 at 20, ¶¶ 37-40 at 20-21; Defendants' Response to Plaintiff's Motion for Summary Judgment ("Dish's Response") at Addendum A Dish's Response to ClearPlay's Statement of Undisputed Material Facts ¶¶ 4-8 at 51-52, ¶¶ 10-20 at 52-56, docket no. 456, filed Aug. 25, 2022.

[19] ClearPlay's Motion ¶ 5 at 15, ¶ 13 at 17, ¶¶ 16-18 at 17, ¶ 34 at 19-20.

[20] *Id*. ¶¶ 4-6 at 15-16, ¶ 8 at 16, ¶¶ 14-15 at 17, ¶¶ 19-26 at 17-18, ¶ 28 at 18-19, ¶ 36 at 20, ¶ 41 at 21.

[21] Dish failed to comply with DUCivR 56-1(c)(3) when responding to ClearPlay's statement of undisputed material facts. Instead of "restat[ing]" the specific facts that it disputed (as required by the local rule), Dish only referenced the facts it disputed. This failure created delays in rendering a determination on ClearPlay's Motion. Dish's response was in an appendix, numbered in a different way than ClearPlay's statement of undisputed material facts. In the interests of justice, Dish's present failure will be overlooked in this instance. But Dish is reminded that compliance with the local rules is required and expected in its future filings.

[22] Plaintiff's Motion to Exclude in Part the Testimony of Clifford Reader on Invalidity, docket no. 426, filed Aug. 1, 2022.

[23] Memorandum Decision and Order Re: ClearPlay's *Daubert* Motions at 7-10, docket no. 605, filed Jan. 6, 2023.

Dr. Reader's disclosure of invalidity contentions and opinions.[24] The disclosures were timely and sufficient.[25] ClearPlay's asserted facts are also based on its misreading of the order denying supplemental claim construction and the mischaracterization of Dr. Reader's opinions and testimony.[26] These asserted facts are disputed or immaterial to the resolution of ClearPlay's Motion.

The remaining undisputed material facts demonstrate only that ClearPlay's asserted patents were issued by the USPTO and confirmed following *ex parte* reexamination;[27] that Dish's final invalidity contentions and Dr. Reader's invalidity opinions raise anticipation and obviousness;[28] and that Dr. Houh opines the asserted patents are not anticipated or obvious.[29] These undisputed material facts are not sufficient to support ClearPlay's arguments regarding validity; to require Dish to set forth additional material facts to show a genuine issue of fact regarding its invalidity arguments; or to entitle ClearPlay to a judgment of validity as a matter of law.

By statute, "[a] patent shall be presumed valid [upon issuance]."[30] "Th[is] presumption of validity, however, is just that—a *presumption*—which can be overcome by the patent challenger who meets its high burden of proving the factual elements of invalidity by clear and convincing

---

[24] ClearPlay's Motion ¶ 7 at 16, ¶¶ 9-13 at 16-17, ¶¶ 29-35, ¶¶ 37-40 at 20-21.

[25] Memorandum Decision and Order Re: ClearPlay's *Daubert* Motions at 7-10.

[26] *Id.*; ClearPlay's Motion ¶ 27 at 18.

[27] ClearPlay's Motion ¶¶ 4-5 at 15, ¶¶ 14-15 at 17, ¶ 19 at 17.

[28] *Id.* ¶ 6 at 15-16, ¶ 8 at 16, ¶¶ 20-26 at 17-18, ¶ 36 at 20.

[29] *Id.* ¶ 28 at 18-19, ¶ 41 at 21.

[30] 35 U.S.C. § 282(a).

evidence."[31] "Anticipation is a question of fact."[32] "Obviousness is a question of law based on underlying facts."[33] "[T]he district court must consider reexaminations as evidence in determining whether the party asserting invalidity has met its statutory burden by clear and convincing evidence."[34] But "a reexamination confirming a [patent] or claim [does] not preclude a patent challenger from meeting its burden of proving invalidity."[35]

Dish has the ultimate burden to prove by clear and convincing evidence that the asserted patents are invalid due to anticipation or obviousness.[36] But on summary judgment ClearPlay has the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[37] ClearPlay fails to meet its burden.

The undisputed material facts demonstrate that ClearPlay's asserted patents are entitled to a presumption of validity.[38] But this presumption "alone is not determinative of whether a genuine issue of fact precludes summary judgment of no invalidity."[39] The district court is obligated to "reach an independent conclusion" regarding validity.[40]

It is undisputed that Dish has attacked the presumption of validity through various iterations of anticipation and obviousness.[41] ClearPlay does not present sufficient material facts

---

[31] *Exmark Manufacturing Co., Inc. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1341 (Fed. Cir. 2018) (emphasis in original).

[32] *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1302 (Fed. Cir. 2005).

[33] *Id*. (internal quotations omitted).

[34] *Exmark Manufacturing Co., Inc.*, 879 F.3d at 1341 (internal quotations omitted).

[35] *Id*.

[36] *Id*.; 35 U.S.C. § 282(a).

[37] *Adler*, 144 F.3d at 670-671.

[38] ClearPlay's Motion ¶¶ 4-5 at 15, ¶¶ 14-15 at 17, ¶ 19 at 17; 35 U.S.C. § 282(a).

[39] *Exmark Manufacturing Co., Inc.*, 879 F.3d at 1341.

[40] *Id*.

[41] ClearPlay's Motion ¶ 6 at 15-16, ¶ 8 at 16, ¶¶ 20-26 at 17-18, ¶ 36 at 20.

about its asserted patents or the relevant prior art references that Dish relies on to demonstrate an absence of a genuine factual dispute regarding anticipation or obviousness. The undisputed material facts in ClearPlay's Motion are explanatory of the parties' respective positions on validity. They are not facts substantiating the asserted patents' validity. And they are not sufficient to trigger Dish's obligation on summary judgment to present additional facts demonstrating a genuine factual dispute regarding the asserted patents' validity.

For example, it is undisputed that Dr. Houh disagrees with Dr. Reader's opinions and opines that the asserted patents are not anticipated and are nonobvious.[42] But at most, ClearPlay's undisputed material facts identify only the secondary indicia that Dr. Houh relies on for his nonobviousness opinion.[43] There are no undisputed material facts demonstrating why or how ClearPlay's asserted patents are valid (*i.e.*, not anticipated or nonobvious) as a matter of law in light of the prior art references on which Dish relies.

Therefore, genuine issues of material fact preclude summary judgment regarding the validity of ClearPlay's asserted patents.

Nevertheless, the parties' dispute over whether the asserted patents are anticipated by prior art will likely not be an issue at trial. This is because the resolution of Dish's Motion for Summary Judgment will involve a determination of the asserted patents' scope based on this court's claim construction and the patents' plain language. The resulting construction will confirm what the parties have referred to as the "single-object approach" to the claim term "navigation object." And it appears that Dish (based on Dr. Reader's opinions and testimony)

---

[42] *Id.* ¶ 28 at 18-19, ¶ 41 at 21.

[43] *Id.* ¶ 41 at 21.

would concede that prior art does not anticipate ClearPlay's asserted parents under the single-object approach.[44]

### Genuine issues of material fact preclude summary judgment regarding Dish's infringement of the asserted patents

ClearPlay next seeks summary judgment on Dish's infringement of the asserted patents.[45] "Determination of infringement is a factual question."[46] "To prove direct infringement, the [patent owner] must establish by a preponderance of the evidence that one or more claims of the patent read on the accused device literally or under the doctrine of equivalents."[47] "Literal infringement requires that each and every limitation set forth in a claim appear in an accused product."[48]

To support its infringement arguments, ClearPlay asserts numerous material facts regarding the relevant patent claims and Dish's technology.[49] Many of the facts relating to Dish's technology (as well as ClearPlay's characterizations and conclusions that are set forth as facts) are disputed and clarified by Dish.[50] ClearPlay does not attempt to reply to many of these disputed factual issues. Rather, ClearPlay argues that certain cited evidence in some of Dish's responses to ClearPlay's asserted facts is contradicted by other evidence or does not support

---

[44] *Id.* ¶ 27 at 18; Dish's Response at Addendum A Dish's Response to ClearPlay's Statement of Undisputed Material Facts ¶ 10 at 52-53.

[45] ClearPlay's Motion at 68-77.

[46] *Cross Med. Prods., Inc.*, 424 F.3d at 1302.

[47] *Id.* at 310.

[48] *Id.* (internal quotations omitted)

[49] *Id.* ¶¶ 42-178 at 21-53.

[50] *Id.* ¶ 43 at 22-23, ¶¶ 46-47 at 23-24, ¶¶ 49-51 at 24-25, ¶ 53 at 25, ¶¶ 58-61 at 26-27, ¶¶ 66-69 at 27-29, ¶¶ 73-74 at 29-30, ¶ 76 at 30, ¶¶ 79-82 at 31, ¶ 84 at 31, ¶ 86 at 32, ¶¶ 94-96 at 33-34, ¶¶ 100-104 at 35-36, ¶ 106 at 36, ¶ 109 at 36, ¶ 112 at 37, ¶ 114 at 38, ¶ 120 at 38-39, ¶ 122 at 40, ¶ 124 at 40, ¶¶ 127-135 at 41-43, ¶¶ 137-139 at 43, ¶ 141 at 44, ¶¶ 143-151 at 45-46, ¶ 154 at 47, ¶ 156 at 47, ¶¶ 158-159 at 48-49, ¶ 162 at 49, ¶¶ 165-168 at 50-51, ¶¶ 174-175 at 52, ¶ 178 at 53; Dish's Response at Addendum A Dish's Response to ClearPlay's Statement of Undisputed Material Facts ¶¶ 22-34 at 56-59, ¶¶ 36-44 at 60-62, ¶¶ 46-83 at 62-70.

Dish's position.[51] This is not sufficient to resuscitate the material facts from being disputed. Additionally, it appears that some of ClearPlay's infringement theories are premised on a construction of the claim term "navigation object" that is inconsistent with this court's claim construction and asserted patents' plain language.[52]

Interestingly, both parties represent that they agree on the facts regarding how Dish's technology works.[53] But in the same breath, they characterize the operation of Dish's technology in vastly different ways and point to conflicting evidence (including expert opinions) to support their respective positions. The disputed material facts illuminate a fundamental factual disagreement among the parties regarding how Dish's technology works, and whether the patents (when properly construed) read on Dish's technology. These genuine issues of material fact preclude summary judgment regarding Dish's infringement of the asserted patents.

## ORDER

IT IS HEREBY ORDERED that ClearPlay's Motion[54] is DENIED.

Signed January 24, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[51] Appendix A, docket no. 512-1, filed under seal Sept. 22, 2022.

[52] ClearPlay's Motion at 73-74; Reply in Support of ClearPlay's Motion for Summary Judgment ("ClearPlay's Reply") at 9-13, docket no. 509, filed Sept. 22, 2022. As discussed, *supra* Discussion at 6-7, the resolution of Dish's Motion for Summary Judgment will involve a determination of the asserted patents' scope based on this court's claim construction and the patents' plain language. The construction confirms the "single-object approach" to the claim term "navigation object."

[53] Dish's Response at 5; ClearPlay's Reply at 1.

[54] Docket no. 408, filed July 21, 2022.