THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CLEARPLAY, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>DISH NETWORK, LLC, and ECHOSTAR<br>TECHNOLOGIES, LLC,<br><br>                    Defendants. | **REDACTED**<br>**MEMORANDUM DECISION AND**<br>**ORDER GRANTING IN PART**<br>**AND DENYING IN PART DISH'S**<br>**MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:14-cv-00191-DN-CMR<br><br>District Judge David Nuffer<br>Magistrate Judge Cecilia M. Romero |

Defendants Dish Network, LLC and EchoStar Technologies, LLC (collectively, "Dish")

seek summary judgment[1] of noninfringement regarding Plaintiff ClearPlay, Inc.'s ("ClearPlay")

Asserted Patents.[2]

**OVERVIEW**

**Single Object vs Multi-Object Approaches:** This court's claim construction and the

ordinary and customary meaning of ClearPlay's Asserted Patents preclude a "multi-object"

approach to the claim term "navigation object." Therefore, Dish is entitled to summary judgment

of noninfringement as a matter of law on ClearPlay's literal infringement theories that rely on a

theory that a navigation object defines or comprises elements from multiple sources or locations

("multi-object approach"). However, genuine issues of material fact preclude summary judgment

on ClearPlay's literal infringement theories that rely on the court's claim construction that a

---

[1] Defendants' Motion for Summary Judgment ("Dish's Motion"), docket no. 409, filed July 21, 2022.

[2] ClearPlay's Asserted Patents are U.S. Patent No. 6,898,799 ("'799 Patent"), docket no. 418-4, filed under seal July 21, 2022; US. Patent No. 7,526,784 ("'784 Patent"), docket no. 418-2, filed under seal July 21, 2022; U.S. Patent No. 7,543,318 ("'318 Patent"), docket no. 418-3, filed under seal July 21, 2022; and U.S. Patent No. 7,577,970 ("'970 Patent"), docket no. 418-1, filed under seal July 21, 2022.

navigation object, including its elements, must be one object ("single-object approach"). Also, genuine issues of material fact preclude summary judgment on ClearPlay's infringement theories under the doctrine of equivalents for the alleged navigation objects.

**Configuration Identifier:** The Asserted Patents contain some claims that have a "configuration identifier" limitation ("Configuration Identifier Claims"). The undisputed material facts demonstrate that other than Dish's ███████████, no alleged navigation object "defines" or "compris[es]" the alleged configuration identifier. Therefore, Dish is entitled to summary judgment of noninfringement as a matter of law on ClearPlay's literal infringement theories for the Configuration Identifier Claims, except for the theories that rely on the ████████████ as the alleged navigation object. Genuine issues of material fact preclude summary judgment on ClearPlay's infringement theories under the doctrine of equivalents for the alleged configuration identifier.

**Disabling Claims:** Regarding the Asserted Patents' claims that have a navigation object disabling limitation ("Disabling Claims"), ClearPlay fails to present evidence sufficient to create a triable issue that any alleged navigation object, other than Dish's ███████████, is disabled. Therefore, Dish is entitled to summary judgment of noninfringement as a matter of law on ClearPlay's infringement theories for the Disabling Claims, except for the theories that rely on the ████████████ as the alleged navigation object.

**Joey Device:** The undisputed material facts demonstrate that the Asserted Patents do not read on the Joey device. Therefore, Dish is entitled to summary judgment of noninfringement as a matter of law regarding the accused Joey device.

**Requests to Server; Willfulness:** Finally, the existence of genuine issues of material fact precludes summary judgment on ClearPlay's claims that Dish's server receives requests for navigation objects from consumer systems, and that any infringement by Dish was willful.

Therefore, Dish's Motion[3] is GRANTED in part and DENIED in part.

## Contents

OVERVIEW ................................................................................................................ 1
STANDARD OF REVIEW .......................................................................................... 3
UNDISPUTED MATERIAL FACTS ........................................................................... 4
DISCUSSION .............................................................................................................. 9
    This court's claim construction and the ordinary and customary meaning of the Asserted Patents do not support a multi-object approach to navigation object ................. 10
    ClearPlay's literal infringement theories that rely on the multi-object approach to navigation object fail as a matter of law .................................................. 14
    Genuine issues of material fact preclude summary judgment on ClearPlay's literal infringement theories that rely on the single-object approach to navigation object .................................................................................................... 15
    Genuine issues of material fact preclude summary judgment on ClearPlay's infringement theories under the doctrine of equivalents ........................... 17
    ClearPlay's literal infringement theories that rely on an alleged navigation object other than the ▆▆▆▆▆▆▆ fail as a matter of law on the Configuration Identifier Claims .......................................................................................................... 20
    ClearPlay's infringement theories that rely on an alleged navigation object other than the ▆▆▆▆▆▆▆ fail as a matter of law on the Disabling Claims .................... 23
    The accused Joey device does not infringe the Asserted Patents as a matter of law ........ 25
    Genuine issues of material fact preclude summary judgment on whether Dish's server receives requests for navigation objects from consumer systems ....................... 27
    Genuine issues of material fact preclude summary judgment on whether any infringement by Dish was willful .......................................................................................... 28
ORDER ...................................................................................................................... 29

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A factual dispute is genuine when

---

[3] Docket no. 409, filed July 21, 2022.

[4] FED. R. CIV. P. 56(a).

"there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way"[5] or "if a reasonable jury could return a verdict for the nonmoving party."[6] A fact is material if "it is essential to the proper disposition of [a] claim."[7] And in ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[8]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[9] If the moving party carries this initial burden, the nonmoving party "may not rest upon mere allegations or denials of [the] pleading[s], but must set forth *specific facts* showing that there is a *genuine issue* for trial as to those dispositive matters for which it carries the burden of proof."[10] "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a properly supported motion for summary judgment."[11]

## UNDISPUTED MATERIAL FACTS[12]

1.    ClearPlay accuses the operation of AutoHop on Dish's set top boxes ("STBs"), specifically the Hopper 1, Hopper 2, Hopper 3, and a remote client box, the Joey, that only works

---

[5] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[6] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[7] *Adler*, 144 F.3d at 670.

[8] *Id.*

[9] *Id.* at 670-671.

[10] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations and citations omitted; emphasis in original).

[11] *Id.* (internal quotations omitted).

[12] Those facts, or portions thereof, identified in the parties' briefing that do not appear in these Undisputed Material Facts are either disputed; not supported by cited evidence; not material; or are not facts, but rather, are characterization of facts or legal argument. Additionally, some material facts presented by the parties are undisputed, but are not listed among these Undisputed Material Facts. Such undisputed material facts relate to larger factual issues that are disputed (such as how Dish's AutoHop works and whether any infringement by Dish was willful, *Infra* Discussion at 14-15, 28) and are insufficient to entitle Dish to judgment as a matter of law.

4

with the Hooper line of STBs to support additional televisions, of infringing the Asserted

Patents. No other feature is accused, including Dish's own parental control software.[13]

2.      ClearPlay asserts 11 claims from the Asserted Patents (claim 12 of the '799

Patent; claims 16, 17, 24, 28, 31-33, and 37 of the '970 Patent; claim 23 of the '318 Patent; and

claim 3 of the '784 Patent) are infringed ("Asserted Claims"). The Asserted Claims share nearly

identical specifications, drawings, and descriptions.[14]

3.      Each of the Asserted Claims requires a "navigation object" used to filter

multimedia content during playback by removing objectionable content such as "violence,

sexuality, or language."[15]

4.      The "navigation object" in every Asserted Claim must "define" a "start position,"

a "stop position," and a "specific filtering action" applicable to the multimedia content between

that starting and stopping point, except claim 23 of the '318 Patent, in which the "navigation

object" "compris[es]" an associated "start indicator," "end indicator," and "filtering action." All

Asserted Claims have limitations regarding "a plurality of navigation objects," except claim 23

of the '318 Patent, which requires one. An exemplary navigation object 320a, containing start

position 321a, stop position 323a, and filtering action 325a, and configuration identifier 329a, is

highlighted below:[16]

---

[13] Dish's Motion ¶ 1 at 3-4; Complaint for Patent Infringement, docket no. 2, filed Mar. 13, 2014.

[14] Dish's Motion ¶ 7 at 6; Plaintiff ClearPlay, Inc.'s Final Infringement Contentions (Amended) at 2, docket no. 418-20, filed under seal July 21, 2022; '970 Patent; '784 Patent; '318 Patent; '799 Patent.

[15] Dish's Motion ¶ 8 at 6; *see e.g.,* '970 Patent at 1:22-44, 21:29-35.

[16] Dish's Motion ¶ 9 at 7; *see e.g.,* '970 Patent at Sheet 3 (Figure 3A), 21:21-61; '318 Patent at 20:67-21:7, 22:11-13.



5.     The filtering actions discussed in the Asserted Patents include skip, reframe, and mute.[17]

6      Two of the Asserted Claims require "assigning a configuration identifier to the decoder" and "comparing the configuration identifier of the particular navigation object with the configuration identifier of the decoder" (claim 12 the '799 Patent and claim 16 of the '970 Patent), and one of the Asserted Claims requires that the "navigation object" "compris[e]" a "configuration identifier" (claim 23 the '318 Patent) (collectively, the "Configuration Identifier Claims").[18]

7.     Eight of the Asserted Claims have limitations regarding disabling the navigation object (claims 17, 24, 28, 31-33, and 37 of the '970 Patent and claim 3 of the '784 Patent) (collectively, the "Disabling Claims").[19]

---

[17] Dish's Motion ¶ 10 at 7; *see e.g.,* '970 Patent at 5:1-52.

[18] Dish's Motion ¶ 12 at 8; '970 Patent at 21:21-61; '799 Patent at 21:49-22:26; '318 Patent at 22:11-13.

[19] Dish's Motion ¶ 13 at 8; '970 Patent at 21:62-22:41, 23:13-17, 23:59-61, 24:3-16, 24:31-34; '784 Patent at 20:27-31.

8.      Claim 3 of the '784 Patent requires a "server system linked to a consumer system through a communication link," where the server receives "a request for one or more navigation objects from the consumer system."[20]

9.      The chart below summarizes ClearPlay's infringement theories regarding the Asserted Claims' navigation object:



10. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[20] Dish's Motion ¶ 14 at 8; '784 Patent at 20:27-31.

[21] Dish's Motion ¶ 15 at 8-9; Supplemental Expert Report of Nick Feamster, Ph.D. ("Feamster Suppl. Rpt.") ¶¶ 3-19 at 2-7, docket no. 418-11, filed under seal July 21, 2022; Third Supplemental Expert Report of Nick Feamster, Ph.D. ¶ 3 at 1-3, docket no. 418-25, filed under seal July 21, 2022; Deposition of Nicholas Greer Feamster, Ph.D. dated May 27, 2022 ("Feamster Depo.") at 184:9-18, docket no. 418-18, filed under seal July 21, 2022. The numbering of ClearPlay's infringement theories is meant only for ease in reference to the theories in this Memorandum Decision and Order.



[22] Dish's Motion ¶ 17 at 9; First Report of Nick Feamster, Ph.D. ("Feamster Rpt.") ¶ 68 at 19-20, docket no. 418-8, filed under seal July 21, 2022; Feamster Suppl. Rpt. ¶ 68 at 19-20.

[23] Dish's Motion ¶ 18 at 9-10; Declaration of Dr. Benjamin Goldberg in Support of Defendants' Motion for Summary Judgment ("Goldberg Decl.") ¶ 45 at 36, ¶ 116 at 66, ¶ 141 at 75, ¶ 148 at 78, ¶ 163 at 83, docket no. 418-9, filed under seal July 21, 2022; Feamster Rpt. ¶¶ 122-126 at 35-36.

[24] Dish's Motion ¶ 19 at 10; Feamster Rpt. ¶¶ 144-147 at 40.

[25] Dish's Motion ¶ 6 at 6, ¶ 21 at 10; Declaration of Dan Minnick ¶ 13 at 4-5, docket no. 418-7, filed under seal July 21, 2022; Goldberg Decl. ¶ 39 at 27, ¶¶ 41-42 at 29-33, ¶ 99 at 58-59; Feamster Rpt. ¶ 69 at 20; Feamster Depo. at 253:13-255:16.

## DISCUSSION

Dish seeks summary judgment of noninfringement regarding ClearPlay's Asserted Patents.[26] Determining infringement requires a two-step analysis.[27] "First, the claim[s] must be properly construed to determine [their] scope and meaning."[28] "[T]he words of a claim are generally given their ordinary and customary meaning."[29] And "the ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention."[30] "Claim construction is a question of law."[31]

"Second, the claim[s] as properly construed must be compared to the accused device[s] or process[es]."[32] "To prove direct infringement, the [patent owner] must establish by a preponderance of the evidence that one or more claims of the patent read on the accused device literally or under the doctrine of equivalents."[33] "Literal infringement requires that each and every limitation set forth in a claim appear in an accused product."[34] "A finding of infringement under the doctrine of equivalents requires a showing that the difference between the claimed invention and the accused product or method was insubstantial or that the accused product or method performs the substantially same function in substantially the same way with substantially

---

[26] Dish's Motion at 15-40.

[27] *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998).

[28] *Id*. (internal quotations omitted).

[29] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (internal quotations omitted).

[30] *Id*. at 1313.

[31] *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1302 (Fed. Cir. 2005).

[32] *Ethicon Endo-Surgery, Inc.*, 149 F.3d at 1315 (internal quotations omitted).

[33] *Cross Med. Prods., Inc.*, 424 F.3d at 1310.

[34] *Id*. (internal quotations omitted)

the same result as each claim limitation of the patented product or method."[35] "Infringement, either literal or under the doctrine of equivalents, is a question of fact."[36]

### This court's claim construction and the ordinary and customary meaning of the Asserted Patents do not support a multi-object approach to navigation object

Dish argues that it is entitled to summary judgment of noninfringement because its accused devices do not use "navigation objects."[37] Before this argument may be addressed it is necessary discuss the parties' dispute over the Asserted Claims' proper scope and meaning. The dispute stems from what is characterized as the "single-object" and "multi-object" (or "scattered-object") approaches to the claim term "navigation object."[38] Under the single-object approach, the elements that a navigation object "defines" or "comprises" are contained within the same object, file, or data structure (that being the navigation object). Under the multi-object approach, the elements are not necessarily within the same object, file, or data structure—they may be located or contained in multiple sources having an association with or a link to the navigation object.

This court construed "navigation object" as: "Plain and ordinary meaning (as defined by the terms of the claims themselves)."[39] There is no disputed that this is the proper construction of the term. It is also undisputed that each of the Asserted Claims requires a "navigation object."[40] And it is undisputed that the "navigation object" in every Asserted Claim must "define" a "start

---

[35] *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1326 (Fed. Cir. 2007).

[36] *Brilliant Instruments, Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1345 (Fed. Cir. 2013).

[37] Dish's Motion at 15-24.

[38] *Id*. at 15-16; Plaintiff ClearPlay, Inc.'s Opposition to Defendant Dish Network's Motion for Summary Judgment ("ClearPlay's Response") at 2-3, 29-32, docket no. 451, filed Aug. 25, 2022.

[39] Memorandum Decision and Order Regarding Claim Construction ("Claim Construction Order") at 5, 18, docket no. 309, filed Aug. 26, 2019.

[40] *Supra* Undisputed Material Facts ¶ 3 at 5.

position," a "stop position," and a "specific filtering action."[41] The only exception to this is claim 23 of the '318 Patent, which requires a "navigation object" "comprising" an associated "start indicator," "end indicator," and "filtering action."[42]

This court construed "defin[e/es/ed/ing]" as: "Assign or specify [a start position, stop position, or filtering action]."[43] "Comprising" was not construed during claim construction. But under the Asserted Patents' ordinary and customary meaning, there is no meaningful difference between the term "comprising" in claim 23 of the '318 Patent and the term "define" in the other Asserted Claims for purposes of a navigation object's scope. It is clear from the Asserted Patents' language, as properly construed and consistent with this court's claim construction, that the single-object approach to navigation object is the only reasonable approach to navigation object. The multi-object approach is precluded by this court's claim construction and the ordinary and customary meaning of the Asserted Patents.

The term "navigation object" identifies itself as an "object." This is not meaningless. In context of the Asserted Patents, an "object" is not an abstract and it is singular. It is not a formless assigning or specifying of associated or linked information from multiple sources. It is a structured object. It is an object that defines (assigns or specifies) or comprises specific elements used to filter portions of multimedia content during playback.[44] These elements must be contained within the navigation object. Otherwise, the navigation object ceases to be *an object*.

---

[41] *Id*. ¶ 4 at 5-6.

[42] *Id*.

[43] Claim Construction Order at 17-19.

[44] *Supra* Undisputed Material Facts ¶¶ 3-4 at 4-5.

This scope is further confirmed by the Asserted Claims' inclusion of limitations regarding "a plurality of navigation objects."[45] The plurality of navigation objects limitation has no meaningful purpose in the Asserted Patents if a navigation object does not contain all its elements. If a navigation object only assigns or specifies elements from various sources used to filter multimedia content, a single navigation object would also be a plurality of navigation objects. ClearPlay concedes as much: "a single programming item could be associated with multiple start and stop times, thereby assigning or specifying to skip at each associated start and stop time."[46]

Consider claim 23 of the '318 Patent, which does not have the plurality of navigation objects limitation and uses different language than the other Asserted Claims.[47] Claim 23 of the '318 Patent relates to a single navigation object "comprising" an associated "start indicator," "end indicator," and "filtering action."[48] The ordinary and customary meaning of the term "comprising" is not "defining," "assigning," or "specifying." Its meaning is "including" or "containing." Thus, for claim 23 of the '318 Patent, a navigation object must include or contain all its essential elements.

Because claim 23 of the '318 Patent refers to only one navigation object containing all its elements, the claim's language is tailored to be precise to that navigation object. It is unnecessary of the claim's language to account for multiple navigation objects, each containing their own elements. The other Asserted Claims (which have the plurality of navigation objects limitations) account for the plurality with language ("define"—assign or specify) capable of describing each

---

[45] *Id*. ¶ 4 at 4-5.

[46] Appendix A Response to Additional Material Facts Alleged in Dish's Argument at 4, docket no. 454-1, filed under seal Aug. 25, 2022.

[47] *Supra* Undisputed Material Facts ¶ 4 at 4-5.

[48] *Id*.

navigation object in the plurality as containing its own specific elements. And by doing so, the plurality of navigation objects limitation is given meaningful purpose, and each navigation object is capable of being distinguished from the others in the plurality.[49] The multi-object approach to navigation object does not account for this language and is unreasonable in light of the plurality of navigation objects limitations.

The single-object approach to navigation object is also unmistakably demonstrated in the undisputed exemplary navigation object.[50] This exemplary is a high-level block diagram showing the basic components of one potential embodiment. But it, as well as other drawings of the Asserted Patents,[51] are consistent in their representation of all of a navigation object's elements being contained within the navigation object.

To support the multi-object approach, ClearPlay relies on language from the Asserted Patents' drawings and specification indicating that exemplary embodiments are not meant to limit the invention's scope.[52] But that other embodiments are permitted or anticipated, does not mean that those other embodiments include the multi-object approach. ClearPlay fails to identify sufficient language within the specification to support a multi-object embodiment of the navigation object. And while "claims must be read in view of the specification,"[53] "[i]t is a bedrock principle of patent law that the claims of a patent define the invention to which the

---

[49] Claim 17 of the '970 Patent (of which claim 24 of the '970 Patent is dependent), expressly provides for "displaying a representation of the plurality of navigation objects, the representation including a description of each of the plurality of navigation objects." '970 Patent at 21:31-33, 23:13-14.

[50] Undisputed Material Facts ¶ 4 at 4-5.

[51] *See e.g.,* '970 Patent at Sheets 1-11.

[52] ClearPlay's Response at 9-10, 30.

[53] *Phillips,* 414 F.3d at 1315.

patentee is entitled the right to exclude."[54] ClearPlay fails to identify to sufficient language within the Asserted Claims to support the multi-object approach to navigation object.

Indeed, ClearPlay's perpetuation of the multi-object approach comes from its misunderstanding of an order that denied supplemental claim construction.[55] Properly construed and consistent with this court's claim construction, the single-object approach to navigation object is the only reasonable approach to the Asserted Claims' scope. The multi-object approach is unreasonable and is inconsistent with and precluded by this court's claim construction and the Asserted Patents' ordinary and customary meaning. Therefore, the elements a navigation object "defines" or "comprises" are contained within the same object, file, or data structure (that being the navigation object).

### ClearPlay's literal infringement theories that rely on the multi-object approach to navigation object fail as a matter of law

With this properly construed scope and meaning of navigation object in hand, Dish's argument that its accused devices do not use navigation objects may now be addressed. It is undisputed that ClearPlay asserts eight theories that Dish's accused devices infringe the Asserted Claims' navigation object.[56] Because the multi-object approach to navigation object is precluded by this court's claim construction and the Asserted Patents' language,[57] any literal infringement theory that relies on the multi-object approach necessarily fails as a matter of law.

---

[54] *Id*. at 1312.

[55] ClearPlay's Response at 31-32; Memorandum Decision and Order Denying Motion Regarding Supplemental Claim Construction, docket no. 367, filed Mar. 1, 2022; Memorandum Decision and Order Re: ClearPlay's *Daubert* Motions at 7-9, docket no. 605, filed Jan. 6, 2023 (recognizing and discussing ClearPlay's misunderstanding).

[56] *Supra* Undisputed Material Facts ¶ 9 at 7.

[57] *Supra* Discussion at 10-14.

Dish argues that ClearPlay's first three theories of infringement rely on the multi-object approach to navigation object.[58] The undisputed material facts demonstrate that ClearPlay's first and second theories do rely on the multi-object approach.[59] This is because it is undisputed that the alleged element that causes a filtering action in these theories (the ███████████ ███████████) is not contained within the theories' alleged navigation object (the ███████████ ██ and ███████████, respectively).[60] However, genuine issues of material fact remain regarding ClearPlay's third infringement theory.[61] It is disputed whether the alleged element that causes a filtering action in the third theory (the ███████████) is contained within the theory's alleged navigation object (the ███████████).

Therefore, ClearPlay's literal infringement theories that undisputedly rely on the multi-object approach to navigation object (ClearPlay's first and second theories[62]) fail as a matter of law regarding literal infringement. Dish is entitled to summary judgment of noninfringement on these literal infringement theories for all Asserted Claims.

**Genuine issues of material fact preclude summary judgment on ClearPlay's literal infringement theories that rely on the single-object approach to navigation object**

Dish argues that ClearPlay's infringement theories that rely on the single-object approach to navigation object (ClearPlay's third theory for which the single-object approach is disputed, and its fourth through eighth theories[63]) fail because the alleged elements that cause a filtering action do not actually cause a filtering action in Dish's accused devices.[64] Dish asserts several

---

[58] Dish's Motion at 15-16, 18-19.

[59] *Supra* Undisputed Material Facts ¶¶ 9-10 at 7-8.

[60] *Id*.

[61] *Id*. ¶ 9 at 7.

[62] *Id*.

[63] *Id*.

[64] Dish's Motion at 19-22.

material facts attempting to demonstrate how its technology works and what the alleged filtering action elements do in Dish's accused devices.[65] ClearPlay has sufficiently disputed many of these facts,[66] and presented several additional material facts regarding how Dish's technology and its elements work in Dish's accused devices.[67] And Dish disputes many of ClearPlay's additional facts.[68]

As recognized in the order that denied ClearPlay's motion that sought summary judgment on Dish's infringement,[69] it is interesting that the parties represent that they agree on the facts regarding how Dish's technology works.[70] The parties do not agree. The parties characterize the operation of Dish's technology in very different ways and point to conflicting evidence (including expert opinions) to support their respective positions. The disputed material facts illuminate a fundamental factual disagreement among the parties regarding how Dish's technology works, and whether the patents (when properly construed) read on Dish's technology. These factual disputes preclude summary judgment on ClearPlay's literal infringement theories that rely on the single-object approach to navigation object (ClearPlay's third theory for which the single-object approach is disputed, and its fourth through eighth theories[71]).

---

[65] *Id*. at ¶¶ 2-5 at 4-5, ¶¶ 16-18 at 9.

[66] ClearPlay's Response at 5-13; Appendix A – Response to Additional Material Facts Alleged in Dish's Argument.

[67] *Id*. ¶¶ 1-6 at 19-21, ¶¶ 8-35 at 21-28.

[68] Appendix A Reply to ClearPlay's Statement of Additional Facts, docket no. 516, filed under seal Sept. 22, 2022; Appendix B Reply to ClearPlay's Appendix A, docket no. 516-1, filed under seal Sept. 22, 2022.

[69] Memorandum Decision and Order Denying ClearPlay's Motion for Summary Judgment at 8, docket no. 618, filed Jan. 24, 2023.

[70] Defendants' Reply in Support of Defendants' Motion for Summary Judgment ("Dish's Reply") at 1, docket no. 514, filed Sept. 22, 2022.

[71] *Supra* Undisputed Material Facts ¶ 9 at 7.

**Genuine issues of material fact preclude summary judgment on ClearPlay's infringement theories under the doctrine of equivalents**

As an alternative to its literal infringement theories, ClearPlay alleges that the Dish infringes the Asserted Patents' navigation object under the doctrine of equivalents. "A finding of infringement under the doctrine of equivalents requires a showing that the difference between the claimed invention and the accused product or method was insubstantial or that the accused product or method performs the substantially same function in substantially the same way with substantially the same result as each claim limitation of the patented product or method."[72]

Dish argues that application of the vitiation doctrine entitles it to summary judgment of noninfringement on ClearPlay's infringement theories under the doctrine of equivalents.[73] A doctrine of equivalents infringement theory "fails [due to vitiation] if it renders a claim limitation inconsequential or ineffective."[74] "Th[e] vitiation doctrine ensures [that] the application of the doctrine of equivalents does not effectively eliminate a claim element in its entirety."[75] "Claim vitiation is a legal determination that the evidence is such that no reasonable jury could determine two elements to be equivalent."[76]

"Vitiation has its clearest application where the accused device contains the antithesis of the claimed structure,"[77] or "when the alleged equivalent is 'diametrically opposed' to the missing claim element."[78] "When the accused structure has an element that is the opposite of the

---

[72] *AquaTex Indus., Inc.*, 479 F.3d at 1326.

[73] Dish's Motion at 22-24.

[74] *Edgewell Personal Care Brands, LLC v. Munchkin, Inc.*, 998 F.3d 917, 923 (Fed. Cir. 2021) (internal quotations omitted).

[75] *Id*. (internal quotations and punctuation omitted).

[76] *Id*. (internal quotations omitted).

[77] *Id*. (internal quotations and punctuation omitted).

[78] *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, 967 F.3d 1353, 1367 (Fed. Cir. 2020).

claimed element, it is more difficult for a patentee to succeed on a theory of equivalents."[79] Succeeding on a theory of equivalents is also made more difficult "where the specification or prosecution history highlights the differences."[80] And "[i]f the claimed and accused elements are recognized by those of skill in the art to be opposing way of doing something, they are likely not insubstantially different."[81]

"But . . . courts should be cautious not to shortcut this inquiry by identifying a binary choice in which an element is either present or not present."[82] "[T]he vitiation test cannot be satisfied by simply noting that an element is missing from the claimed structure or process because the doctrine of equivalents, by definition, recognizes that an element is missing that must be supplied by the equivalent substitute."[83] Thus, "[t]he vitiation test cannot be satisfied merely by noting that the equivalent substitute is outside the claimed limitation's literal scope."[84] "Rather, vitiation applies when one of skill in the art would understand that the literal and substitute limitations are not interchangeable, not insubstantially different, and when they do not perform substantially the same function in substantially the same way, to accomplish substantially the same result."[85]

The single-object and multi-object approaches to navigation object appear to be diametrically opposed—one versus many. And as discussed, the multi-object approach is precluded by this court's claim construction and the Asserted Patents' ordinary and customary

---

[79] *Id.* (internal quotations and punctuation omitted).

[80] *Brilliant Instruments, Inc.*, 707 F.3d at 1347.

[81] *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, 967 F.3d at 1367 (internal quotations and punctuation omitted).

[82] *Edgewell Personal Care Brands, LLC*, 998 F.3d at 924 (internal quotations omitted).

[83] *Brilliant Instruments, Inc.*, 707 F.3d at 1347 (internal quotations omitted).

[84] *Id.*

[85] *Id.*

meaning.[86] But this is not enough, on the summary judgment standard of review, to entitle Dish to judgment of noninfringement on ClearPlay's doctrine of equivalents theories as a matter of law.

Dish cites to prosecution history (though not in its statement of undisputed material facts) strongly suggesting that the differences between the single-object and multi-object approaches was highlighted and a significant factor in the proceedings before the United States Patent and Trademark Office.[87] But this prosecution history was not set forth as undisputed material fact; is insufficiently documented; and is disputed by ClearPlay.

There are also numerous fundamental factual disputes regarding how Dish's technology works and whether the patents read on Dish's technology.[88] And ClearPlay has presented expert opinion that "[f]rom the view point *[sic]* of a person of ordinary skill in the art, there is an insubstantial difference between storing all the information in one data structure versus multiple associated data structures."[89] Dish has not cited or sufficiently discussed contrary expert opinion.

The summary judgment standard of review demands that the factual record and all reasonable inferences drawn therefrom be viewed in a light most favorably to the nonmoving party.[90] The record, as insufficiently presented and argued in the briefing on Dish's Motion, compels the denial of Dish's Motion on the doctrine of equivalents issue. The undisputed material facts (and reasonable inferences drawn therefrom) viewed in a light most favorable to ClearPlay are not such that no reasonable jury could determine the single-object and multi-object

---

[86] *Supra* Discussion at 10-14.

[87] Dish's Motion at 24; Dish's Reply at 5.

[88] *Supra* Discussion at 15-16.

[89] Expert Declaration of Prof. Nick Feamster, Ph.D. ¶ 61 at 23, docket no. 416-23, filed under seal July 21, 2022.

[90] *Adler*, 144 F.3d at 670.

approaches to navigation object are equivalent. Therefore, genuine issues of material fact preclude summary judgment on ClearPlay's infringement theories under the doctrine of equivalents for the alleged navigation objects. But at trial, after the presentation of evidence and before the jury is given its final instructions, different standards will apply that may well compel a different result than on summary judgment.

### ClearPlay's literal infringement theories that rely on an alleged navigation object other than the ███████████ fail as a matter of law on the Configuration Identifier Claims

Dish next seeks summary judgment of noninfringement on the Asserted Patents' Configuration Identifier Claims.[91] It is undisputed that the only alleged configuration identifier ClearPlay identifies in Dish's accused devices is the ██████████████████████ ████████████████.[92] Dish argues that because the ██████████████ identifies only Dish's STB hardware, and not the version of software the STBs are running, the ████████████████ cannot be a "configuration identifier" as construed by this court.[93]

This court construed "configuration identifier" as: "An identifier of the consumer system (including hardware and software) that is used to determine if the navigation objects apply to the particular consumer system."[94] Dish attempts to assert as undisputed fact that the ████████████████ does not identify particular software versions running in Dish's STBs.[95] However, Dish's cited evidence does not sufficiently support that fact. And even if it did, the cited evidence also demonstrates that the ████████████████ identifies Dish

---

[91] Dish's Motion at 25-26.

[92] *Supra* Undisputed Material Facts ¶ 11 at 8.

[93] Dish's Motion at 25-26.

[94] Claim Construction Order at 12-13, 19.

[95] Dish's Motion ¶ 18 at 9-10.

STBs that have AutoHop functionality.[96] It unclear whether the ███████████████ can differentiate between Dish's STBs that have AutoHop functionality and those that do not. But it is reasonable to infer[97] that the █████████████████ identifies STBs that have AutoHop functionality because their hardware and software allows for AutoHop functionality (regardless of the software version that is running). Therefore, genuine issues of material fact exist regarding whether the █████████████████ satisfies this court's construction of "configuration identifier." And these disputed facts preclude summary judgment on ClearPlay's infringement theories under the doctrine of equivalents for the alleged configuration identifier.[98]

However, these genuine issues of material fact to not save all of ClearPlay's literal infringement theories from failing as a matter of law. This is because the Configuration Identifier Claims are a recurrence of the single-object approach to navigation object. It is undisputed that claim 12 of the '799 Patent and claim 16 of the '790 Patent require "assigning a configuration identifier to the decoder" and "comparing the configuration identifier of the particular navigation object with the configuration identifier of the decoder."[99] It is also undisputed that claim 23 of the '318 Patent requires that the "navigation object" "compris[e]" a "configuration identifier."[100]

Claim 12 of the '799 Patent and claim 16 of the '790 Patent do not expressly identify what is "assigning" a configuration identifier to the decoder. However, the language identifies "the configuration identifier of the particular navigation object." The term "of" has an ordinary and customary meaning that expresses the relationship between a *part* and a *whole*. For claim 12

---

[96] Dish's Motion ¶ 18 at 9-10.

[97] On summary judgment the record and all reasonable inference drawn therefrom are viewed in a light most favorable to the nonmoving part. *Adler*, 144 F.3d at 670.

[98] *Supra* Discussion at 16-20.

[99] *Supra* Undisputed Material Facts ¶ 6 at 6.

[100] *Id*.

of the '799 Patent and claim 16 of the '790 Patent, the *part* is the configuration identifier and the *whole* is the navigation object. Therefore, claim 12 of the '799 Patent and claim 16 of the '790 Patent require the configuration identifier to be contained within the navigation object.

This scope is consistent with the single-object approach regarding the navigation object's other elements.[101] The single-object approach to navigation object for the configuration identifier element is further confirmed by claim 23 of the '318 Patent's use of the term "comprising," the ordinary and customary meaning of which is "including" or "containing."[102] A multi-object approach to navigation object for the configuration identifier element is unreasonable and inconsistent with the Configuration Identifier Claims. The Configuration Identifier Claims require that the alleged configuration identifier must be contained within the alleged navigation object.

It is undisputed that the ███████████████ is not contained within any alleged navigation object, except for Dish's ███████████.[103] Therefore, the existence of genuine issues of material fact precludes summary judgment on ClearPlay's literal infringement theories of the Configuration Identifier Claims that allege the ███████████ as the navigation object (ClearPlay's third, fourth, and fifth theories[104]). But ClearPlay's literal infringement theories of the Configuration Identifier Claims that allege the ████████████████████ as navigation objects (ClearPlay's second, sixth, seventh, and eighth theories[105]) fail as a matter of

---

[101] *Supra* Discussion at 10-14.

[102] *Id*. at 12.

[103] *Supra* Undisputed Material Facts ¶ 11 at 8.

[104] *Id*. ¶ 9 at 7. ClearPlay's first theory is not listed here because it has already been determined to fail as a matter of law regarding literal infringement for all Asserted Claims. *Supra* Discussion at 14-15

[105] *Supra* Undisputed Material Facts ¶ 9 at 7.

law. Dish is entitled to summary judgment of noninfringement on these literal infringement theories of the Configuration Identifier Claims.

**ClearPlay's infringement theories that rely on an alleged navigation object other than the ███████ fail as a matter of law on the Disabling Claims**

Dish next seeks summary judgment of noninfringement on the Asserted Patents' Disabling Claims.[106] Dish argues that the Disabling Claims cannot be infringed by Dish's accused devices because Dish's technology does not contain, and ClearPlay cannot present evidence showing, any feature that disables an alleged navigation object.[107] ClearPlay mischaracterizes Dish's argument as improperly seeking claim construction of the term "disabling."[108] But such claim construction is not requested and is unnecessary. The issue is whether the Disabling Claims (as properly construed) read on Dish's accused devices as a matter of law.

The Disabling Claims provide for disabling one or more navigation objects such that the specific filtering action specified by the disabled navigation object is ignored.[109] The Asserted Patents' specification provides insight for how disabling a navigation object may occur:

> Navigation objects may be disabled by including an indication within the navigation objects that they should not be part of the filtering process. The act of retrieving navigation objects . . . may ignore navigation object that have been marked as disabled so they are not retrieved. Alternatively, a separate act could be

---

[106] Dish's Motion at 26-28.

[107] *Id*.

[108] ClearPlay's Response at 40-42.

[109] *Supra* Undisputed Material Facts ¶ 7 at 6; '970 Patent at claims 21:62-22:41, 23:13-17, 23:59-61, 24:3-16, 24:31-34; '784 Patent at 20:27-31.

performed to eliminate disabled navigation objects from being used in filtering multimedia content.[110]

But a specification cannot create an additional limitation for the Disabling Claims.[111]

Clear from the ordinary and customary meaning and scope of the Disabling Claims, and supported by the specification's language, is that some action must be taken to disable a navigation object so that its filtering action is ignored. It is undisputed that ███████████ ████████████████████████████████████████████████████████ ████████████████████.[112] Specifically, ClearPlay asserts that ████████████ ████████████████████████████████████████████████████████ ██████████████████████████████.[113] These theories point to features that ████████████████████████████. But ████████████████████████ ██████ is broader than the Disabling Claims' limitations for disabling navigation objects.

████████████████████████ by the user unplugging the Dish STB, or by the user choosing not to record or watch ████████████████████. Neither of these actions could reasonably be viewed as satisfying the Disabling Claims' limitations. Nor can ██████████ ████████████████████████████ be reasonably viewed as satisfying the Disabling Claims' limitations. Rather, to satisfy the Disabling Claims' limitations, the alleged disabling feature must disable a navigation object so that its filtering action is ignored.

---

[110] '970 Patent at 18:64-19:4; '784 Patent at 19:6-13.

[111] *Phillips*, 415 F.3d at 1323-1324.

[112] *Supra* Undisputed Material Facts ¶ 12 at 8.

[113] ClearPlay's Response at 42.

ClearPlay presents sufficient evidence to create a genuine issue of fact regarding whether the alleged ██████████████ navigation object (ClearPlay's seventh, and eighth theories[114]) is disabled such that its alleged filtering action is ignored.[115] However, ClearPlay fails to present sufficient evidence of any other alleged navigation object being disabled to create a triable issue that the Disabling Claims read on Dish's accused devices. Therefore, except for ClearPlay's infringement theories that rely on the ████████████ as the alleged navigation object (ClearPlay's seventh and eighth theories[116]), Dish is entitled to summary judgment of noninfringement as a matter of law on the Asserted Patents' Disabling Claims.

### The accused Joey device does not infringe the Asserted Patents as a matter of law

Dish next seeks summary judgment of noninfringement regarding the accused Joey device.[117] Dish argues that the Joey is incapable of infringing the Asserted Patents, and that ClearPlay cannot present evidence sufficient to create a triable issue regarding the Joey' alleged infringement.[118] ClearPlay argues that the Joey infringes the Asserted Patents because ████ ██████████████████████████████████████████████████████████ ██████████████████████████████████.[119] This argument fails in the face of the undisputed material facts.

---

[114] *Supra* Undisputed Material Facts ¶ 9 at 7. ClearPlay's second theory is not listed here because it has already been determined to fail as a matter of law regarding literal infringement for all Asserted Claims. *Supra* Discussion at 14-15.

[115] ClearPlay's Response ¶¶ 34-35 at 27-28.

[116] *Supra* Undisputed Material Facts ¶ 9 at 7. ClearPlay's second theory is not listed here because it has already been determined to fail as a matter of law regarding literal infringement for all Asserted Claims. *Supra* Discussion at 14-15.

[117] Dish's Motion at 31-32.

[118] *Id*.

[119] ClearPlay's Response at 44.

It is undisputed that ███████████████████████████████████████

███████████████████████████████████.[120] ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████.[121] It is

also undisputed that ███████████████████████████████

███████████████████.[122] And it is undisputed that ███████████████

████████████████████████[123]

These undisputed material facts demonstrate that ███████████████

███████████████████████████████████. The Joey's function

and what the Joey does ███████████████████████████. ███████████

███████████████████████████████████████

███████████████████████. If ClearPlay's argument were accepted, other

devices ███████████████████████████████████████████

███████████████████████████, would infringe the

Asserted Patents. The Asserted Patents cannot be read so unreasonably broad to permit such an

absurd result.

Based on the undisputed material facts, ClearPlay's Asserted Patents do not read on the

accused Joey device as a matter of law. And ClearPlay fails to present sufficient evidence to

---

[120] *Supra* Undisputed Material Facts ¶ 13 at 8.

[121] *Id*.

[122] *Id*.

[123] *Id*.

create a triable issue regarding the Joey device. Therefore, Dish is entitled to summary judgment of noninfringement regarding its accused Joey device.

### Genuine issues of material fact preclude summary judgment on whether Dish's server receives requests for navigation objects from consumer systems

Dish next seeks summary judgment of noninfringement of claim 3 of the '784 Patent.[124] Claim 3 of the '784 Patent requires a "server system linked to a consumer system through a communication link," where the server receives "a request for one or more navigation objects from the consumer system."[125] Dish argues that its accused devices never "request" any of the alleged navigation objects.[126] Dish asserts a single numbered paragraph material fact to support this argument.[127] But Dish's cited evidence does not adequately support the statement of fact. And ClearPlay cites sufficient evidence to dispute the fact.[128]

Dish did not meet its initial burden on summary judgment of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law regarding noninfringement of claim 3 of the '784 Patent.[129] And the existence of genuine issues of material fact precludes summary judgment on whether Dish's server receives requests for navigation objects from consumer systems for purposes of claim 3 of the '784 Patent.

---

[124] Dish's Motion at 28-30.

[125] *Supra* Undisputed Material Facts ¶ 8 at 7.

[126] Dish's Motion at 28-30.

[127] Dish's Motion ¶ 2.c. at 4.

[128] ClearPlay's Response at 6, 44.

[129] *Adler*, 144 F.3d at 670-671.

**Genuine issues of material fact preclude summary judgment
on whether any infringement by Dish was willful**

Finally, Dish seeks summary judgment that it has not willfully infringed ClearPlay's Asserted Patents.[130] Dish argues that ClearPlay's pre-suit dealings with Dish are insufficient to demonstrate Dish's knowledge of infringement, and that Dish's continued use of the alleged infringing AutoHop feature is insufficient to support post-suit willfulness.[131] Dish asserts numerous material facts regarding the willfulness issue.[132] But ClearPlay has sufficiently disputed many of these facts.[133]

The existence of genuine issues of material fact precludes summary judgment on whether any infringement by Dish was willful.

---

[130] Dish's Motion at 32-40.

[131] *Id*.

[132] *Id*. ¶¶ 22-47 at 11-14.

[133] ClearPlay's Response at 15-19.

28

**ORDER**

IT IS HEREBY ORDERED that Dish's Motion[134] is GRANTED in part as follows:

- Dish is entitled to summary judgment of noninfringement on ClearPlay's literal infringement theories that rely on a multi-object approach (ClearPlay's first and second theories of infringement[135]) for all Asserted Claims.

- Dish is entitled to summary judgment of noninfringement on the Configuration Identifier Claims for ClearPlay's literal infringement theories that do not rely on the ███████████ as the allege navigation object (ClearPlay's second, sixth, seventh, and eighth theories[136]).

- Dish is entitled to summary judgment of noninfringement on the Disabling Claims for ClearPlay's infringement theories that do not rely on the ███████████ as the alleged navigation object (ClearPlay's first and third through sixth theories[137]).

- Dish is entitled to summary judgment of noninfringement regarding the accused Joey device.

---

[134] Docket no. 409, filed July 21, 2022.

[135] *Supra* Undisputed Material Facts ¶ 9 at 7.

[136] *Id*.

[137] *Supra* Undisputed Material Facts ¶ 9 at 7.

IT IS FURTHER ORDERED that Dish's Motion[138] is DENIED in part regarding the following issues:

- ClearPlay's literal infringement theories that rely on a "single-object" approach to navigation object (ClearPlay's third theory for which the single-object approach is disputed, and its fourth through eighth theories[139]);

- ClearPlay's infringement theories under the doctrine of equivalents for the alleged navigation objects;

- whether the ███████████████ satisfies this court's construction of "configuration identifier;"

- ClearPlay's infringement theories under the doctrine of equivalents for the alleged configuration identifier;

- ClearPlay's literal infringement theories on the Configuration Identifier Claims that rely on the ██████████ as the alleged navigation object (ClearPlay's third, fourth, and fifth theories[140]);

- ClearPlay's infringement theories on the Disabling Claims that rely on the ██████████ as the alleged navigation object (ClearPlay's seventh and eighth theories[141]);

---

[138] Docket no. 409, filed July 21, 2022.

[139] *Supra* Undisputed Material Facts ¶ 9 at 7.

[140] *Id*. ¶ 9 at 7. ClearPlay's first theory is not listed here because it has already been determined to fail as a matter of law regarding literal infringement for all Asserted Claims. *Supra* Discussion at 14-15

[141] *Supra* Undisputed Material Facts ¶ 9 at 7. ClearPlay's second theory is not listed here because it has already been determined to fail as a matter of law regarding literal infringement for all Asserted Claims. *Supra* Discussion at 14-15.

- whether Dish's server receives requests for navigation objects from consumer systems for purposes of claim 3 of the '784 Patent; and

- whether any infringement by Dish was willful.

Signed January 30, 2023.

BY THE COURT

David Nuffer
United States District Judge