THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CLEARPLAY, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C., and<br>ECHOSTAR TECHNOLOGIES L.L.C.,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER ON MOTIONS TO STRIKE**<br><br>Case No. 2:14-cv-00191<br><br>District Judge David Nuffer |

　　　　This order deals with issues raised effectively by the parties in accelerated briefing.[1] Their dispute about the use and interpretation of source code by Dr. Feamster, ClearPlay's expert witness on infringement, threatens to subsume the resources of the court midtrial. This document is necessarily brief.

　　　　**Trial Testimony Disputes:** While testifying Friday March 3, 2023, Dr. Feamster made accusations that DISH withheld source code.[2] A heated dispute between Dr. Feamster and DISH counsel Kurt Pankratz is in that record. Dr. Feamster's statements were made in response to a vigorous cross-examination; arose unexpectedly; were a singular occurrence in an otherwise civil trial; reflect the stress of confronting a reality contrary to that anticipated; and did not take a significant amount of time. The parties' divergent views of who is at fault and should be sanctioned are well discussed in the copious briefing.

---

[1] Defendants' Motion to Strike the Testimony of Nicholas Feamster, Ph.D. (Dish Motion), docket no. 864, filed March 5, 2023; [ClearPlay's] Motion to Strike (ClearPlay Motion), filed March 6, 2023; Defendants' Opposition to Clearplay's Motion to Strike (Dish Opposition), docket no. 887, filed March 7, 2023; Clearplay's Response in Opposition to Dish's Motion to Strike Dr. Feamster's Testimony (ClearPlay Opposition), docket no. 893, filed March 7, 2023.

[2] Dish Motion at 10-12.

**Did DISH Comply with Obligations of Discovery, Disclosure, and Patent Rules?** The parties discuss collateral issues of obligations of discovery, disclosure, and objections required by the local patent rules. The nature of the source code escrow computer and the process of its delivery to ClearPlay has been partially documented.[3] ClearPlay complains justifiably about its lack of understanding and difficulty in ascertaining the status of the source code escrow computer and the source code itself.[4] But with a seated jury, approaching the eighth day of a ten-day trial setting, being one day behind schedule, it is not possible to investigate more at this time. On the current record, I do not find misconduct by any party related to the code production and delivery process or any failure to provide an objection required by the local patent rules, though serious misunderstandings clearly occurred.

**Factors Considered:** Factors I have considered in fashioning a mid-trial remedy include (1) the degree of actual prejudice to the defendant (fairly low given Dish's ability to present its own views that its source code does not infringe); (2) the amount of interference with the judicial process (fairly low because both parties have opportunity to present evidence on whether Dr. Feamster did or did not use the correct source code); (3) the culpability of the litigant (low, because of the unanticipated and spontaneous nature of the Feamster – Pankratz discussion); (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance (inapplicable); and (5) the efficacy of lesser sanctions (meaning the fit of sanctions to the alleged offense) (*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

---

[3] Dish Opposition and Minnick March 7 Declaration, docket no. 887-1, filed March 7, 2023.

[4] ClearPlay Opposition and email exchange March 6, 2023, docket no. 892-10, filed March 7, 2023

**Curative Instruction:** These facts and factors suggest that this curative instruction is the appropriate remedy:

> On Monday and last Friday, you heard a discussion regarding whether Dr. Feamster was provided or used the correct code when evaluating and testifying about how the "Yes" and "No Thanks" buttons on the AutoHop user interface function and about whether AutoHop is enabled by default or must be affirmatively enabled. Dr. Feamster and Mr. Pankratz had differing views and expressed them to each other during Dr Feamster's testimony. They also disputed whether Dr. Feamster had used the proper source code or whether DISH supplied the proper source code.
>
> In discussions between the court and counsel after the jury was excused, the court has determined that (a) DISH provided the proper source code to ClearPlay and (b) that Dr. Feamster used code that DISH provided.
>
> The parties still dispute, however, whether Dr. Feamster's report and testimony used the source code applicable to the consumer Hopper devices.
>
> But there is no dispute between the parties as to how the Hopper AutoHop user interface actually works. The parties agree that the following is a correct statement of the function of the Hopper AutoHop interface:
>> If the user selects "Yes," AutoHop skips commercials. If the user selects "No Thanks," AutoHop does not skip commercials. If the user does not select either option, the system will time out after a few minutes, leave PrimeTime Anytime, and return to live TV.
>
> You should disregard any testimony to the contrary.

**Objection to Curative Instruction:** Any objection or recommended revision to the text of the curative instruction must be submitted by 7:30 a.m. Wednesday March 8, 2023. No argument on this issue will be heard. The curative instruction will be delivered verbally and in writing when the jury enters the courtroom Wednesday March 8, 2023.

**Limitation on Further Testimony.** Because this case is mid-trial, DISH is still in a position to present evidence to the jury to support its position that Dr. Feamster's testimony relied on the wrong source code. Also, DISH may present testimony about the proper source code and its operation. ClearPlay may choose to present rebuttal testimony limited to whether Dr. Feamster relied on the proper source code.

How Dr. Feamster may have made his error or how he could have corrected it or issues of discovery, disclosure, and objection are not central to the issues for the jury; will divert them from their need to focus on the substantive issues; is likely to be based on imperfect knowledge available at this time; is a waste of the jury's time; and will be excluded under Fed. R. Evid. 403.

Signed March 8, 2023.

BY THE COURT

s/ David Nuffer

---

David Nuffer
United States District Judge