THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CLEARPLAY, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>DISH NETWORK, LLC, and ECHOSTAR TECHNOLOGIES, LLC,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DISH'S RULE 52(c) MOTION**<br><br>Case No. 2:14-cv-00191-DN<br><br>District Judge David Nuffer |

  Judgment of noninfringement was entered in favor of Defendants Dish Network, LLC and EchoStar Technologies, LLC ("DISH") on all of Plaintiff ClearPlay, Inc.'s ("ClearPlay") causes of action.[1] DISH's accused devices, as a matter of law, do not practice the methods of the asserted claims in ClearPlay's asserted patents, and do not literally or under the doctrine of equivalents infringe the asserted claims.[2] Nevertheless, DISH seeks post-judgment findings of fact and conclusions of law regarding their affirmative defense of patent ineligibility under 35 U.S.C. § 101 ("Rule 52(c) Motion").[3]

  DISH's § 101 patent ineligibility defense was the subject of a pretrial motion to strike filed by ClearPlay, which argued that the defense was untimely and insufficiently raised.[4] Because the defense was not a jury issue, DISH was precluded from presenting evidence and

---

[1] Judgment in a Civil Case, docket no. 976, filed June 2, 2023.

[2] Redacted Memorandum Decision and Order Granting Dish's Motion for Judgment as a Matter of Law, docket no. 974, filed June 2, 2023, docket no. 975, filed under seal June 2, 2023.

[3] Defendants' Rule 52(c) Motion in Support of Ineligibility Under 35 U.S.C. § 101, docket no. 991, filed June 30, 2023.

[4] Plaintiff ClearPlay's Motion to Strike and/or Preclude Dish's Previously Undisclosed Section 101 Defense, docket no. 797, filed Feb. 16, 2023.

argument regarding the defense at trial.[5] And determination on ClearPlay's motion to strike the defense was reserved until after trial.[6] Ultimately, however, the motion to strike was administratively terminated upon the entry of judgment as a matter of law in favor of DISH. The judgment of noninfringement rendered the motion to strike an unrelated affirmative defense moot.

Similarly, the judgment of noninfringement renders DISH's Rule 52(c) Motion moot. DISH's accused devices have been determined to not practice the methods of the asserted claims in ClearPlay's asserted patents, and to not infringe the asserted claims. And there are no pending causes of action against DISH for which their § 101 patent ineligibility defense may apply. Therefore, it is unnecessary (and would be improper) at this time to determine the propriety or merits of DISH's § 101 patent ineligibility defense.

## ORDER

IT IS HEREBY ORDERED that DISH's Rule 52(c) Motion[7] is DENIED without prejudice.

Signed December 12, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[5] Docket Text Order Taking Under Advisement 797 Motion to Exclude, docket no. 844, filed Feb. 24, 2023.

[6] *Id*.

[7] Docket no. 991, filed June 30, 2023.