THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CLEARPLAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK, LLC, and ECHOSTAR TECHNOLOGIES, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING CLEARPLAY'S RULE 59 MOTION** <br><br> Case No. 2:14-cv-00191-DN <br><br> District Judge David Nuffer |

Judgment of noninfringement was entered in favor of Defendants Dish Network, LLC and EchoStar Technologies, LLC ("DISH") on all of Plaintiff ClearPlay, Inc.'s ("ClearPlay") causes of action.[1] It was determined as a matter of law that DISH's accused devices do not practice the methods of the asserted claims in ClearPlay's asserted patents, and do not literally or under the doctrine of equivalents infringe the asserted claims.[2] ClearPlay seeks to alter or amend the judgment under Rule 59 ("Motion").[3]

"Motions to alter or amend a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits."[4] "A Rule 59(e)

---

[1] Judgment in a Civil Case, docket no. 976, filed June 2, 2023.

[2] Memorandum Decision and Order Granting Dish's Motion for Judgment as a Matter of Law ("Order Granting JMOL"), docket no. 974, filed June 2, 2023, docket no. 975, filed under seal June 2, 2023.

[3] ClearPlay's Rule 59 Motion to Alter or Amend the Judgment ("Motion"), docket no. 996, filed June 30, 2023, docket no. 998, filed under seal June 30, 2023. ClearPlay asserts that its Motion is brought under FED. R. CIV. P. 59(b). *Id*. at 4. However, Rule 59(b) relates to motions seeking a new trial. FED. R. CIV. P. 59(b). ClearPlay does not seek a new trial. Motion at 4, 42. It seeks to alter or amend the judgment and reinstate the jury verdict. *Id*. Therefore, ClearPlay's Motion is construed as a Rule 59(e) motion to alter or amend judgment.

[4] *Pound v. Airosol Co., Inc.*, 368 F. Supp. 2d 1158, 1159 (D. Kan. 2004) (citing *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982)).

motion to alter or amend judgment is essentially a motion for reconsideration."[5] "Grounds warranting a motion to reconsider include (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[6] "[A] party cannot involve Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously considered and rejected by the court."[7]

ClearPlay argues in its Motion that legal error and untimeliness in claim construction deprived it the opportunity to be fully heard on infringement.[8] These arguments rely on a lengthy "Background" section,[9] which recites an incorrect narrative of the procedural history and law of the case based on conjured revisionist history.

ClearPlay's "Background" fails to give full and accurate context to the case's procedural history. ClearPlay cherry-picks events, language within orders, and record evidence to perpetuate its already rejected misreading and contortion of pretrial orders and directives regarding claim construction. ClearPlay disregards clear orders made in advance of trial, as well as clarifying orders and directives made in advance of trial and during trial. And ClearPlay ignores its role in making arguments in briefing and eliciting testimony at trial, which flouted pretrial orders and necessitated the clarifying orders regarding claim language made during trial.

---

[5] *Id*. (citing *Henry v. Office of Thrift Supervision*, 1993 WL 545195, *1 (D. Kan. Dec. 28, 1993) (citing *Hilst v. Bowen*, 874 F.2d 727, 726 (10th Cir. 1989), aff'd, 43 F.3d 507 (10th Cir. 1994)).

[6] *Id*. (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[7] *Id*. (citing *Federated Mut. Ins. Co. v. Botkin Grain Co.*, 856 F. Supp. 607, 609 (D. Kan. 1994)).

[8] Motion at 30-42.

[9] *Id*. at 4-30.

This is not the first time ClearPlay has raised the same or similar arguments and advocated its alternate reality of claim construction. It did so at summary judgment[10] and in its *Daubert* motions.[11] In did so in responding to a motion in limine.[12] It did so at the final pretrial conference.[13] It did so in the revision and finalization of jury instructions.[14] And it did so in responding to DISH's motion for judgment as a matter of law and in objecting to the proposed order granting judgment as a matter of law.[15] In each instance, ClearPlay's assertions, arguments, and false narrative regarding claim construction were thoroughly considered and ultimately rejected.[16]

---

[10] Plaintiff's Motion for Summary Judgment 11-14, 69-75, docket no. 408, filed July 21, 2022, docket no. 414, filed under seal July 21, 2022; Plaintiff ClearPlay, Inc.'s Opposition to Defendant Dish Network's Motion for Summary Judgment at 1-4, 29-37, 40-42, docket no. 451, filed Aug. 25, 2022; docket no. 454, filed under seal Aug. 25, 2022.

[11] Plaintiff's Motion to Exclude in Part the Testimony of Clifford Reader on Invalidity at 6, 10-11, docket no. 426, filed Aug. 1, 2022; Plaintiff's Motion to Exclude the Testimony of Benjamin Goldberg at 14-18, docket no. 427, filed Aug. 1, 2022, docket no. 429, filed Aug. 1, 2022; Plaintiff's Motion to Exclude Clifford Reader's Damages-Related Opinions at 8-9, docket no. 430, filed Aug. 1, 2022, docket no. 432, filed under seal Aug. 1, 2022; Plaintiff's Motion to Exclude the Testimony of Stuart Lipoff and Robert Flavin at 8-9, docket no. 439, filed Aug. 1, 2022.

[12] ClearPlay's Opposition to Defendants' Supplemental Briefing in Support of MIL No. 2 at 3-4, 6-10, docket no. 826, filed Feb. 21, 2023, docket no. 829, filed Feb. 21, 2023.

[13] Final Pretrial Hearing (Feb. 13, 2023) Transcript ("FPT Tr.") at 84:16-85:8, docket no .790, filed Feb. 15, 2023.

[14] Amended Objections to Dish's Proposed Jury Instructions and Proposed Verdict Forms at 12-16, docket no. 754, filed Feb. 9, 2023; ClearPlay's Response to Proposed Jury Instruction No. 31, docket no. 905, filed Mar. 8, 2023.

[15] ClearPlay's Opposition to Defendants' Motion for Judgment as a Matter of Law Under Rule 50(a), docket no. 863, filed Mar. 5, 2023; ClearPlay's Supplemental Briefing Regarding Disabling, docket no. 884, filed Mar. 7, 2023, docket no. 886, filed under seal Mar. 7, 2023; ClearPlay's Proposed Findings of Fact and Conclusions of Law, docket no. 910, filed Mar. 10, 2023, docket no. 912, filed under seal Mar. 10, 2023; ClearPlay's Supplemental Memorandum in Opposition to Dish's Motion for Judgment as a Matter of Law Under Rule 50(a), docket no. 945, filed Mar. 16, 2023, docket no. 949, filed under seal Mar. 16, 2023; ClearPlay's Objections to Dish's Proposed Order Granting Dish's Motion for Judgment as a Matter of Law and Proposed Judgment, docket no. 969-1, , filed May 1, 2023, docket no. 971, filed under seal May 1, 2023; Plaintiff's Notice of Errata to Dkt. 969-1, Exhibit A to ClearPlay's Objections to Dish's Proposed Order Granting Dish's Motion for Judgment as a Matter of Law and Proposed Judgment, docket no. 973, filed May 22, 2023.

[16] Memorandum Decision and Order Re: ClearPlay's *Daubert* Motions ("Daubert Order") at 7-9, 11, 15-16, docket no. 605, filed Jan. 6, 2023; Memorandum Decision and Order Denying ClearPlay's Motion for Summary Judgment ("First SJ Order") at 3-4, 6-8, docket no. 618, filed Jan. 24, 2023; Memorandum Decision and Order Granting in part and Denying in part Dish's Motion for Summary Judgment ("Second SJ Order") at 1-2, 10-25, docket no. 652, filed Jan. 31, 2023, docket no. 653, filed Jan. 31, 2023; Docket Text Order Granting 637 Motion in Limine, docket no. 845, filed Feb. 24, 2023; FPT Tr. at 85:9-19; Jury Instructions, docket no. 924, filed Mar. 15, 2023; Status Conference (Mar. 21, 2023) Transcript, docket no. 956, filed Mar. 30, 2023; Order Granting JMOL.

ClearPlay's argument that claim construction continued during trial and after it concluded its case-if-chief is wrong. The claim language on which ClearPlay's Motion is based was construed well in advance of trial.[17] The construction remained consistent throughout the litigation, and it did not change at trial. Rather, because ClearPlay insisted on making arguments in its briefing and eliciting testimony at trial which contradicted the claim construction and prior orders, it became necessary that the jury instructions include clarifying language regarding the meaning and construction of claim terms.

The clarifying language included in the jury instructions (as well as the language used in the order granting judgment of noninfringement as a matter of law) did not alter the claim construction. And ClearPlay's ability to be fully heard on infringement was not prejudiced. ClearPlay had notice of the claim construction well in advance of trial, which ClearPlay acknowledged.[18] ClearPlay chose to either disregard the clear claim construction, or attempted to contort the claim construction to mean something it clearly did not mean and was clearly not intended to mean. And ClearPlay continues to do so in its Motion.

ClearPlay fails to present a sufficient basis to reconsider the prior orders regarding claim construction, including the order granting judgment of noninfringement as a matter of law. ClearPlay's assertions are contextually and factually wrong. And ClearPlay's legal arguments lack merit. Therefore, ClearPlay fails to present a sufficient basis to alter or amend the judgment of noninfringement.

---

[17] Memorandum Decision and Order Regarding Claim Construction, docket no. 309, filed Aug. 26, 2019; Memorandum Decision and Order Denying Motion Regarding Supplemental Claim Construction, docket no. 367, filed Mar. 1, 2022; Daubert Order at 7-9,11,15-16; First SJ Order at 3-4, 6-8; Second SJ Order at 1-2, 10-25; Docket Text Order Granting 637 Motion in Limine; FPT Tr. at 85:9-19.

[18] ClearPlay's Response to Defendants' Motion in Limine No. 2 to Preclude ClearPlay from Contradicting the Court's Claim Construction at 2, docket no. 661, filed Feb. 3, 2023; FPT Tr. 85:20-21.

## ORDER

IT IS HEREBY ORDERED that ClearPlay's Motion[19] is DENIED.

Signed December 12, 2023.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[19] Docket no. 996, filed June 30, 2023; docket no. 998, filed under seal June 30, 2023.